UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DVL, INC. AND DVL KEARNY HOLDINGS, LLC,<br><br>   Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>CONGOLEUM CORPORATION,<br><br>   Defendant/Counterclaim Plaintiff/Third-Party Plaintiff,<br><br>v.<br><br>BATH IRON WORKS CORPORATION,<br><br>   Third-Party Defendant. | Civil Action No. 2:17-cv-04261 (KM) (JBC)<br><br>*Document filed electronically*<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S COUNTERCLAIM** |

Plaintiffs, DVL, Inc. ("DVLI") and DVL Kearny Holdings, LLC ("DVLK") (together "Plaintiffs" or "DVL"), by and through their attorneys, Zarwin Baum DeVito Kaplan Schaer & Toddy P.C., hereby respond to the Counterclaim of defendant, Congoleum Corporation, and state as follows:

### JUSISDICTION

1. The allegations contained in Paragraph 1 constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

### PARTIES

2. Plaintiffs are without knowledge or information sufficient to admit or deny the allegations of this Paragraph, and therefore deny same.

3. Admitted.

## INTRODUCTION

1. Admitted.

2. The allegations contained in Paragraph 1 constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

3. Denied.

4. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

## FACTUAL BACKGROUND

5. Admitted.

6. Plaintiffs are without knowledge or information sufficient to admit or deny the allegations of this Paragraph, and therefore deny same.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

**COUNT I**

**DECLARATORY JUDGMENT PURSUANT TO CERCLA § 113(g)(2)**

19. Plaintiffs repeat the responses of the preceding Paragraphs as if fully restated at length herein.

20. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

21. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

***WHEREFORE***, plaintiff, DVL, demands:

a) Dismissal of Congoleum's Counterclaim with prejudice;

b) Reimbursement of all litigation costs and fees, including reasonable attorneys' fees; and

c) Such other relief as the Court may deem just and appropriate.

**COUNT II**

**CONTRIBUTION PURSUANT TO CERCLA § 113**

22. Plaintiffs repeat the responses of the preceding Paragraphs as if fully restated at length herein.

23. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

24. The allegations contained in this Paragraph constitute legal conclusions to

which no response is required, and Plaintiffs therefore neither admit nor deny same.

25. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

26. Denied.

27. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

28. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

29. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

30. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

**WHEREFORE**, plaintiff, DVL, demands:

a) Dismissal of Congoleum's Counterclaim with prejudice;

b) Reimbursement of all litigation costs and fees, including reasonable attorneys' fees; and

c) Such other relief as the Court may deem just and appropriate.

## COUNT III

### CONTRIBUTION PURSUANT TO THE NEW JERSEY SPILL COMPENSATION & CONTROL ACT

31. Plaintiffs repeat the responses of the preceding Paragraphs as if fully restated at length herein.

32. The allegations contained in this Paragraph constitute legal conclusions to

4

which no response is required, and Plaintiffs therefore neither admit nor deny same.

33. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

34. Denied.

35. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

36. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

37. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

38. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

39. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

***WHEREFORE***, plaintiff, DVL, demands:

a) Dismissal of Congoleum's Counterclaim with prejudice;

b) Reimbursement of all litigation costs and fees, including reasonable attorneys' fees; and

c) Such other relief as the Court may deem just and appropriate.

## COUNT IV

### CONTRIBUTION

40. Plaintiffs repeat the responses of the preceding Paragraphs as if fully restated at length herein.

5

41. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

***WHEREFORE***, plaintiff, DVL, demands:

a) Dismissal of Congoleum's Counterclaim with prejudice;

b) Reimbursement of all litigation costs and fees, including reasonable attorneys' fees; and

c) Such other relief as the Court may deem just and appropriate.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Congoleum's Counterclaim fails to state claims upon which relief may be granted and therefore should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

### (Compliance with Law)

Plaintiffs complied with all applicable rules and regulations.

## THIRD AFFIRMATIVE DEFENSE

### (Frivolous Litigation)

Congoleum's Counterclaim is frivolous and is filed merely to harass Plaintiffs and seek financial gain from a "deep pockets" party.

## FOURTH AFFIRMATIVE DEFENSE

### (Improperly Named Defendant)

Plaintiffs are not proper defendants in any action alleging violation of the laws referenced in the Counterclaim and therefore, the Counterclaim in this action must be

dismissed.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Congoleum's claims for relief are barred by the Doctrine of Unclean Hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Congoleum's claims are barred by reason of their failure to reasonably mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

Congoleum assumed the risks inherent in the activities engaged in by Congoleum and therefore, the Counterclaim in this action must be dismissed.

## EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

All rights, which Congoleum herein may have had with respect to the subject matter of this litigation were waived by its own acts and wrongful conduct.

## NINTH AFFIRMATIVE DEFENSE

### (Malicious Prosecution)

Congoleum has intentionally, willfully and maliciously instituted the within action for purposes of coercing and compelling some settlement of which Congoleum is not entitled to, and accordingly the Counterclaim in this action should be dismissed as constituting malicious abuse of process.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Congoleum's claims are barred by applicable statutes of limitations, statutes of repose, or other applicable limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Congoleum's claims are barred by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Bad Faith)

Congoleum's claims have been instituted in bad faith and solely for the purpose of seeking an unfair and unsubstantiated settlement.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Congoleum should be estopped from bringing the above-captioned matter due to Congoleum's own prior wrongful, negligent and inappropriate acts and conduct with regard to the subject matter and, accordingly, the Counterclaim in this matter should be dismissed as against Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Other Defenses)

Plaintiffs reserve the right to interpose such other separate defenses as continuing investigation discovery may indicate.

Respectfully submitted,

**ZARWIN BAUM DeVITO KAPLAN SCHAER & TODDY P.C.**

By: /s/ Paul M. Schmidt
Paul M. Schmidt, Esquire
Zarwin Baum DeVito Kaplan Schaer Toddy, P.C.
1818 Market Street, 13th Floor
Philadelphia, PA 19103
Phone: (215) 569-2800
Fax: (215) 569-1606
*Attorneys for Plaintiffs, DVL, Inc. and DVL Kearny Holdings, Inc.*

Dated: October 26, 2017