# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DVL, INC. AND DVL KEARNY HOLDINGS, LLC,<br><br>          Plaintiffs,<br><br>     v.<br><br>CONGOLEUM CORPORATION AND BATH IRON WORKS CORPORATION<br><br>          Defendants | Civil Action No. 2:17-cv-04261 (KM) (JBC)<br><br>*Document filed electronically*<br><br>**DEFENDANT CONGOLEUM CORPORATION'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND CROSS-CLAIM** |

Defendant Congoleum Corporation (hereinafter, "Congoleum"), by and through its counsel, Gibbons P.C., by way of answer to the Complaint of Plaintiffs DVL, Inc. and DVL Kearny Holdings, LLC (collectively, "Plaintiffs"), says:

## Jurisdiction and Venue

1.      The allegations contained in Paragraph 1 constitute legal conclusions to which no response is required, and Congoleum therefore neither admits nor denies same.

2.      The allegations contained in Paragraph 2 constitute legal conclusions to which no response is required, and Congoleum therefore denies same, except that Congoleum admits that it conducts business operations in the State of New Jersey.

3.      Congoleum is without knowledge or information sufficient to admit or deny the allegations of Paragraph 3, and therefore denies same.

## Introduction

4.      Denied.

5.      Denied.

6.      Congoleum is without knowledge or information sufficient to admit or deny the amount of money allegedly spent by Plaintiffs to remediate the Property but, regardless of the amount spent, Congoleum denies that it is responsible or liable for any contamination of the Property and therefore leaves Plaintiffs to their proofs.

## The Parties

7.      Congoleum is without knowledge or information sufficient to admit or deny the allegations of Paragraph 7, and therefore denies same and leaves Plaintiffs to their proofs.

8.      Denied, except that Congoleum admits that it is Delaware corporation that maintains an office in Mercerville, New Jersey.

9.      Admitted.

## Property Ownership and Operation

10.      Congoleum is without knowledge or information sufficient to admit or deny the allegations of Paragraph 10, and therefore denies same and leaves Plaintiffs to their proofs.

11.      Denied as to Congoleum. To the extent that Paragraph 11 contains allegations against other Defendants, Congoleum neither admits nor denies same and neither admits nor denies same and leaves Plaintiffs to their proofs.

12.      Denied as to Congoleum. To the extent that Paragraph 12 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

13.      Denied as to Congoleum. To the extent that Paragraph 13 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

14.     Denied as to Congoleum. To the extent that Paragraph 14 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

15.     Denied as to Congoleum. To the extent that Paragraph 15 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

16.     Denied as to Congoleum. To the extent that Paragraph 16 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

17.     Denied as to Congoleum. To the extent that Paragraph 17 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

18.     Denied as to Congoleum. To the extent that Paragraph 18 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

19.     Denied as to Congoleum. To the extent that Paragraph 19 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

20.     Denied as to Congoleum. To the extent that Paragraph 20 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

21.     Denied as to Congoleum. To the extent that Paragraph 21 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

22.     Denied as to Congoleum. To the extent that Paragraph 22 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

23.     Denied as to Congoleum. To the extent that Paragraph 23 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

24.     Denied as to Congoleum. To the extent that Paragraph 24 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

25.     Denied as to Congoleum. To the extent that Paragraph 25 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

26.     Denied as to Congoleum. To the extent that Paragraph 26 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

## Congoleum's Contamination of the Property

27.     Denied as to Congoleum. To the extent that Paragraph 27 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

28.     Denied as to Congoleum. To the extent that Paragraph 28 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

29.     Denied as to Congoleum. To the extent that Paragraph 29 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

30.     Denied as to Congoleum. To the extent that Paragraph 30 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

31.     Denied as to Congoleum. To the extent that Paragraph 31 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

32.     Denied as to Congoleum. To the extent that Paragraph 32 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

33.     Denied as to Congoleum, except that Congoleum states that to the extent Paragraph 33 purports to allege facts related to occurrences during Plaintiffs' acquisition, ownership or operation of the Property, Congoleum is without knowledge or information sufficient to admit or deny those allegations, and therefore denies same and leaves Plaintiffs to their proofs. To the extent that Paragraph 33 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

34.     Denied as to Congoleum, except that Congoleum states that to the extent Paragraph 34 purports to allege facts related to occurrences during Plaintiffs' acquisition,

ownership or operation of the Property, Congoleum is without knowledge or information sufficient to admit or deny those allegations, and therefore denies same and leaves Plaintiffs to their proofs. To the extent that Paragraph 34 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

35.     Denied as to Congoleum. To the extent that Paragraph 35 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

36.     Denied as to Congoleum. To the extent that Paragraph 36 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

37.     The allegations contained in Paragraph 37 constitute legal conclusions to which no response is required, and Congoleum therefore denies same.

38.     Denied as to Congoleum. To the extent that Paragraph 38 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

39.     Denied as to Congoleum, except that Congoleum states that to the extent Paragraph 38 purports to allege facts related to occurrences during Plaintiffs' acquisition, ownership or operation of the Property, Congoleum is without knowledge or information sufficient to admit or deny those allegations, and therefore denies same and leaves Plaintiffs to their proofs. To the extent that Paragraph 39 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

40.     Denied as to Congoleum. To the extent that Paragraph 40 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

**<u>Congoleum's Knowledge and Failure to Warn or Clean Up the Contamination</u>**

41.     Denied as to Congoleum, except that Congoleum states that to the extent Paragraph 41 purports to allege facts related to occurrences during Plaintiffs' acquisition, ownership or operation of the Property, Congoleum is without knowledge or information sufficient to admit or deny those allegations, and therefore denies same and leaves Plaintiffs to their proofs. To the extent that Paragraph 41 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs

42.     Congoleum is without knowledge or information sufficient to admit or deny the allegations of Paragraph 42, and therefore denies same and leaves Plaintiffs to their proofs.

