## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DVL, INC. AND DVL KEARNY HOLDINGS, LLC,<br><br>      Plaintiffs/Counterclaim Defendants,<br><br>  v.<br><br>CONGOLEUM CORPORATION,<br><br>      Defendant/Counterclaim Plaintiff/Third-Party Plaintiff,<br><br>  v.<br><br>BATH IRON WORKS CORPORATION,<br><br>      Third-Party Defendant | Civil Action No. 2:17-cv-04261 (KM) (JBC)<br><br>*Document filed electronically*<br><br>**NOTICE OF OPPOSITION OF PLAINTIFFS TO DEFENDANT BATH IRON WORKS CORPORATION'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND DEFENDANT CONGOLEUM CORPORATION'S CROSS -CLAIM** |

Please take notice that Plaintiffs DVL, Inc. and DVL Kearny Holdings, LLC, by and through its undersigned counsel, hereby opposes Defendant Bath Iron Works Corporation's Motion to Dismiss Plaintiffs' Amended Complaint against BIW and Defendant Congoleum Corporation's Cross-Claim against BIW, which is returnable on February 5, 2018. Please take further notice that in support of its opposition to BIW's motion, Plaintiffs will rely on the Memorandum of Law submitted and filed along with this notice. A proposed form of Order is also submitted.

Respectfully submitted,

**POST & SCHELL, P.C.**

By:   /s/Paul Martin Schmidt
Paul Martin Schmidt, Esquire
Post & Schell, P.C.
Four Penn Center
1600 John F. Kennedy Boulevard
14th Floor
Philadelphia, PA 19103
Phone: 215-587-1095
Fax: 215-320-4779
Email:PSchmidt@postschell.com

**ZARWIN BAUM DeVITO KAPLAN
SCHAER & TODDY P.C.**
Anthony M. Twardowski, Esquire
Zarwin Baum DeVito Kaplan Schaer
Toddy, P.C.
1818 Market Street, 13th Floor
Philadelphia, PA  19103
Phone: (215) 569-2800
Fax: (215) 569-1606
Email: artwardowski@zarwin.com

***Attorneys for Plaintiffs,
DVL, Inc. and DVL Kearny
Holdings, Inc.***

Dated: January  9 , 2018

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

DVL, INC. AND DVL
KEARNY HOLDINGS, LLC,

      Plaintiffs/Counterclaim
      Defendants,

   v.

CONGOLEUM CORPORATION,

      Defendant/Counterclaim
      Plaintiff/Third-Party
      Plaintiff,

   v.

BATH IRON WORKS CORPORATION,

      Third-Party Defendant

Civil Action No. 2:17-cv-04261
(KM)(JBC)

*Document filed
electronically*

**Motion Returnable:
February 5, 2018**

---

**MEMORANDUM OF PLAINTIFFS, DVL, INC. AND DVL KEARNY HOLDINGS,
LLC, IN OPPOSITION TO THE MOTION OF BATH IRON WORKS CORPORATION
TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND DEFENDANT CONGOLEUM
CORPORATION'S CROSS-CLAIM**

---

Post & Schell, P.C.
Paul M. Schmidt, Esquire
Four Penn Center
1600 John F. Kennedy Boulevard
14th Floor
Philadelphia, PA 19103
Phone: 215-587-1095
Fax: 215-320-4779

Zarwin Baum DeVito Kaplan
Schaer Toddy, P.C.
Anthony R. Twardowski, Esquire
1818 Market Street, 13th Floor
Philadelphia, PA  19103
Phone: (215) 569-2800
Fax: (215) 569-1606

*Attorneys for Plaintiffs DVL, Inc.
and DVL Kearny Holdings, LLC*

## TABLE OF CONTENTS

I.    Introduction ..................................................................................................... 1

II.   Statement of the Facts ................................................................................... 3

  A.   Allegations of the Amended Complaint ................................................ 3

  B.   Motion to Dismiss Filed by BIW. ......................................................... 6

  C.   Congoleum's Bankruptcy Proceeding ................................................... 7

III.  Argument ........................................................................................................ 9

  A.   Motion to Dismiss Standard .................................................................. 9

  B.   BIW's Arguments are Improper at this Stage of the Action ............... 10

  C.   Even if Procedurally Well-grounded, There is No Basis to Dismiss Plaintiffs' Amended Complaint as to BIW ............................................... 11

    i.    There was no Final Judgment on the Merits ............................. 12

    ii.   Plaintiffs were not a Party to the Congoleum Bankruptcy Proceeding. ........................................................................................ 13

    iii.   The Congoleum Bankruptcy did not Involve the Claims Asserted by Plaintiffs. ....................................................................................... 16

    iv.   The Complaint Alleges Contamination by Conduct Beyond the Flooring Business ............................................................................... 19

    v.    Judicial Estoppel and Equitable Estoppel are not Doctrines which could apply to Plaintiffs ........................................................... 20