43.     Congoleum is without knowledge or information sufficient to admit or deny the allegations of Paragraph 43, and therefore denies same and leaves Plaintiffs to their proofs.

44.     Denied as to Congoleum. To the extent that Paragraph 44 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

45.     Denied as to Congoleum. To the extent that Paragraph 45 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

46.     Denied as to Congoleum. To the extent that Paragraph 46 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

### DVL's Discovery of the Contamination and DVL's Damages

47.     Denied.

48.     Congoleum is without knowledge or information sufficient to admit or deny the amount of money allegedly spent by Plaintiffs to remediate the Property but, regardless of the amount spent, Congoleum denies that it is responsible or liable for any contamination of the Property and therefore leaves Plaintiffs to their proofs. To the extent that Paragraph 48 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

49.     Congoleum is without knowledge or information sufficient to admit or deny the allegations of Paragraph 49, and therefore denies same and leaves Plaintiffs to their proofs.

50.     Denied as to Congoleum. To the extent that Paragraph 50 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

51.     Congoleum is without knowledge or information sufficient to admit or deny the allegations of Paragraph 51, and therefore denies same and leaves Plaintiffs to their proofs.

### COUNT I – CERCLA

52.     Congoleum repeats and incorporates its responses to the allegations of Paragraphs 1 through 51 as if set forth at length herein.

53.     The allegations contained in Paragraph 53 constitute legal conclusions to which no response is required, and Congoleum therefore denies same.

54.     The allegations contained in Paragraph 54 constitute legal conclusions to which no response is required, and Congoleum therefore denies same.

55.     The allegations contained in Paragraph 55 constitute legal conclusions to which no response is required, and Congoleum therefore denies same.

56.     The allegations contained in Paragraph 56 constitute legal conclusions to which no response is required, and Congoleum therefore denies same.

57.     Denied as to Congoleum. To the extent that Paragraph 57 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

58.     Denied as to Congoleum. To the extent that Paragraph 58 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

59.     To the extent Paragraph 59 purports to allege facts related to occurrences during Plaintiffs' acquisition, ownership or operation of the Property, Congoleum is without knowledge or information sufficient to admit or deny those allegations, and therefore denies same and leaves Plaintiffs to their proofs. The remaining allegations contained in Paragraph 59 constitute legal conclusions to which no response is required, and Congoleum therefore denies same.

60.     To the extent Paragraph 60 purports to allege facts related to occurrences during Plaintiffs' acquisition, ownership or operation of the Property, Congoleum is without knowledge or information sufficient to admit or deny those allegations, and therefore denies same and leaves Plaintiffs to their proofs. The remaining allegations contained in Paragraph 60 constitute legal conclusions to which no response is required, and Congoleum therefore denies same.

61.     Congoleum denies that it released any hazardous substances at the Property or that Plaintiffs incurred any costs as a result of hazardous substances allegedly released by Congoleum. Congoleum is without knowledge or information sufficient to admit or deny the

remainder of the allegations of Paragraph 61, including any allegations against other Defendants, and therefore denies same and leaves Plaintiffs to their proofs.

62.     Denied as to Congoleum. To the extent that Paragraph 62 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

63.     Denied as to Congoleum. To the extent that Paragraph 63 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

## COUNT II – NEW JERSEY SPILL ACT

64.     Congoleum repeats and incorporates its responses to the allegations of Paragraphs 1 through 63 as if set forth at length herein.

65.     The allegations contained in Paragraph 65 constitute legal conclusions to which no response is required, and Congoleum therefore denies same.

66.     The allegations contained in Paragraph 66 constitute legal conclusions to which no response is required, and Congoleum therefore denies same.

67.     The allegations contained in Paragraph 67 constitute legal conclusions to which no response is required, and Congoleum therefore denies same.

68.     Denied as to Congoleum. To the extent that Paragraph 68 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

69.     Denied as to Congoleum. To the extent that Paragraph 69 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

70.     Denied as to Congoleum. To the extent that Paragraph 70 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

71.     Congoleum denies that it discharged any hazardous substances at the Property or that Plaintiffs incurred any cleanup and removal costs as a result of hazardous substances allegedly discharged by Congoleum. Congoleum is without knowledge or information sufficient to admit or deny the remainder of the allegations of Paragraph 71, including any allegations against other Defendants, and therefore denies same and leaves Plaintiffs to their proofs.

72.     Congoleum denies that it discharged any hazardous substances at the Property or that Plaintiffs incurred any cleanup and removal costs as a result of hazardous substances allegedly discharged by Congoleum. Congoleum is without knowledge or information sufficient to admit or deny the remainder of the allegations of Paragraph 72, including any allegations against other Defendants, and therefore denies same and leaves Plaintiffs to their proofs.

73.     Denied as to Congoleum. To the extent that Paragraph 73 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

74.     Denied as to Congoleum. To the extent that Paragraph 74 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

75.     The allegations contained in Paragraph 75 constitute legal conclusions to which no response is required, and Congoleum therefore denies same.

76.     Congoleum denies that it discharged any hazardous substances at the Property or that Plaintiffs incurred any costs as a result of hazardous substances allegedly discharged by

Congoleum. Congoleum is without knowledge or information sufficient to admit or deny the remainder of the allegations of Paragraph 76, including any allegations against other Defendants, and therefore denies same and leaves Plaintiffs to their proofs.

77.     Denied as to Congoleum. To the extent that Paragraph 77 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

## COUNT III – PUBLIC NUISANCE

78.     Congoleum repeats and incorporates its responses to the allegations of Paragraphs 1 through 77 as if set forth at length herein.