IV.   Conclusion .................................................................................................... 21

**TABLE OF AUTHORITIES**

## Cases

*Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))* .................................................................................9

*Corestates Bank, N.A. v. Huls Am., Inc.,* 176 F.3d 187 (3d Cir. 1999) ..12, 13

*Eastern Minerals & Chems. Co. v. Mahan,* 225 F.3d 330 (3d Cir. 2000). ...16

*Funk v. Commissioner,* 163 F.2d 796 (3d Cir. 1947) ..............................................10

*GE v. Deutz AG,* 270 F3d 144 (3d Cir. 2001) ........................................................12

*Haefner v. N. Cornwall Twp.,* 40 Fed. Appx. 656, 2002 WL 1587658 (3d Cir. 2002) ..............................................................................17

*In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir. 1997) ....................................................................10

*In re Continental Airlines,* 203 F.3d 203 (3d Cir. 2000) ...............................12

*In re EXDS, Inc.,* 316 B.R. 731 (Bankr. D. Del. 2004) .................................16, 18

*In re G-I Holdings, Inc.,* 514 B.R. 720 (Bankr. D.N.J. 2014) .......................15

*In re Midstate Mortg. Investors, Inc.,* 105 Fed. Appx. 420 (3d Cir. 2004) ....................................................................15

*In re Montgomery Ward, LLC,* 634 F.3d 732 (3d Cir. 2011) ..................................14

*In re Vencor, Inc.,* 284 B.R. 79 (Bankr. D. Del. 2002) .......................................15

*New Hampshire v. Maine,* 532 U.S. 742 (2001) ................................................20

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192 (3d Cir. 1993) ......................................................................11

*Scarano v. Cent. R. Co. of N.J., 203 F.2d 510 (3d Cir. 1953)* .....................20

*Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.,* 181 F.3d 410 (3d Cir. 1999) ............................................................10

*Taylor v. Sturgell,* 533 U.S. 880, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008) ....................................................................14

*Toscano v. Conn. Gen. Life Ins. Co,* 288 Fed. Appx. 36 (3d Cir. 2008) ...10

*Travelers Indem. Co. v. Bailey,* 557 U.S. 137 (2009) .........................................15

*United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260 (2010) ..............15

*Warren Gen. Hosp. v. Amgen Inc.,* 643 F.3d 77, 84(3d Cir. 2011) ..................9

*Wheeling- Pittsburgh Steel Cop. V. McCune,* 836 F.2d 153 (3d Cir. 1987) ....................................................................21

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DVL, INC. AND DVL KEARNY HOLDINGS, LLC,<br><br>      Plaintiffs/Counterclaim Defendants,<br><br>   v.<br><br>CONGOLEUM CORPORATION,<br><br>      Defendant/Counterclaim Plaintiff/Third-Party Plaintiff,<br><br>   v.<br><br>BATH IRON WORKS CORPORATION,<br><br>      Third-Party Defendant | Civil Action No. 2:17-cv-04261 (KM)(JBC)<br><br>*Document filed electronically*<br><br>**Motion Returnable:<br>February 5, 2018** |

Plaintiffs, DVL, Inc. ("DVLI") and DVL Kearny Holdings, LLC ("DVLK") (together "Plaintiffs" or "DVL"), by and through their attorneys, Zarwin Baum DeVito Kaplan Schaer & Toddy P.C., hereby submit this Memorandum of Law in Opposition to the Motion to Dismiss of Defendant, Bath Iron Works Corporation ("BIW").

## I.  Introduction

DVL commenced this action because defendants operated the subject property for generations, contaminated it with PCBs and other hazardous substances, and furtively passed it off to unsuspecting buyers.  Now, BIW attempts to pass off liability

for the $20 million cleanup by pointing to bankruptcy maneuvers which similarly provided no public notice whatsoever of a connection to the contamination at issue in this case. For the reasons set forth below, this Court should deny BIW's motion.

BIW asserts three separate grounds to support its Motion to Dismiss - judicial estoppel, equitable estoppel and res judicata. BIW's estoppel arguments are directed only to Congoleum Corporation ("Congoleum") and, therefore, are not pertinent to this response. BIW's sole ground for dismissing Plaintiffs' claims, and an additional basis for its dismissal motion against Congoleum, is predicated on the alleged res judicata effect of Congoleum's prior bankruptcy proceeding, as to which BIW asks this Court to take judicial notice.