79.     The allegations contained in Paragraph 79 constitute legal conclusions to which no response is required, and Congoleum therefore denies same.

80.     The allegations contained in Paragraph 80 constitute legal conclusions to which no response is required, and Congoleum therefore denies same.

81.     Congoleum denies that it discharged any hazardous substances at the Property or that Plaintiffs incurred any costs as a result of hazardous substances allegedly discharged by Congoleum. Congoleum is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 81, including any allegations against other Defendants, and therefore denies same and leaves Plaintiffs to their proofs.

82.     Denied as to Congoleum. To the extent that Paragraph 82 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

## COUNT IV – NEGLIGENCE

83.     Congoleum repeats and incorporates its responses to the allegations of Paragraphs 1 through 82 as if set forth at length herein.

84.     Denied as to Congoleum. To the extent that Paragraph 84 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

85.     Denied as to Congoleum. To the extent that Paragraph 85 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

86.     Denied as to Congoleum. To the extent that Paragraph 86 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

87.     Denied as to Congoleum. To the extent that Paragraph 87 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

88.     Denied as to Congoleum. To the extent that Paragraph 88 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

89.     Denied as to Congoleum. To the extent that Paragraph 89 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

90.     Denied as to Congoleum. To the extent that Paragraph 90 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

91.     Denied as to Congoleum. To the extent that Paragraph 91 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

92.     Denied as to Congoleum. To the extent that Paragraph 92 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

## COUNT V – STRICT LIABILITY/ABNORMALLY DANGEROUS ACTIVITY

93.     Congoleum repeats and incorporates its responses to the allegations of Paragraphs 1 through 92 as if set forth at length herein.

94.     Denied as to Congoleum. To the extent that Paragraph 94 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

95.     Denied as to Congoleum. To the extent that Paragraph 95 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

## COUNT VI – UNJUST ENRICHMENT

96.     Congoleum repeats and incorporates its responses to the allegations of Paragraphs 1 through 95 as if set forth at length herein.

97.     Denied as to Congoleum. To the extent that Paragraph 97 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

98.     Denied as to Congoleum. To the extent that Paragraph 98 contains allegations against other Defendants, Congoleum neither admits nor denies same and leaves Plaintiffs to their proofs.

**WHEREFORE**, Congoleum demands judgement in its favor as follows:

a)     Dismissal of Plaintiffs' Complaint in full and with prejudice;

b)     For reasonable attorneys' fees and costs; and

c)     Any other relief the Court may deem equitable and just.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs' Complaint fails to state claims upon which relief may be granted and therefore should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

### (Compliance with Law)

Congoleum complied with all applicable rules and regulations.

## THIRD AFFIRMATIVE DEFENSE

### (Frivolous Litigation)

Plaintiffs' Complaint is frivolous and is filed merely to harass Congoleum and seek financial gain from a "deep pockets" party.

## FOURTH AFFIRMATIVE DEFENSE

### (Improperly Named Defendant)

Congoleum is not a proper defendant in any action alleging violation of the laws referenced in the Complaint and therefore, the Complaint in this action must be dismissed.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims for relief are barred by the Doctrine of Unclean Hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs' claims are barred by reason of their failure to reasonably mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

Plaintiffs assumed the risks inherent in the activities engaged in by Plaintiffs and therefore, the Complaint in this action must be dismissed.

## EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

All rights, which Plaintiffs herein may have had with respect to the subject matter of this litigation were waived by their own acts and wrongful conduct.

## NINTH AFFIRMATIVE DEFENSE

### (Malicious Prosecution)

Plaintiffs have intentionally, willfully and maliciously instituted the within action for purposes of coercing and compelling some settlement of which Plaintiffs are not entitled to, and

accordingly the Complaint in this action should be dismissed as constituting malicious abuse of process.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred by applicable statutes of limitations, statutes of repose, or other applicable limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims are barred by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Bad Faith)

Plaintiffs' claims have been instituted in bad faith and solely for the purpose of seeking an unfair and unsubstantiated settlement.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs should be estopped from bringing the above-captioned matter due to Plaintiffs' own prior wrongful, negligent and inappropriate acts and conduct with regard to the subject matter and, accordingly, the Complaint in this matter should be dismissed as against Congoleum.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Other Defenses)

Congoleum reserves the right to interpose such other separate defenses as continuing investigation discovery may indicate.

## COUNTERCLAIMS

Counterclaim Plaintiff Congoleum Corporation ("Congoleum"), by and through its counsel, Gibbons P.C., by way of Counterclaim against Counterclaim Defendants DVL, Inc. and DVL Kearny Holdings, LLC (collectively, "DVL"), alleges and states as follows:

## JURISDICTION

1.      Congoleum's counterclaims form part of the same case or controversy as Plaintiffs' claims and, consequently, this Court has jurisdiction over Congoleum's counterclaims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

2.      Congoleum is a corporation formed under the laws of the State of Delaware with its principal place of business at 3500 Quakerbridge Road, P.O. Box 3127, Mercerville, New Jersey 08619-0127.

3.      On information and belief, the DVL entities are each businesses incorporated in the State of Delaware, each authorized to do business in the State of New Jersey, and each maintain a business addresses of 70 East 55th Street, New York, NY 10022.

## INTRODUCTION

4.      On June 6, 2017, DVL filed the instant action against Congoleum seeking recovery of costs allegedly incurred by DVL in performing certain alleged environmental investigation and remediation activities at 160-194 Passaic Avenue (Block 15, Lot 7.01) in Kearny, New Jersey, a portion of a former industrial facility (the "Property") that DVL alleges was contaminated by Congoleum.