BIW's argument fails procedurally, since judicial notice is improper at this stage, given that Plaintiffs were neither parties to Congoleum's bankruptcy proceeding, nor do Plaintiffs cite to, or rely upon, it. Moreover, even if judicial notice were proper, BIW's argument nonetheless fails substantively, as none of the requirements for application of res judicata are satisfied.

First, there was no final adjudication on the merits which established BIW is not liable to Plaintiffs on Plaintiffs' claims. To the contrary, Plaintiffs' claims were specifically

preserved by the Reorganization Plan in Congoleum's bankruptcy proceeding. Second, Plaintiffs were not parties in the bankruptcy proceeding, nor did they have reason to be, as they were unaware of the environmental contamination that forms the basis for this action. None of the exceptions to the rule against non-party claim preclusion apply here. Third, the factual underpinnings of the bankruptcy proceeding, which related to the discharge of asbestos-related liability, are different from the environmental contamination claims asserted in this action, which, again, were specifically preserved in Congoleum's Reorganization Plan.

BIW's motion to dismiss Plaintiffs' claims against it fails, both on procedural and substantive grounds, and accordingly should be denied.

## II. Statement of the Facts

### A. Allegations of the Amended Complaint

In this action, Plaintiffs seek to recover damages suffered as a result of contamination attributable to the processes employed by Congoleum and its predecessors, including BIW, over decades of manufacturing flooring, war products and other material in multiple buildings throughout a property (the "Property") now owned by DVLK. Pls.' Am. Compl. at ¶ 4, ECF No. 18. Plaintiffs spent $19,348,981.52 to remediate the

Defendants' contamination of the air, soils and groundwater in and around the Property, which they now seek to recover from Congoleum and BIW. *Id* at ¶ 6.

The Property, located at 160-194 Passaic Avenue in Kearney, New Jersey, was built, owned and operated by the Defendants from the late 1880s through at least 1959. *Id.* at ¶¶ 10-11. Defendants manufactured a variety of commercial products at the Property, including linoleum, straight line (plain, printed and inlaid) linoleum flooring, vinyl asbestos tile, battleship linoleum, linoleum/vinyl wall coverings, vinyl desk tops, vinyl operating room flooring, pastes, waxes and adhesives. *Id.* at ¶ 14-15. Defendants also maintained a research and development laboratory at the Property in which they tested materials and products for potential future use in manufacturing and for potential sale. *Id.* at ¶ 13. During World War II Defendants manufactured products at the Property for the U.S. Military, including tent cloth, aerial torpedo parts, grenades, mildew proof sandbags, battleship linoleum, camouflage netting, and synthetic leather. *Id.* at ¶ 16.

Some of the materials and products Defendants used and manufactured at the Property contained polychlorinated biphenyls ("PCBs"). Defendants also used tetrachloroethene ("PCE"), trichloroethene ("TCE"), poly-aromatic hydrocarbons ("PAH") and materials containing PAHs at the Property. *Id.* at ¶¶ 25-26. In

4

the course of conducting operations at the Property, Defendants dispersed dust laden with PCBs and PAHs into the air and soil at the Property. *Id.* at ¶¶ 27, 33. Defendants spilled hazardous substances, including PCBs, PAHs and chlorinated solvents such as PCE and TCE onto the floors and walls of the buildings at the Property. *Id.* at ¶ 31. Hazardous substances including PCBs, PAHs, PCE and TCE, leached, leaked, flowed or were otherwise released into the soil and groundwater at the property. *Id.* at ¶ 34.

Defendants conveyed the Property to an unsuspecting buyer, which, approximately two years later, conveyed the Property to Plaintiffs' predecessor, which was equally unsuspecting. *Id.* at ¶ 41. Defendants knew or should have known of the risk of PCBs, yet at no time did Defendants reveal to any subsequent owner that Defendants left PCBs and other contamination at the Property. *Id.* at ¶ 45. In 2015, during the course of redevelopment of the Property, Plaintiffs encountered the PCBs and other hazardous substances at the Property. *Id.* at ¶ 47.

Plaintiffs had to conduct remediation of the hazardous substances at a monumental cost, exceeding $19 Million. *Id.* at ¶ 47. Defendants, who were responsible for causing the contamination and later for failing to warn of it, are liable to Plaintiffs for these damages. *Id.* at ¶ 50.