5.      This Counterclaim is an action for a declaratory judgment that DVL, as owner and operator of the Property for nearly sixty years, is responsible for the alleged environmental

conditions at the Property; and for contribution and indemnification from DVL for any damages or costs of suit incurred by Congoleum in this action.

6.      Since the time DVL purchased the Property in approximately 1960, DVL has either operated facilities or permitted the operation of facilities by its tenants upon the Property that spilled, discharged and released hazardous substances into the environment, causing the impacts that DVL alleges it has been required to investigate and remediate.

7.      Accordingly, by way of this Counterclaim, Congoleum seeks a declaratory judgment, indemnification, and contribution from DVL for any and all claims alleged in the underlying action.

## FACTUAL BACKGROUND

8.      In or about 1960, DVL or its predecessor purchased the Property from Congoleum-Nairn Inc.

9.      The entity now known as Congoleum Corporation and identified by DVL in the Complaint was created in 1986.  This relatively new entity is wholly separate and distinct from the entities with the same or similar names that owned and/or operated the Property prior to DVL's purchase in 1960.

10.     Beginning in 1960 and throughout DVL's ownership of the Property, DVL operated an industrial park on the Property that was home to various industrial establishments operated by over 100 DVL tenants.

11.     Industrial operations at the Property during DVL's ownership have included, but have not been limited to, heavy manufacturing, production of adhesives, production and application of industrial or protective coatings, metalworking, production and mixing of chemicals, production of plastics and resins, production of dyes and pigments, production of

textiles, furniture manufacturing, storage and handling of petroleum products, and maintenance and repair of automobiles.

12.     During the course of these operations, DVL and/or its tenants generated, manufactured, treated, stored and disposed of various petroleum products and hazardous substances at the Property, including, but not limited to, acetone, heptane, hexane, methyl ethyl ketone, toluene, polychlorinated biphenyls ("PCBs"), polycyclic aromatic hydrocarbons ("PAHs"), tetrachloroethylene ("PCE"), trichloroethylene ("TCE"), resins, asphalt, waste oil, solvents, and other corrosive, explosive, and flammable substances.

13.     On numerous occasions throughout the course of its ownership and operation of the Property, DVL and its tenants received notices of violations and other citations from government entities concerning the filthy and dangerous conditions that DVL permitted to exist at the Property, including conditions that resulted in the discharge and release of hazardous substances into the environment at the Property.

14.      On numerous occasions throughout the course of its ownership and operation of the Property, DVL permitted hazardous substances to be stored in open containers, to leak from piping, and to spill onto floors without proper containment. These hazardous substances were ultimately discharged and released into the environment during DVL's ownership of the Property.

15.     As a result of the filthy and dangerous conditions that DVL permitted to exist, multiple fires occurred at the Property, which resulted in explosions of drums containing chemical compounds. As a result of these fires and explosions, hazardous substances were discharged and released into the environment during DVL's ownership of the Property.

16.     Throughout the course of its ownership and operation of the Property, DVL and its tenants stored industrial waste outdoors at the Property, treating it as a private dump, which resulted in the discharge and release of hazardous substances into the environment.

17.     Throughout the course of its ownership and operation of the Property, DVL and its tenants stored adhesives and other materials containing hazardous substances in drums that ruptured, spilling their contents onto floors that were not properly cleaned, resulting in the spreading, discharging and releasing of hazardous substances into the environment.

18.     Throughout the course of its ownership and operation of the Property, DVL and its tenants stored waste chemicals in 55 gallons drums on the property and allowed the drums to deteriorate, resulting in the discharge and release of hazardous substances into the environment.

19.     During their nearly sixty years of sloppy industrial practices at the Property, DVL and its tenants discharged and released hazardous substances that DVL knew or should have known would enter the environment, thereby contaminating the soil, air, groundwater and surface water features at or emanating from the Property.

20.     Throughout its ownership and operation of the Property, DVL failed to properly investigate or remediate environmental conditions at or emanating from the Property.

21.     As a result of the foregoing acts and omissions of DVL and its tenants, any claims, costs or liabilities concerning environmental conditions at or emanating from the Property are the responsibility of DVL.

## COUNT I

## DECLARATORY JUDGMENT PURSUANT TO CERCLA § 113(g)(2)

22.     Congoleum repeats the allegations of Paragraphs 1 through 18 as if fully restated at length herein.

23.     There exists a present and actual controversy between Congoleum and DVL concerning their respective rights and obligations in connection with response costs and contribution claims concerning the Property.

24.     Congoleum is entitled to judgment under CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), and 28 U.S.C. §§ 2201 and 2202 against DVL declaring that DVL shall be liable to Congoleum for any and all costs and for contribution arising from the alleged contamination at or emanating from the Property that are in excess of Congoleum's equitable, proportionate share, if any,  of any response costs and damages, which judgment shall be binding in any subsequent action to recover further costs and/or contribution arising from the same alleged contamination at issue in this action.

**WHEREFORE**, Congoleum demands judgment against DVL as follows:

a)     a declaration from the Court that DVL shall be responsible for all current and future costs arising from the alleged contamination at or emanating from the Property that are in excess of Congoleum's equitable, proportionate share, if any, of any response costs and damages;

b)     requiring DVL to reimburse Congoleum for all reasonable costs and expenses, including attorneys' fees; and,

c)     awarding Congoleum such other and further relief as the Court deems just and proper.

## <u>COUNT II</u>

### <u>CONTRIBUTION PURSUANT TO CERCLA § 113</u>

25.     Congoleum repeats the allegations of Paragraphs 1 through 21 as if fully restated at length herein.

26.     Pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f), "[a]ny person may seek contribution from any other person who is liable or potentially liable under [CERCLA § 107(a)] during any civil action under . . . [CERCLA § 107(a)]."