On October 26, 2017, Plaintiffs Filed an Amended Complaint

which contains six Counts asserted against the Defendants. Count I asserts a claim under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601, *et. seq.* ("CERCLA'). *Id.* at ¶¶ 52-63. Count II asserts a claim pursuant to the New Jersey Spill Compensation and Control Act, N.J. Stat. § 58:10-23.11 (the "Spill Act"). *Id.* at ¶¶ 64-77. Counts III-VI assert claims for Public Nuisance, Negligence, Strict Liability/Abnormally Dangerous Activity, and Unjust Enrichment, which are all based on Defendants' aforementioned conduct related to the release of hazardous substances and resultant contamination. *Id.* at ¶¶ 78-98.

**B. Motion to Dismiss Filed by BIW.**

In response to Plaintiffs' Amended Complaint, BIW filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Mot. to Dismiss Pls.' Am. Compl. and Def. Congoleum Corporation's Cross-cl., ECF No. 24. BIW cites to a prior bankruptcy proceeding involving Congoleum. BIW's Mem. of Law at pp. 5-10, ECF No.24-1. BIW asks this Court to take judicial notice of the bankruptcy proceeding, and hold that res judicata bars Plaintiffs' claims because, according to BIW, the Confirmation Order determined that BIW is not responsible for the liabilities of Congoleum's flooring business at the Kearny Property. *Id.* at pp. 14; 17, ECF No. 24-1. BIW similarly asks this Court to dismiss Congoleum's cross claims on the grounds of

6

res judicata, as well as equitable estoppel and judicial estoppel. *Id.* at pp. 10-16.

### C. Congoleum's Bankruptcy Proceeding

Plaintiffs were not parties to, or involved in any way with, Congoleum's bankruptcy proceeding. *See In Re Congoleum Corp.,* 3:09-cv-04371-JAP. Congoleum's bankruptcy was brought about by a large amount of asbestos claims which Congoleum was facing. *See* Order Confirming Fourth Am. Joint Plan of Reorganization at ¶ 3-6, 3:09-cv-04371-JAP, ECF No. 664. The bankruptcy proceeding was heavily litigated, and, on June 7, 2010, the Court entered a Confirmation Order which confirmed the Fourth Amended Joint Plan of Reorganization of Congoleum ("Reorganization Plan"). *See* Order Confirming Fourth Am. Joint Plan of Reorganization, 3:09-cv-04371-JAP, ECF No. 664. The Reorganization Plan focused on implementation of a Plan Trust to handle asbestos claims. *See* Fourth Am. Joint Plan of Reorganization at § 5.1, ECF No. 664-1.

The Reorganization Plan states no third party releases are granted by the Plan except as set forth specifically in the plan. *See* Fourth Am. Joint Plan of Reorganization at §11.5, 3:09-cv-04371-JAP, ECF No. 664-1. Most pertinent, there is no release or injunction as to BIW within the Confirmation Order or Reorganization Plan. *See* Confirmation Order at pp. 79-83, 3:09-

cv-04371-JAP, ECF No. 664; Fourth Am. Joint Plan of Reorganization, 3:09-cv-04371-JAP, ECF No. 664-1.

The Reorganization Plan specifically reserved any and all environmental claims in Section 11.9, which is titled "Rights Against Debtors Under Environmental Laws." *See* Fourth Am. Joint Plan of Reorganization at §11.9, 3:09-cv-04371-JAP, ECF No. 664-1; *See also* BIW's Mem. of Law at p. 6, ECF No.24-1. Section 11.9 of the Reorganization Plan reads in full:

> 11.9 **<u>Rights Against Debtors Under Environmental Laws</u>.**
>
> Environmental rights and Claims of Governmental Units and rights and claims of injury, damages, cost recovery contribution, reimbursement and indemnity by other Entities (other than ABI) under applicable Environmental Laws shall survive the Reorganization Cases, **shall not be discharged, impaired or adversely affected by the Plan and the Reorganization Cases** and shall be determined in the manner and by the administrative or judicial tribunals in which such rights or Claims would have been resolved or adjudicated if the Reorganization Cases had not been commenced. Governmental Units and other Entities, Other than ABI whose claims, if any shall be discharged, need not file any Proofs of Claim under Environmental Laws in the Reorganization Cases in order to preserve Claims under Environmental Laws. **Nothing in the confirmation Order or Plan shall be construed as releasing or relieving any Entity of any liability under any Environmental Law.**

*See* Fourth Am. Joint Plan of Reorganization at §11.9, 3:09-cv-04371-JAP, ECF No. 664-1 (emphasis added).