27.     Pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), liability attaches when: (a) the defendant is a potentially responsible party under CERLCA; (b) hazardous substances were disposed of at a facility; (c) there has been a release or threatened release of hazardous substances from the facility into the environment; and (d) the release or threatened release has required or will require the plaintiff to incur response costs.

28.     Under CERCLA, potentially responsible parties include: (a) the current owner or operator or a facility; (b) any person who owned or operated the facility at the time of the disposal of a hazardous substance; (c) any person who arranged for the disposal or transport for disposal of hazardous substances at a facility; and (d) any person who accepts hazardous substances for transport to sites selected by said person.

29.     As alleged in Paragraphs 1 through 18 of this Counterclaim, hazardous substances as defined by CERCLA were either (1) disposed of or released at the Property by DVL or (2) disposed of or released during the time of DVL's ownership or operation of the Property.

30.     The Property is a "facility" as defined by CERCLA § 101(9), 42 U.S.C. § 9601(9).

31.     DVL is a potentially responsible party pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a).

32.     In the event that Congoleum is found liable in this action or is required to pay any portion of the costs allegedly incurred with regard to the investigation or remediation of

hazardous substances at the Property, then Congoleum will have incurred necessary response costs consistent with the National Contingency Plan.

33.     In the event that Congoleum is found liable in this action or is required to pay any portion of the costs allegedly incurred with regard to the investigation or remediation of hazardous substances at the Property, DVL is liable to Congoleum pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f), for any amount that Congoleum is ordered to pay that is in excess of the equitable, proportionate share, if any, of Congoleum's liability.

**WHEREFORE**, Congoleum demands judgment against DVL as follows:

a)     requiring DVL to pay Congoleum an amount equal to any judgment against Congoleum that is in excess of Congoleum's equitable, proportionate share, if any, of any response costs and damages;

b)     requiring DVL to reimburse Congoleum for all reasonable costs and expenses, including attorneys' fees; and,

c)     awarding Congoleum such other and further relief as the Court deems just and proper.

## COUNT III

### CONTRIBUTION PURSUANT TO THE
### NEW JERSEY SPILL COMPENSATION & CONTROL ACT

34.     Congoleum repeats the allegations of Paragraphs 1 through 30 as if fully restated at length herein.

35.     The New Jersey Spill Compensation and Control Act (the "Spill Act") provides that:  "any person who has discharged a hazardous substance, or is in any way responsible for any hazardous substance, shall be strictly liable, jointly and severally, without regard to fault, for all cleanup and removal costs no matter by whom incurred."  N.J.S.A. 58:10-23.11g(c)(1).

36.     The Spill Act, N.J.S.A. 59:10-23.11f(a)(1), provides a right of contribution to persons who incur cleanup and removal costs against those persons in any way responsible for the offending discharges of hazardous substances at a facility.

37.     As alleged in Paragraphs 1 through 18 of this Counterclaim, petroleum and other hazardous substances as defined by the Spill Act were either (1) discharged at the Property by DVL or (2) discharged during the time of DVL's ownership or operation of the Property.

38.     The Property is a "facility" as defined in the Spill Act.  N.J.S.A. 58:10-23.11b.

39.     As the current owner of the Property and the owner of the Property at the time hazardous substances were discharged into the environment at the Property, DVL is a person "in anyway responsible" within the meaning of the contribution provisions of the Spill Act, N.J.S.A. 59:10-23.11f(a)(1).

40.     In the event that Congoleum is found liable in this action or is required to pay any portion of the costs allegedly incurred with regard to the investigation or remediation of hazardous substances at the Property, then Congoleum will have incurred cleanup and response costs pursuant to the Spill Act.

41.     In the event that Congoleum is found liable in this action or is required to pay any portion of the costs allegedly incurred with regard to the investigation or remediation of hazardous substances at the Property, DVL is liable to Congoleum pursuant to the Spill Act, for any and all response costs that are in excess of Congoleum's equitable, proportionate share, if any, of any response costs and damages.

42.     As a person in any way responsible for the discharge of hazardous substances at the Property, DVL is also liable under the Spill Act for any and all future cleanup and response

costs resulting from the discharge of hazardous substances associated with its ownership and operations at the Property.

      **WHEREFORE**, Congoleum demands judgment against DVL as follows:

      a)    requiring DVL to pay Congoleum an amount equal to any judgment against Congoleum that is in excess of Congoleum's equitable, proportionate share, if any, of any response costs and damages;

      b)    a declaration from the Court that DVL is and shall be responsible for all current and future costs arising from the alleged contamination at or emanating from the Property that are in excess of Congoleum's equitable, proportionate share, if any, of any response costs and damages;

      c)    requiring DVL to reimburse Congoleum for all reasonable costs and expenses, including attorneys' fees; and,

      d)    awarding Congoleum such other and further relief as the Court deems just and proper.

**COUNT IV**

**CONTRIBUTION**

43.    Congoleum repeats the allegations of Paragraphs 1 through 39 as if fully restated at length herein.

44.    Without admitting any liability, and while denying all claims for any damages alleged in this action, Congoleum asserts that if any liability should be found against it, Congoleum is entitled to and hereby demands contribution from DVL under all applicable laws, including, but not limited to, the common law, the New Jersey Joint Tortfeasor's Act, N.J.S.A. 2A:53A-1, et seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq., with respect to any damages that may be assessed against Congoleum.