The Reorganization Plan defines "Environmental Laws" to include CERCLA and laws such as the Spill Act. *See* Fourth Amended Joint Plan of Reorganization at pp. 8-9, 3:09-cv-04371-

JAP, ECF No. 664-1. "Environmental Laws" also includes the ordinances, rules, regulations and requirements promulgated by any governmental unit relating to environmental contamination or pollution, air pollution, water pollution, noise control and/or the handling, discharge, existence, release, disposal or recovery of on-site or off-site hazardous, toxic or dangerous wastes, substances, chemicals or materials. *Id.* "Entity" is defined to include any "Person" which is defined to include any corporation and limited liability company. *Id.* at pp. 8, 13.

## III.  Argument

### A. Motion to Dismiss Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6) a Court must accept all well pleaded allegations in the complaint as true and must view those allegations in the light most favorable to the plaintiff. *Warren Gen*. *Hosp. v. Amgen Inc.,* 643 F.3d 77, 84(3d Cir. 2011)(*citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))* A motion to dismiss may only be granted if, having accepted all well pleaded allegations as true and viewing them in the light most favorable to plaintiff, the law provides that plaintiff is not entitled to relief. *Id.* The question is not whether a plaintiff will ultimately prevail on its claims, but whether the plaintiff is entitled to offer evidence to support its claims. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d

1410 (3d Cir. 1997).

**B. BIW's Arguments are Improper at this Stage of the Action**

This Court can only address the merits of BIW's res judicata argument if it takes judicial notice of the prior Congoleum bankruptcy proceedings. But, while BIW's motion suggests otherwise, judicial notice of another court proceeding is not an absolute right when considering a motion to dismiss. Whether a court may judicially notice other proceedings depends on what the court is asked to notice, and on the circumstances of the case before the court. *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.,* 181 F.3d 410, 426-427 (3d Cir. 1999) (*citing Funk v. Commissioner,* 163 F.2d 796, 801 (3d Cir. 1947)).

Where, as here, a prior bankruptcy proceeding did not involve the same parties and where Plaintiffs in their Amended Complaint do not refer to or rely upon the prior proceeding, judicial notice is improper. *See Toscano v. Conn. Gen. Life Ins. Co,* 288 Fed. Appx. 36, 38 (3d Cir. 2008) ("a court may take judicial notice of the record from a previous court proceeding **between the parties.**")(emphasis added)*; Southern Cross Overseas Agencies, Inc.,* 181 F.3d at 427 (permitting consideration of document relied upon by plaintiff); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (a court

10

can consider a document integral to or explicitly relied upon in the complaint); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993) (permitting consideration of a contract which was the basis for the plaintiff's claims).

Here, BIW asks this Court to decide a pre-discovery motion to dismiss by taking judicial notice of aspects of Congoleum's bankruptcy proceeding, which at the District Court level alone contains Eight Hundred and Fifty Two docket entries. Plaintiffs were not parties to, or participants in, Congoleum's bankruptcy proceeding and do not cite to or rely on the bankruptcy proceedings or the record therein in support of their claims. Consideration of the record of the bankruptcy proceeding to which Plaintiffs were not parties, and upon which Plaintiffs do not rely, does not further the interests of justice and is not an appropriate matter as to which the Court should take judicial notice.[1]

### C. Even if Procedurally Well-grounded, There is No Basis to Dismiss Plaintiffs' Amended Complaint as to BIW

Whether res judicata applies depends on whether BIW has met its burden of satisfying all three elements necessary to apply

---

[1]    That is not to say that, through discovery, BIW may not later create a record in this case to support its res judicata argument; it simply cannot do so at this stage since judicial notice of the prior proceeding is improper.

res judicata. Res judicata requires 1) a final judgment on the merits in a prior suit involving; 2) the same parties or their privies; and 3) a subsequent suit based on the same cause of action. *See e.g. Corestates Bank, N.A. v. Huls Am., Inc.,* 176 F.3d 187, 194 (3d Cir. 1999). The party seeking to take advantage of claim preclusion has the burden of establishing res judicata applies. *GE v. Deutz AG,* 270 F3d 144, 158 (3d Cir. 2001).