**WHEREFORE**, Congoleum demands judgment against DVL as follows:

a)      requiring DVL to pay Congoleum an amount equal to any judgment against Congoleum that is in excess of Congoleum's equitable, proportionate share, if any, of any response costs and damages;

b)      a declaration from the Court that DVL is and shall be responsible for all current and future costs arising from the alleged contamination at or emanating from the Property that are in excess of Congoleum's equitable, proportionate share, if any, of any response costs and damages;

c)      requiring DVL to reimburse Congoleum for all reasonable costs and expenses, including attorneys' fees; and,

d)      awarding Congoleum such other and further relief as the Court deems just and proper.

## CROSS-CLAIMS

Defendant Congoleum Corporation ("Congoleum"), by and through its counsel, Gibbons P.C., by way of Cross-claim against Defendant Bath Iron Works Corporation ("BIW"), alleges and states as follows:

## JURISDICTION

1.      Congoleum's cross-claim forms part of the same case or controversy as Plaintiffs' claims and, consequently, this Court has jurisdiction over Congoleum's cross-claim pursuant to 28 U.S.C. § 1367(a).

## PARTIES

2.      Congoleum is a corporation formed under the laws of the State of Delaware with its principal place of business at 3500 Quakerbridge Road, P.O. Box 3127, Mercerville, New Jersey 08619-0127.

3.      On information and belief, BIW is a corporation formed under the laws of the State of Maine with its principal place of business at 700 Washington Street, Bath, Maine 04530.

## INTRODUCTION

4.      This Cross-claim is an action for a declaratory judgment that BIW is the real party in interest regarding responsibility for the Property and that Congoleum bears no responsibility for the alleged environmental conditions at the Property; and for contribution and indemnification from BIW for any damages or costs of suit incurred by Congoleum as a result of Plaintiffs' claims in this action.

5.      If Plaintiffs are successful in recovering any damages or costs from Congoleum under any statutory or common law theory, then Congoleum shall seek contribution in full from BIW.

6.      On June 6, 2017, Plaintiffs filed the instant action against Congoleum seeking recovery of costs allegedly incurred by Plaintiffs in performing certain alleged environmental investigation and remediation activities at 160-194 Passaic Avenue (Block 15, Lot 7.01) in Kearny, New Jersey, a portion of a former industrial facility (the "Property") that Plaintiffs allege was contaminated by Congoleum many decades ago, prior to Plaintiffs' purchase of the Property in approximately 1960.

7.      The entity now known as Congoleum Corporation and identified by Plaintiffs in their Complaint was created in 1986.  This relatively new entity is wholly separate and distinct from the entities with the same or similar names that owned and/or operated the Property prior to Plaintiffs' purchase in 1960.

8.      Congoleum did not own the Property or conduct any historic operations on the Property, and at no point did Congoleum assume any liabilities related to the Property or any environmental conditions that may be associated with the Property.

9.      As a result, Congoleum is not a proper defendant in this matter.

10.     As set forth herein, liabilities associated with Property ownership or historic operations at the Property, including any liabilities that may result from any alleged environmental conditions at or emanating from the Property, were wholly assumed by BIW following a series of corporate transactions detailed herein.

11.     Accordingly, by way of this Cross-claim, Congoleum seeks a declaratory judgment, indemnification, and contribution from BIW for any and all claims alleged by Plaintiffs.

## FACTUAL BACKGROUND

12.     In 1924, a then-existing entity known as Congoleum Corporation ("1911 Congoleum") merged with Nairn Linoleum Company, which owned land in Kearny, New Jersey, including the Property now owned by Plaintiffs that is the subject of this action.

13.     Following the merger, the combined company became known as Congoleum-Nairn Inc. ("Congoleum-Nairn").

14.     Part of Congoleum-Nairn's business included the manufacture of resilient flooring materials (the "Resilient Flooring Operations").

15.     Congoleum-Nairn conducted the Resilient Flooring Operations at the Property.

16.     Congoleum-Nairn sold the Property to Plaintiffs predecessors-in-interest in or around 1959.

17.     In 1968, Congoleum-Nairn was merged with and into Bath Industries, Inc. and the surviving entity was renamed Congoleum Corporation ("1968 Congoleum").

18.     1968 Congoleum was involved in a series of transactions between 1980 and 1984 that involved several other corporate entities, including entities affiliated with BIW.

19.     During the aforementioned transactions, liabilities related to the Resilient Flooring Operations, including historic operations at the Property, were ultimately transferred to a new Congoleum Corporation ("1984 Congoleum").

20.     Pursuant to a 1986 Amendment (the "Amendment") to a previous merger agreement, 1984 Congoleum transferred the Resilient Flooring Operations to a newly-formed entity known as Resilco, Inc. ("Resilco").

21.     Specifically, pursuant to a April 18, 1986 Instrument of Assignment and Assumption (the "Resilient Assignment"), 1984 Congoleum transferred to Resilco the

"Transferred Assets," defined in the Resilient Assignment as "all of the rights, properties, assets, and contracts of every kind, character and description, whether tangible or intangible whether real, personal, mixed or otherwise, and wheresoever situtated [sic], belonging to [1984] Congoleum and which are utilized in the business conducted by its Resilient Floor Division on the date hereof to have and hold forever."

22.     Pursuant to the Resilient Assignment, Resilco only assumed those assets utilized in the resilient flooring business (the "Business") on April 18, 1986.

23.     The Property, having been sold years prior to the April 18, 1986 Resilient Assignment, was not utilized in the Business as of that date.

24.     Pursuant to the Resilient Assignment, Resilco only assumed those liabilities "directly related to the [Resilient] Transferred Assets as of [April 18, 1986]."

25.     Nearly three decades prior to April 18, 1986, the Property at issue in this action had been sold to Plaintiffs' predecessor in title. Thus, the Property was not a then-existing asset of the Business for which any related liabilities were assumed by Resilco on April 18, 1986.