### i. There was no Final Judgment on the Merits

Whether the first element of res judicata is met depends on whether there was a final judgment on the merits as to BIW's liability to Plaintiffs for contamination caused by Defendants' operations at the Property, which there was not. There is no release of Plaintiffs' claims against BIW in the Confirmation Order or Reorganization Plan. There is no injunction preventing Plaintiffs' claims against BIW in the Confirmation Order or Reorganization Plan.[2] In fact, there are no injunctions or releases as to claims against BIW, in any manner, in the Confirmation Order or Reorganization Plan. To the contrary, section 11.9 of the Reorganization Plan, states "[n]othing in the Confirmation Order or Plan shall be construed as releasing

---

[2] Such a non-consensual release of non-debtor claims against other non-debtor third parties, even if present, would not have been appropriate or permissible under the facts. *In re Continental Airlines,* 203 F.3d 203, 214-215 (3d Cir. 2000).

or relieving **any Entity** of any liability under any Environmental Law." (emphasis added).

The Reorganization Plan establishes there was no adjudication on the merits as to BIW's liability for contamination caused by Defendants' operations at the Property. To the contrary, such claims were expressly reserved by the Reorganization Plan. Because there was no final adjudication on the merits holding that BIW is not liable to Plaintiffs for Plaintiffs' claims, the first element of res judicata is not satisfied and BIW's motion to dismiss Plaintiffs' Amended Complaint should be denied.

### ii. Plaintiffs were not a Party to the Congoleum Bankruptcy Proceeding.

Whether the second element of res judicata is met depends on whether Plaintiffs and BIW were both parties to the Congoleum bankruptcy proceeding. Generally, in the context of bankruptcy proceedings, "claim preclusion applies only if the party to be precluded raised a claim, such as an objection to a reorganization plan, in a prior proceeding." *Corestates Bank, N.A.,* 176 F.3d at 191. Plaintiffs were not parties to the bankruptcy proceeding and did not participate in the proceeding. Nor were Plaintiffs privies to any party or participant in the Congoleum bankruptcy proceeding.

There is a general rule against non-party preclusion, to

13

which five exceptions apply. The exceptions are:

> (1) where the nonparty agrees to be bound by a prior judicial determination between other parties, (2) where the nonparty was adequately represented in the prior litigation by someone with the same interests, (3) where the nonparty assumed control of the prior litigation, (4) where the nonparty is the proxy or agent of a party to the prior litigation, and (5) where a special statutory scheme, such as bankruptcy, expressly forecloses subsequent litigation.

*See In re Montgomery Ward, LLC,* 634 F.3d 732, 737 n.5 (3d Cir. 2011) (*citing Taylor v. Sturgell,* 533 U.S. 880, 893-896, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008)).

None of the five exceptions to the rule against non-party preclusion apply in this matter, as Plaintiffs did not agree to be bound by any prior determination between Congoleum and BIW; Plaintiffs were not involved with the Congoleum bankruptcy and were not represented in that litigation by someone with the same interests; Plaintiffs did not assume control of the Congoleum bankruptcy proceeding; Plaintiffs are not a proxy or agent of a party to the Congoleum bankruptcy proceeding; and, finally, no statutory scheme or proceeding forecloses this subsequent litigation. To the contrary, section 11.9 of the Reorganization Plan specifically preserves all Environmental Claims against any and all entities, including Congoleum and BIW.

The cases cited by BIW do not support a contention that Plaintiffs are bound by language in a Confirmation Order where Plaintiffs were not parties to the bankruptcy proceeding, and

Plaintiffs' then unknown future claims were specifically reserved by the Reorganization Plan. In *Travelers Indem. Co.*, the Supreme Court held "so long as respondents or those in privity with them were parties" to the bankruptcy proceeding, and were given a fair chance to challenge the Bankruptcy Court's subject-matter jurisdiction, they could not later challenge the subject-matter jurisdiction. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152-153 (2009). In *United Student Aid Funds, Inc.* the Supreme Court held the Bankruptcy Court's order confirming a plan was not void where the debtor's sole creditor was a party to the action, filed a proof of claim, was notified of the plan's contents, but did not object to the plan or file an appeal of the plan. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 264-266, 276 (2010).

Nor do the other cases cited by BIW support its argument that res judicata could apply to bar Plaintiffs' claims against BIW. *See In re Midstate Mortg. Investors, Inc.,* 105 Fed. Appx. 420 (3d Cir. 2004)(parties who served on the creditors' committee and did not appeal confirmation or seek revocation of the plan cannot collaterally challenge the plan); *In re G-I Holdings, Inc.,* 514 B.R. 720, 756-757 (Bankr. D.N.J. 2014) (Housing Authority which filed proof of claim and participated in bankruptcy proceeding was bound by terms of the plan); *In re Vencor, Inc.,* 284 B.R. 79 (Bankr. D. Del. 2002)(creditors who

had their claims specifically released in the plan could not later collaterally attack the plan).