26.     After divesting the Business, the remainder of 1984 Congoleum's liabilities—including liability related to the historic ownership and operation of the Property—were transferred to Congoleum Industries, Inc. ("CII"), which was 1984 Congoleum's corporate parent.

27.     CII later changed its name to BIW Industries, Inc. and through a series of later transactions, was merged with and into BIW, taking with it any and all liabilities associated with the Property and any historic operations conducted thereon.

28.     On April 29, 1986, Resilco changed its name to Congoleum Corporation ("1986 Congoleum").

29.     1986 Congoleum then merged with Resilient Acquisition, Inc. on July 1, 1986, and Congoleum Corporation was the surviving entity.  This 1986 entity is the Congoleum Corporation that has been identified in Plaintiffs' Complaint.

30.     As a result of the foregoing transactions, however, any claims, costs or liabilities concerning the Property, the historic operations thereon, or any environmental conditions at or emanating from the Property are the responsibility of BIW as the proper successor-in-interest to 1984 Congoleum and CII.

## COUNT I

## DECLARATORY JUDGMENT PURSUANT TO CERCLA § 113(g)(2)

31.     Congoleum repeats the allegations of Paragraphs 1 through 30 as if fully restated at length herein.

32.     There exists a present and actual controversy between Congoleum and BIW concerning their respective rights and obligations in connection with response costs and contribution claims concerning the Property.

33.     Congoleum is entitled to judgment under CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), and 28 U.S.C. §§ 2201 and 2202 against BIW declaring that BIW is the proper party in interest with respect to the Property and shall be liable to Congoleum for any and all costs and for contribution arising from the alleged contamination at or emanating from the Property, which judgment shall be binding in any subsequent action to recover further costs and/or contribution arising from the same alleged contamination at issue here.

**WHEREFORE**, Congoleum demands judgment against BIW as follows:

a)     a declaration from the Court that BIW is the proper party in interest with respect to the Property and shall be responsible for all current and future costs arising

from the alleged contamination at or emanating from the Property related to the historic operations of the Property;

b)      requiring BIW to reimburse Congoleum for all reasonable costs and expenses, including attorneys' fees; and,

c)      awarding Congoleum such other and further relief as the Court deems just and proper.

## COUNT II

### CONTRIBUTION PURSUANT TO CERCLA § 113

34.     Congoleum repeats the allegations of Paragraphs 1 through 33 as if fully restated at length herein.

35.     Pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f), "[a]ny person may seek contribution from any other person who is liable or potentially liable under [CERCLA § 107(a)] during any civil action under . . . [CERCLA § 107(a)]."

36.     Pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), liability attaches when: (a) the defendant is a potentially responsible party under CERLCA; (b) hazardous substances were disposed of at a facility; (c) there has been a release or threatened release of hazardous substances from the facility into the environment; and (d) the release or threatened release has required or will require the plaintiff to incur response costs.

37.     Under CERCLA, potentially responsible parties include: (a) the current owner or operator or a facility; (b) any person who owned or operated the facility at the time of the disposal of a hazardous substance; (c) any person who arranged for the disposal or transport for disposal of hazardous substances at a facility; and (d) any person who accepts hazardous substances for transport to sites selected by said person.

38.     As alleged by Plaintiffs, polychlorinated biphenyls ("PCBs"), polycyclic aromatic hydrocarbons ("PAHs"), tetrachloroethylene ("PCE"), trichloroethylene ("TCE"), and other hazardous substances as defined by CERCLA were either (1) disposed of or released at the Property by Congoleum-Nairn or (2) disposed of or released during the time of Congoleum-Nairn's ownership or operation of the Property.

39.     BIW is the proper successor-in-interest to any and all liabilities that are associated with the Property and any environmental conditions on or emanating from the Property.

40.     The Property is a "facility" as defined by CERCLA § 101(9), 42 U.S.C. § 9601(9).

41.     BIW is a potentially responsible party pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a).

42.     In the event that Congoleum is found liable in this action or is required to pay any portion of the costs allegedly incurred by Plaintiffs with regard to the investigation or remediation of hazardous substances at the Property, then Congoleum will have incurred necessary response costs consistent with the National Contingency Plan.

43.     In the event that Congoleum is found liable in this action or is required to pay any portion of the costs allegedly incurred by Plaintiffs with regard to the investigation or remediation of hazardous substances at the Property, as the proper successor-in-interest to any and all liabilities associated with the Property and any environmental conditions on or emanating from the Property, BIW is liable to Congoleum pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f), for any and all response costs that Congoleum is ordered to pay.

**WHEREFORE**, Congoleum demands judgment against BIW as follows:

      a)      requiring BIW to pay Congoleum an amount equal to any judgment against Congoleum and in favor of Plaintiffs in this matter;

      b)      requiring BIW to reimburse Congoleum for all reasonable costs and expenses, including attorneys' fees; and,

      c)      awarding Congoleum such other and further relief as the Court deems just and proper.

## COUNT III

### CONTRIBUTION PURSUANT TO THE
### NEW JERSEY SPILL COMPENSATION & CONTROL ACT

44.     Congoleum repeats the allegations of Paragraphs 1 through 43 as if fully restated at length herein.

45.     The New Jersey Spill Compensation and Control Act (the "Spill Act") provides that: "any person who has discharged a hazardous substance, or is in any way responsible for any hazardous substance, shall be strictly liable, jointly and severally, without regard to fault, for all cleanup and removal costs no matter by whom incurred." N.J.S.A. 58:10-23.11g(c)(1).