Plaintiffs were not a party to, or participant in, the Congoleum bankruptcy. None of the exceptions to the rule against non-party preclusion apply. Accordingly, the second element of res judicata is not satisfied and BIW's motion to dismiss Plaintiffs' Amended Complaint should be denied.

### iii. The Congoleum Bankruptcy did not Involve the Claims Asserted by Plaintiffs.

The third element of res judicata is only satisfied where the factual underpinnings, theory of the case, and recovery sought are so close to a claim actually litigated in the bankruptcy that it would be unreasonable not to have brought them both at the same time in the bankruptcy forum. *Eastern Minerals & Chems. Co. v. Mahan,* 225 F.3d 330, 337-338 (3d Cir. 2000). When considering whether a party was privy to the "factual underpinnings" of a case, courts consider whether the party was aware of the evidence supporting their claims at the time of the bankruptcy. *See In re EXDS, Inc.,* 316 B.R. 731, 822-823 (Bankr. D. Del. 2004) (res judicata did not apply where party was not aware of the conduct on which its claims were based until one year after the Plan was confirmed) (*citing*

*Haefner v. N. Cornwall Twp.,* 40 Fed. Appx. 656, 2002 WL 1587658 at *2 (3d Cir. 2002)). Claim preclusion is not proper here, where Plaintiffs did not discover the contamination until 2015, well after confirmation of the Reorganization Plan.

Furthermore, the "factual underpinnings" of Congoleum's bankruptcy proceeding was centered on the liability of Congoleum for asbestos-related claims. The bankruptcy proceeding did not center on, or even involve, claims based on contamination due to Defendants' manufacturing of flooring and war products. Plaintiffs' relief sought is a demand for compensation as a result of contamination of the Property's air, soil and groundwater. This is a different relief than what was provided by the Reorganization Plan relating to asbestos claims.

The insurance policies BIW contends it gave up rights to appear to relate to time periods from 1965-1987, after Defendants' sold the property. See Settlement and Buyback Agreement at Exhibit "C", 03-51524-KCF, ECF 4439-2. While Plaintiffs do not have copies of the policies at issue, they appear to be excess asbestos liability insurance policies which provided coverage only if asbestos losses were in excess of $500 million. See Mot. for Order Authorizing Settlement and Compromise of Certain Claims at ¶ 33, 03-51524-KCF, ECF No. 4439-1. BIW allegedly foregoing its rights in excess asbestos liability insurance policies in place from 1965-1987 does not

form a basis for the application of res judicata precluding Plaintiffs from pursuing damages from BIW as a result of environmental contamination alleged to have taken place long before 1965. Further, this type of factual issue highlights why BIW's request for the Court to take Judicial notice is improper at this stage of the proceedings.

The claims being asserted by Plaintiffs were specifically preserved under the Reorganization Plan. Where a plan of reorganization expressly preserves actions for later adjudication, res judicata does not apply. *In re EXDS, Inc.,* 316 B.R. 817, 823. (Bankr. D. Del. 2004). Therefore, even had Plaintiffs known of their claims at the time of the bankruptcy proceeding, it would not have been unreasonable for Plaintiffs not to bring them in the bankruptcy forum because Plaintiffs' claims were specifically preserved for later adjudication. Likewise, Plaintiffs would have had no reason to object to the Confirmation Order or Reorganization Plan, because of the reservation under section 11.9 and the explicit language that "[n]othing in the Confirmation Order or Plan shall be construed as releasing or relieving any Entity of any liability under any Environmental Law."

The theory of recovery and factual underpinnings of the bankruptcy proceedings and this action are not so close as to permit the application of res judicata. Plaintiffs were not

18

aware of their claims during the bankruptcy, and moreover would have had no reason to assert the claims or to object, because Plaintiffs' claims were specifically preserved and were not impaired, released, enjoined or discharged by the bankruptcy proceeding. The third element of res judicata accordingly is not satisfied and BIW's motion to dismiss Plaintiffs' Amended Complaint should therefore be denied.