46.     The Spill Act, N.J.S.A. 59:10-23.11f(a)(1), provides a right of contribution to persons who incur cleanup and removal costs against those persons in any way responsible for the offending discharges of hazardous substances at a facility.

47.     As alleged by Plaintiffs, PCBs, PAHs, PCE, TCE, petroleum, and other hazardous substances as defined by the Spill Act were either (1) discharged at the Property by Congoleum-Nairn or (2) discharged during the time of Congoleum-Nairn's ownership or operation of the Property.

48.     BIW is the successor-in-interest to any and all liabilities associated with the Property and any environmental conditions on or emanating from the Property.

49.     The Property is a "facility" as defined in the Spill Act.  N.J.S.A. 58:10-23.11b.

50.     BIW is a person "in anyway responsible" within the meaning of the contribution provisions of the Spill Act, N.J.S.A. 59:10-23.11f(a)(1).

51.     In the event that Congoleum is found liable in this action or is required to pay any portion of the costs allegedly incurred by Plaintiffs with regard to the investigation or remediation of hazardous substances at the Property, then Congoleum will have incurred cleanup and response costs pursuant to the Spill Act.

52.     In the event that Congoleum is found liable in this action or is required to pay any portion of the costs allegedly incurred by Plaintiffs with regard to the investigation or remediation of hazardous substances at the Property, as the proper successor-in-interest to any and all liabilities associated with the Property and any environmental conditions on or emanating from the Property, BIW is liable to Congoleum pursuant to the Spill Act, for any and all response costs that Congoleum is ordered to pay.

53.     As the proper successor-in-interest, BIW is also liable under the Spill Act for any and all future cleanup and response costs resulting from the discharge of hazardous substances associated with Congoleum-Nairn's historic operations at the Property.

**WHEREFORE**, Congoleum demands judgment against BIW as follows:

a)      requiring BIW to pay Congoleum an amount equal to any judgment against Congoleum and in favor of Plaintiffs in this matter;

b)      a declaration from the Court that BIW is the proper party in interest with respect to the Property and shall be responsible for all current and future costs arising from the alleged contamination at or emanating from the Property related to the historic operations at the Property;

c)        requiring BIW to reimburse Congoleum for all reasonable costs and expenses, including attorneys' fees; and,

d)        awarding Congoleum such other and further relief as the Court deems just and proper.

## COUNT IV

### INDEMNIFICATION

54.        Congoleum repeats the allegations of Paragraphs 1 through 53 as if fully restated at length herein.

55.        Congoleum is a wholly separate legal entity, distinct from those entities with the same or similar names that owned and/or operated the Property prior to Plaintiffs' purchase in 1960.

56.        Congoleum has no legal connection to liabilities related to the historic ownership or operation of the Property.

57.        As a result of a series of transactions culminating in 1986, all liabilities associated with the ownership of the Property or historic operations thereon were expressly assumed by CII.

58.        CII later changed its name to BIW Industries, Inc. and through a series of later transactions, was merged with and into BIW, taking with it any and all liabilities associated with the Property and any historic operations conducted thereon.

59.        BIW is therefore the successor-in-interest to any and all liabilities associated with the Property and any environmental conditions on or emanating from the Property.

60.        Without admitting any liability, and while denying all claims by Plaintiffs for any damages alleged in this action, Congoleum asserts that if any liability should be found against it, BIW is obligated to indemnify, defend and save harmless Congoleum against all claims asserted

against Congoleum by Plaintiffs on the basis of contract and common law indemnification, including for any and all damages, attorneys' fees, costs and other fees chargeable.

**WHEREFORE**, Congoleum demands judgment against BIW as follows:

a)    requiring BIW to pay Congoleum an amount equal to any judgment against Congoleum and in favor of Plaintiffs in this matter;

b)    a declaration from the Court that BIW is the proper party in interest with respect to the Property and shall be responsible for all current and future costs arising from the alleged contamination at or emanating from the Property related to the historic operations at the Property;

c)    requiring BIW to reimburse Congoleum for all reasonable costs and expenses, including attorneys' fees; and,

d)    awarding Congoleum such other and further relief as the Court deems just and proper.

## COUNT V

### CONTRIBUTION

61.    Congoleum repeats the allegations of Paragraphs 1 through 60 as if fully restated at length herein.

62.    Without admitting any liability, and while denying all claims by Plaintiffs for any damages alleged in this action, Congoleum asserts that if any liability should be found against it, Congoleum is entitled to and hereby demands contribution under all applicable laws, including, but not limited to, the common law, the New Jersey Joint Tortfeasor's Act, N.J.S.A. 2A:53A-1, et seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq., with respect to any damages which may be assessed against Congoleum in favor of Plaintiffs.

**WHEREFORE**, Congoleum demands judgment against BIW as follows:

a)      requiring BIW to pay Congoleum an amount equal to any judgment against Congoleum and in favor of Plaintiffs in this matter;

b)      a declaration from the Court that BIW is the proper party in interest with respect to the Property and shall be responsible for all current and future costs arising from the alleged contamination at or emanating from the Property related to the historic operations at the Property;

c)      requiring BIW to reimburse Congoleum for all reasonable costs and expenses, including attorneys' fees; and,

d)      awarding Congoleum such other and further relief as the Court deems just and proper.


Dated: November 9, 2017                          By: _s/ Camille V. Otero_____
                                                 Camille V. Otero, Esq.
                                                 Shawn M. LaTourette, Esq.
                                                 **GIBBONS P.C.**
                                                 One Gateway Center
                                                 Newark, New Jersey 07102
                                                 Phone: (973) 596-4511
                                                 Fax: (973) 639-8320
                                                 cotero@gibbonslaw.com
                                                 *Attorneys for Defendant*
                                                 *Congoleum Corporation*