### iv. The Complaint Alleges Contamination by Conduct Beyond the Flooring Business

Res judicata, even if applicable, does not bar Plaintiffs' claims against BIW arising out of Defendants' war product manufacturing at the Property or any other operations that did not involve the flooring business. Plaintiffs' Amended Complaint is not limited to contamination relating to Congoleum's flooring business, but rather is much broader, including without limitation, contamination caused by war product manufacturing and the manufacturing of other materials. *See* Pls.' Am. Compl. at ¶¶ 4, 12, 16. For example, Defendants are alleged to have manufactured tent cloth, aerial torpedo parts, grenades, mildew proof sandbags, camouflage netting and synthetic leather, none of which fall within the definition of "Congoleum Flooring Business" for which BIW claims it is not responsible. Indeed, BIW does not even argue that Plaintiffs' claims arising out of war product manufacturing or non-flooring operations at the

19

property are barred by res judicata. Accordingly, BIW's motion to dismiss Plaintiffs' Amended Complaint should be denied.

### v. Judicial Estoppel and Equitable Estoppel are not Doctrines which could apply to Plaintiffs

BIW did not assert the doctrines of judicial estoppel and equitable estoppel against Plaintiffs, as those doctrines are clearly inapplicable. Judicial estoppel precludes a party from assuming and prevailing on a certain position in a legal proceeding, then assuming a contrary position in a later proceeding. *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001); *Scarano v. Cent. R. Co. of N.J., 203 F.2d 510, 513 (3d Cir. 1953).* BIW does not argue, nor could it, that Plaintiffs assumed a position in a prior proceeding and are now taking a contrary position in this proceeding. Accordingly, judicial estoppel is not applicable to Plaintiffs. On the contrary, it is BIW who is now asserting a position contrary to the one it took during the Bankruptcy proceeding, in which it accepted the Court's reservation of environmental claims.

To establish equitable estoppel, a party must establish: 1) a representation of fact was made to that party, 2) upon which that party had a right to rely and did so rely, and 3) the denial of the represented fact by the party making the representation would result in injury to the relying party. *Wheeling- Pittsburgh Steel Cop. V. McCune,* 836 F.2d 153, 162-163

(3d Cir. 1987). Because BIW does not argue or allege Plaintiffs made a representation to BIW which BIW relied upon, the doctrine of equitable estoppel is also inapplicable as to Plaintiffs.

**IV.        Conclusion**

For the reasons above, this Honorable Court should deny BIW's Motion to Dismiss Plaintiffs' Amended Complaint.

Respectfully submitted,

**POST & SCHELL, P.C.**

By:    /s/Paul Martin Schmidt
Paul Martin Schmidt, Esquire
Post & Schell, P.C.
Four Penn Center
1600 John F. Kennedy Boulevard,
14th Floor
Philadelphia, PA 19103
Phone: 215-587-1095
Fax: 215-320-4779
Email:PSchmidt@postschell.com


**ZARWIN BAUM DeVITO KAPLAN SCHAER & TODDY P.C.**
Anthony M. Twardowski, Esquire
Zarwin Baum DeVito Kaplan Schaer
Toddy, P.C.
1818 Market Street, 13th Floor
Philadelphia, PA 19103
Phone: (215) 569-2800
Fax: (215) 569-1606
Email: artwardowski@zarwin.com

***Attorneys for Plaintiffs, DVL, Inc. and DVL Kearny Holdings, Inc.***

Dated: January  9 , 2018

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DVL, INC. AND DVL KEARNY HOLDINGS, LLC, | |
| Plaintiffs/Counterclaim Defendants, | Civil Action No. 2:17-cv-04261 (KM) (JBC) |
| v. | |
| CONGOLEUM CORPORATION, | *Document filed electronically* |
| Defendant/Counterclaim Plaintiff/Third-Party Plaintiff, | **Certificate of Service** |
| v. | **Motion Returnable: February 5, 2018** |
| BATH IRON WORKS CORPORATION, | |
| Third-Party Defendant | |

I, Paul M. Schmidt, Esquire, hereby certify that today I caused a true and correct copy of the foregoing Opposition to the Motion of Bath Iron Works Corporation to Dismiss Plaintiffs' Amended Complaint and Defendant Congoleum Corporation's Cross-Claim with Memorandum in support thereof to be served upon the following by making it available for reviewing on the Court's ECF system.

Thomas R. Curtin
George C. Jones
**GRAHAM CURTIN**
4 Headquarters Plaza
Morristown, NJ 07962-1991

And

Catherine Steege

John VanDeventer
**Jenner & Block, LLP**
353 N. Clark Street
Chicago, IL 60654
***(Counsel for Bath Iron Works Corporation)***


Camille V. Otero, Esquire
Shawn M. LaTourette, Esquire
**Gibbons, P.C.**
One Gateway Center
Newark, NJ  07102
***(Counsel for Congoleum Corporation)***


/s/Paul M. Schmidt
PAUL M. SCHMIDT, ESQUIRE

Dated: January  9 , 2018