Thomas R. Curtin
George C. Jones
McELROY, DEUTSCH, MULVANEY
 & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100

Michael A. Doornweerd (*pro hac vice*)
Wade A. Thomson (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350

*Attorneys for Defendant*
*Bath Iron Works Corporation*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| DVL, INC. and DVL KEARNY HOLDINGS, LLC, | : | Civil Action No. 17-4261 (KM) (JBC) |
| Plaintiffs, | : | |
| v. | : | |
| CONGOLEUM CORPORATION and BATH IRON WORKS CORPORATION, | : | |
| Defendants. | : | |

**BATH IRON WORKS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO CONGOLEUM CORPORATION'S CROSS-CLAIMS,**
**AND DEMAND FOR JURY TRIAL**

Defendant Bath Iron Works Corporation ("BIW"), by way of answer to the Cross-Claims

of Congoleum Corporation ("Congoleum"), states as follows:

## JURISDICTION

1.       Congoleum's cross-claim forms part of the same case or controversy as Plaintiffs' claims and, consequently, this Court has jurisdiction over Congoleum's cross-claim pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**    The allegations contained in Paragraph 1 constitute legal conclusions to

which no response is required, and BIW therefore neither admits nor denies same.

## PARTIES

2.       Congoleum is a corporation formed under the laws of the State of Delaware with its principal place of business at 3500 Quakerbridge Road, P.O. Box 3127, Mercerville, New Jersey 08619-0127.

**ANSWER:**    On information and belief, admitted.

3.       On information and belief, BIW is a corporation formed under the laws of the State of Maine with its principal place of business at 700 Washington Street, Bath, Maine 04530.

**ANSWER:**    On information and belief, admitted.

## INTRODUCTION

4.       This Cross-claim is an action for a declaratory judgment that BIW is the real party in interest regarding responsibility for the Property and that Congoleum bears no responsibility for the alleged environmental conditions at the Property; and for contribution and indemnification from BIW for any damages or costs of suit incurred by Congoleum as a result of Plaintiffs' claims in this action.

**ANSWER:**    BIW admits that Congoleum purports to bring this Cross-claim for

declaratory judgment, contribution, and indemnification; however, BIW denies that it is the real

party-in-interest regarding responsibility for the Property and denies that it owes contribution or

indemnification to Congoleum.  Any remaining allegations contained in Paragraph 4 are denied.

5.       If Plaintiffs are successful in recovering any damages or costs from Congoleum under any statutory or common law theory, then Congoleum shall seek contribution in full from BIW.

**ANSWER:**    BIW admits that Congoleum purports to seek contribution from BIW;

however, BIW denies that it owes any contribution to Congoleum in the event Plaintiffs are

successful in recovering damages or costs from Congoleum. Any remaining allegations contained in Paragraph 5 are denied.

6.      On June 6, 2017, Plaintiffs filed the instant action against Congoleum seeking recovery of costs allegedly incurred by Plaintiffs in performing certain alleged environmental investigation and remediation activities at 160-194 Passaic Avenue (Block 15, Lot 7.01) in Kearny, New Jersey, a portion of a former industrial facility (the "Property") that Plaintiffs allege was contaminated by Congoleum many decades ago, prior to Plaintiffs' purchase of the Property in approximately 1960.

**ANSWER:**    Admitted.  Answering further, BIW clarifies that the property for which Plaintiffs purportedly seek the recovery of costs for alleged investigation and remediation activities is located at 160-194 Passaic Avenue (Block 15, Lot 7.01) in Kearny, New Jersey (the "Property" or "Kearny Property").

7.      The entity now known as Congoleum Corporation and identified by Plaintiffs in their Complaint was created in 1986.  This relatively new entity is wholly separate and distinct from the entities with the same or similar names that owned and/or operated the Property prior to Plaintiffs' purchase in 1960.

**ANSWER:**    BIW admits that, through a series of corporate transactions, the resilient flooring business of Congoleum's predecessor was spun off, incorporated in 1986, and became the entity that is now known as Congoleum Corporation, the entity identified by Plaintiffs in their Complaint.  The remaining allegations contained in Paragraph 7 are denied.

8.      Congoleum did not own the Property or conduct any historic operations on the Property, and at no point did Congoleum assume any liabilities related to the Property or any environmental conditions that may be associated with the Property.

**ANSWER:**    Denied.

9.      As a result, Congoleum is not a proper defendant in this matter.

**ANSWER:**    The allegations contained in Paragraph 9 constitute legal conclusions to which no response is required, and BIW therefore neither admits nor denies same.  To the extent a response is required, BIW denies the allegations contained in Paragraph 9.

10.    As set forth herein, liabilities associated with Property ownership or historic operations at the Property, including any liabilities that may result from any alleged environmental conditions at or emanating from the Property, were wholly assumed by BIW following a series of corporate transactions detailed herein.

**ANSWER:**    Denied.

11.    Accordingly, by way of this Cross-claim, Congoleum seeks a declaratory judgment, indemnification, and contribution from BIW for any and all claims alleged by Plaintiffs.

**ANSWER:**    BIW admits that Congoleum purports to bring this Cross-claim for declaratory judgment, contribution, and indemnification; however, BIW denies that BIW is the real party-in-interest regarding any responsibility for the Property and denies that it owes contribution or indemnification to Congoleum.   Any remaining allegations contained in Paragraph 11 are denied.

## FACTUAL BACKGROUND

12.    In 1924, a then-existing entity known as Congoleum Corporation ("1911 Congoleum") merged with Nairn Linoleum Company, which owned land in Kearny, New Jersey, including the Property now owned by Plaintiffs that is the subject of this action.

**ANSWER:**    On information and belief, admitted.

13.    Following the merger, the combined company became known as Congoleum-Nairn Inc. ("Congoleum-Nairn").

**ANSWER:**    On information and belief, admitted.

14.    Part of Congoleum-Nairn's business included the manufacture of resilient flooring materials (the "Resilient Flooring Operations").

**ANSWER:**    On information and belief, admitted.

15.    Congoleum-Nairn conducted the Resilient Flooring Operations at the Property.

**ANSWER:**    On information and belief, admitted.

16.    Congoleum-Nairn sold the Property to Plaintiffs predecessors-in-interest in or around 1959.

**ANSWER:**    On information and belief, admitted.

17.     In 1968, Congoleum-Nairn was merged with and into Bath Industries, Inc. and the surviving entity was renamed Congoleum Corporation ("1968 Congoleum").

**ANSWER:**     BIW admits that in 1968 Congoleum-Nairn was merged with and into Bath Industries, Inc. and, through several corporate transactions, Bath Industries, Inc. subsequently changed its name to Congoleum Corporation.  Any remaining allegations contained in Paragraph 17 are denied.

18.     1968 Congoleum was involved in a series of transactions between 1980 and 1984 that involved several other corporate entities, including entities affiliated with BIW.

**ANSWER:**     The allegations contained in Paragraph 18 are vague and ambiguous such that BIW lacks knowledge or information sufficient to admit or deny same.  Accordingly, BIW denies the allegations contained in Paragraph 18.

19.     During the aforementioned transactions, liabilities related to the Resilient Flooring Operations, including historic operations at the Property, were ultimately transferred to a new Congoleum Corporation ("1984 Congoleum").

**ANSWER:**     The allegations contained in Paragraph 19 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW is without knowledge or information sufficient to admit or deny the allegations of Paragraph 19, and therefore denies same.

20.     Pursuant to a 1986 Amendment (the "Amendment") to a previous merger agreement, 1984 Congoleum transferred the Resilient Flooring Operations to a newly-formed entity known as Resilco, Inc. ("Resilco").

**ANSWER:**     Admitted.   Answering further, BIW clarifies that "1984 Congoleum transferred the Resilient Flooring Operations to a newly-formed entity known as Resilco, Inc." pursuant to an Instrument of Assignment and Assumption dated April 18, 1986.

21.     Specifically, pursuant to a April 18, 1986 Instrument of Assignment and Assumption (the "Resilient Assignment"), 1984 Congoleum transferred to Resilco the "Transferred Assets," defined in the Resilient Assignment as "all of the rights, properties, assets, and contracts of every kind, character and description, whether tangible or intangible whether real, personal, mixed or otherwise, and wheresoever situtated [sic], belonging to [ 1984]

Congoleum and which are utilized in the business conducted by its Resilient Floor Division on the date hereof to have and hold forever."

**ANSWER:**   BIW admits that, pursuant to the April 18, 1986 Instrument of Assignment and Assumption, 1984 Congoleum transferred to Resilco the "Transferred Assets."  BIW also admits that "Transferred Assets" is defined in the Instrument of Assignment and Assumption as "all of the rights, properties, assets, and contracts of every kind, character and description, whether tangible or intangible whether real, personal, mixed or otherwise, and wheresoever situtated [sic], belonging to [1984] Congoleum and which are utilized in the business conducted by its Resilient Flooring Division on the date hereof."  BIW denies that the definition of "Transferred Assets" includes "to have and to hold forever" and denies any and all characterizations of the April 18, 1986 Instrument of Assignment and Assumption, which speaks for itself.  .

22.   Pursuant to the Resilient Assignment, Resilco only assumed those assets utilized in the resilient flooring business (the "Business") on April 18, 1986.

**ANSWER:**   Denied.

23.   The Property, having been sold years prior to the April 18, 1986 Resilient Assignment, was not utilized in the Business as of that date.

**ANSWER:**   BIW is without knowledge or information sufficient to admit or deny the allegations of Paragraph 23, and therefore denies same.

24.   Pursuant to the Resilient Assignment, Resilco only assumed those liabilities "directly related to the [Resilient] Transferred Assets as of [April 18, 1986]."

**ANSWER:**   Denied.

25.   Nearly three decades prior to April 18, 1986, the Property at issue in this action had been sold to Plaintiffs' predecessor in title. Thus, the Property was not a then-existing asset of the Business for which any related liabilities were assumed by Resilco on April 18, 1986.

**ANSWER:**   BIW admits that "[n]early three decades prior to April 18, 1986, the Property at issue in this action had been sold to Plaintiffs' predecessor in title."  BIW denies that

"the Property was not a then-existing asset of the Business for which any related liabilities were

assumed by Resilco on April 18, 1986."

26.     After divesting the Business, the remainder of 1984 Congoleum's liabilities—including liability related to the historic ownership and operation of the Property-were transferred to Congoleum Industries, Inc. ("CII"), which was 1984 Congoleum's corporate parent.

**ANSWER:**     Denied.

27.     CII later changed its name to BIW Industries, Inc. and through a series of later transactions, was merged with and into BIW, taking with it any and all liabilities associated with the Property and any historic operations conducted thereon.

**ANSWER:**     BIW admits that "CII later changed its name to BIW Industries, Inc. and

through a series of later transactions, was merged with and into BIW."   The remaining

allegations contained in Paragraph 27 are denied.

28.     On April 29, 1986, Resilco changed its name to Congoleum Corporation ("1986 Congoleum").

**ANSWER:**     On information and belief, admitted.

29.     1986 Congoleum then merged with Resilient Acquisition, Inc. on July 1, 1986, and Congoleum Corporation was the surviving entity.   This 1986 entity is the Congoleum Corporation that has been identified in Plaintiffs' Complaint.

**ANSWER:**     On information and belief, admitted.

30.     As a result of the foregoing transactions, however, any claims, costs or liabilities concerning the Property, the historic operations thereon, or any environmental conditions at or emanating from the Property are the responsibility of BIW as the proper successor-in-interest to 1984 Congoleum and CII.

**ANSWER:**     The allegations contained in Paragraph 30 constitute legal conclusions to

which no response is required.   To the extent a response is required, BIW denies the allegations

of Paragraph 30.

## COUNT I

### DECLARATORY JUDGMENT PURSUANT TO CERCLA § 113(g)(2)

31.     Congoleum repeats the allegations of Paragraphs 1 through 30 as if fully restated at length herein.

**ANSWER:**    BIW repeats and incorporates its responses to the allegations of the above

paragraphs as if fully set forth herein.

32.     There exists a present and actual controversy between Congoleum and BIW concerning their respective rights and obligations in connection with response costs and contribution claims concerning the Property.

**ANSWER:**    Admitted.

33.     Congoleum is entitled to judgment under CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), and 28 U.S.C. §§ 2201 and 2202 against BIW declaring that BIW is the proper party in interest with respect to the Property and shall be liable to Congoleum for any and all costs and for contribution arising from the alleged contamination at or emanating from the Property, which judgment shall be binding in any subsequent action to recover further costs and/or contribution arising from the same alleged contamination at issue here.

**ANSWER:**    The allegations contained in Paragraph 33 constitute legal conclusions to

which no response is required.  To the extent a response is required, BIW denies the allegations

of Paragraph 33.

### PRAYER FOR RELIEF

To the extent that Congoleum's prayer for relief requires an answer, BIW denies that

Congoleum is entitled to any relief.  BIW denies any remaining allegations contained in the

prayer for relief.

## COUNT II

### CONTRIBUTION PURSUANT TO CERCLA § 113

34.     Congoleum repeats the allegations of Paragraphs 1 through 33 as if fully restated at length herein.

**ANSWER:**    BIW repeats and incorporates its responses to the allegations of the above

paragraphs as if fully set forth herein.

35.     Pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f), "[a]ny person may seek contribution from any other person who is liable or potentially liable under [CERCLA § 107(a)] during any civil action under . . . [CERCLA § 107(a)]."

**ANSWER:**     The allegations contained in Paragraph 35 purport to quote or characterize the law, to which no response is required, and BIW therefore neither admits nor denies same.

36.     Pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), liability attaches when:  (a) the defendant is a potentially responsible party under CERLCA; (b) hazardous substances were disposed of at a facility; (c) there has been a release or threatened release of hazardous substances from the facility into the environment; and (d) the release or threatened release has required or will require the plaintiff to incur response costs.

**ANSWER:**     The allegations contained in Paragraph 36 purport to quote or characterize the law, to which no response is required, and BIW therefore neither admits nor denies same.

37.     Under CERCLA, potentially responsible parties include:  (a) the current owner or operator or a facility; (b) any person who owned or operated the facility at the time of the disposal of a hazardous substance; (c) any person who arranged for the disposal or transport for disposal of hazardous substances at a facility; and (d) any person who accepts hazardous substances for transport to sites selected by said person.

**ANSWER:**     The allegations contained in Paragraph 37 purport to quote or characterize the law, to which no response is required, and BIW therefore neither admits nor denies same.

38.     As alleged by Plaintiffs, polychlorinated biphenyls ("PCBs"), polycyclic aromatic hydrocarbons ("PAHs"), tetrachloroethylene ("PCE"), trichloroethylene ("TCE"), and other hazardous substances as defined by CERCLA were either (1) disposed of or released at the Property by Congoleum-Nairn or (2) disposed of or released during the time of Congoleum-Nairn's ownership or operation of the Property.

**ANSWER:**     BIW admits that Plaintiffs allege that "[PCBs, PAHs, PCE, TCE], and other hazardous substances as defined by CERCLA were either (1) disposed of or released at the Property by Congoleum-Nairn or (2) disposed of or released during the time of Congoleum-Nairn's ownership or operation of the Property."  To the extent Paragraph 38 contains legal conclusions, no response is required and BIW therefore neither admits nor denies same.  BIW is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 38, and therefore denies same.

39.     BIW is the proper successor-in-interest to any and all liabilities that are associated with the Property and any environmental conditions on or emanating from the Property.

**ANSWER:**     The allegations contained in Paragraph 39 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 39.

40.     The Property is a "facility" as defined by CERCLA § 101(9), 42 U.S.C. § 9601(9).

**ANSWER:**     The allegations contained in Paragraph 40 constitute legal conclusions to which no response is required, and BIW therefore neither admits nor denies same.

41.     BIW is a potentially responsible party pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a).

**ANSWER:**     The allegations contained in Paragraph 41 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 41.

42.     In the event that Congoleum is found liable in this action or is required to pay any portion of the costs allegedly incurred by Plaintiffs with regard to the investigation or remediation of hazardous substances at the Property, then Congoleum will have incurred necessary response costs consistent with the National Contingency Plan.

**ANSWER:**     The allegations contained in Paragraph 42 constitute legal conclusions to which no response is required, and BIW therefore neither admits nor denies same.

43.     In the event that Congoleum is found liable in this action or is required to pay any portion of the costs allegedly incurred by Plaintiffs with regard to the investigation or remediation of hazardous substances at the Property, as the proper successor-in-interest to any and all liabilities associated with the Property and any environmental conditions on or emanating from the Property, BIW is liable to Congoleum pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f), for any and all response costs that Congoleum is ordered to pay.

**ANSWER:**     The allegations contained in Paragraph 43 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 43.

## PRAYER FOR RELIEF

To the extent that Congoleum's prayer for relief requires an answer, BIW denies that Congoleum is entitled to any relief.  BIW denies any remaining allegations contained in the prayer for relief.

## COUNT III

### CONTRIBUTION PURSUANT TO THE
### NEW JERSEY SPILL COMPENSATION & CONTROL ACT

44.   Congoleum repeats the allegations of Paragraphs 1 through 43 as if fully restated at length herein.

**ANSWER:**   BIW repeats and incorporates its responses to the allegations of the above paragraphs as if fully set forth herein.

45.   The New Jersey Spill Compensation and Control Act (the "Spill Act") provides that:  "any person who has discharged a hazardous substance, or is in any way responsible for any hazardous substance, shall be strictly liable, jointly and severally, without regard to fault, for all cleanup and removal costs no matter by whom incurred." N.J.S.A. 58:10-23.11g(c)(l).

**ANSWER:**   The allegations contained in Paragraph 45 purport to quote or characterize the law, to which no response is required, and BIW therefore neither admits nor denies same.

46.   The Spill Act N.J.S.A. 59:10-23.11f(a)(l), provides a right of contribution to persons who incur cleanup and removal costs against those persons in any way responsible for the offending discharges of hazardous substances at a facility.

**ANSWER:**   The allegations contained in Paragraph 46 purport to quote or characterize the law, to which no response is required, and BIW therefore neither admits nor denies same.

47.   As alleged by Plaintiffs, PCBs, PAHs, PCE, TCE, petroleum, and other hazardous substances as defined by the Spill Act were either (l) discharged at the Property by Congoleum-Nairn or (2) discharged during the time of Congoleum-Nairn's ownership or operation of the Property.

**ANSWER:**   BIW admits that Plaintiffs allege that "PCBs, PAHs, PCE, TCE, petroleum, and other hazardous substances as defined by the Spill Act were either (l) discharged at the Property by Congoleum- Nairn or (2) discharged during the time of Congoleum-Nairn's

ownership or operation of the Property."  To the extent Paragraph 47 contains legal conclusions, no response is required and BIW therefore neither admits nor denies same.  BIW is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 47, and therefore denies same.

48.     BIW is the successor-in-interest to any and all liabilities associated with the Property and any environmental conditions on or emanating from the Property.

**ANSWER:**     Denied.

49.     The Property is a "facility" as defined in the Spill Act.  N.J.S.A. 58:10-23.11b.

**ANSWER:**     The allegations contained in Paragraph 49 constitute legal conclusions to which no response is required, and BIW therefore neither admits nor denies same.

50.     BIW is a person "in anyway responsible" within the meaning of the contribution provisions of the Spill Act, N.J.S.A. 59:10-23.11f(a)(l).

**ANSWER:**     The allegations contained in Paragraph 50 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 50.

51.     In the event that Congoleum is found liable in this action or is required to pay any portion of the costs allegedly incurred by Plaintiffs with regard to the investigation or remediation of hazardous substances at the Property, then Congoleum will have incurred cleanup and response costs pursuant to the Spill Act.

**ANSWER:**     The allegations contained in Paragraph 51 constitute legal conclusions to which no response is required, and BIW therefore neither admits nor denies same.

52.     In the event that Congoleum is found liable in this action or is required to pay any portion of the costs allegedly incurred by Plaintiffs with regard to the investigation or remediation of hazardous substances at the Property, as the proper successor-in-interest to any and all liabilities associated with the Property and any environmental conditions on or emanating from the Property, BIW is liable to Congoleum pursuant to the Spill Act for any and all response costs that Congoleum is ordered to pay.

**ANSWER:**     Denied.

53.    As the proper successor-in-interest, BIW is also liable under the Spill Act for any and all future cleanup and response costs resulting from the discharge of hazardous substances associated with Congoleum-Nairn's historic operations at the Property.

**ANSWER:**    Denied.

## PRAYER FOR RELIEF

To the extent that Congoleum's prayer for relief requires an answer, BIW denies that Congoleum is entitled to any relief.  BIW denies any remaining allegations contained in the prayer for relief.

## COUNT IV

## INDEMNIFICATION

54.    Congoleum repeats the allegations of Paragraphs 1 through 53 as if fully restated at length herein.

**ANSWER:**    BIW repeats and incorporates its responses to the allegations of the above paragraphs as if fully set forth herein.

55.    Congoleum is a wholly separate legal entity, distinct from those entities with the same or similar names that owned and/or operated the Property prior to Plaintiffs' purchase in 1960.

**ANSWER:**    The allegations contained in Paragraph 55 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 55.

56.    Congoleum has no legal connection to liabilities related to the historic ownership or operation of the Property.

**ANSWER:**    The allegations contained in Paragraph 56 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 56.

57.    As a result of a series of transactions culminating in 1986, all liabilities associated with the ownership of the Property or historic operations thereon were expressly assumed by CII.

**ANSWER:**   The allegations contained in Paragraph 57 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 57.

58.   CII later changed its name to BIW Industries, Inc. and through a series of later transactions, was merged with and into BIW, taking with it any and all liabilities associated with the Property and any historic operations conducted thereon.

**ANSWER:**   BIW admits that "CII later changed its name to BIW Industries, Inc. and through a series of later transactions, was merged with and into BIW."  The remaining allegations contained in Paragraph 58 are denied.

59.   BIW is therefore the successor-in-interest to any and all liabilities associated with the Property and any environmental conditions on or emanating from the Property.

**ANSWER:**   Denied.

60.   Without admitting any liability, and while denying all claims by Plaintiffs for any damages alleged in this action, Congoleum asserts that if any liability should be found against it, BIW is obligated to indemnify, defend and save harmless Congoleum against all claims asserted against Congoleum by Plaintiffs on the basis of contract and common law indemnification, including for any and all damages, attorneys' fees, costs and other fees chargeable.

**ANSWER:**   The allegations contained in Paragraph 60 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 60.

## PRAYER FOR RELIEF

To the extent that Congoleum's prayer for relief requires an answer, BIW denies that Congoleum is entitled to any relief.  BIW denies any remaining allegations contained in the prayer for relief.

## COUNT V

## CONTRIBUTION

61.   Congoleum repeats the allegations of Paragraphs 1 through 60 as if fully restated at length herein.

14

**ANSWER:**     BIW repeats and incorporates its responses to the allegations of the above paragraphs as if fully set forth herein.

62.     Without admitting any liability, and while denying all claims by Plaintiffs for any damages alleged in this action, Congoleum asserts that if any liability should be found against it, Congoleum is entitled to and hereby demands contribution under all applicable laws, including, but not limited to, the common law, the New Jersey Joint Tortfeasor's Act, <u>N.J.S.A</u>. 2A:53A-l , <u>et</u> <u>seq</u>., and the Comparative Negligence Act, <u>N.J.S.A</u>. 2A:l 5-5.l, <u>et</u> <u>seq</u>., with respect to any damages which may be assessed against Congoleum in favor of Plaintiffs.

**ANSWER:**     The allegations contained in Paragraph 62 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 62.

## <u>PRAYER FOR RELIEF</u>

To the extent that Congoleum's prayer for relief requires an answer, BIW denies that Congoleum is entitled to any relief.  BIW denies any remaining allegations contained in the prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

Congoleum's Cross-claims fail to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Improperly Named Defendant)

BIW is not a proper defendant in any action arising from the conduct referenced in the Cross-claims.

### THIRD AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Congoleum's claims for relief are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

Congoleum's claims are barred by reason of their failure to reasonably mitigate their damages.

### FIFTH AFFIRMATIVE DEFENSE

#### (Assumption of the Risk)

Congoleum assumed the risks inherent in the activities engaged in by Congoleum.

### SIXTH AFFIRMATIVE DEFENSE

#### (Comparative Fault)

Congoleum is barred from recovery to the extent that the percentage of fault attributable to its own acts and wrongful conduct exceeds the fault, if any, of BIW.

## SEVENTH AFFIRMATIVE DEFENSE

### (Wrongful Conduct)

Congoleum's recovery is limited to the extent its own acts and wrongful conduct contributed to cause the damages which it seeks to recover.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Congoleum's claims are barred by applicable statutes of limitations, statutes of repose, or other applicable limitations.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

Congoleum's claims are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

Congoleum's claims are barred by judicial estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

Congoleum's claims are barred by res judicata.

## TWELFTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

Congoleum's claims are barred by equitable estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (CERCLA § 107(b) Defenses)

The release or threat of release of hazardous substances at the Kearny Property, if any, was caused solely by an act of God, an act of war, or an act or omission of third parties as set forth in 42 U.S.C. § 9607(b).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (New Jersey Spill Act Defenses)

BIW is not liable for any cleanup or removal costs under the New Jersey Spill Act because the discharge of hazardous substances was caused solely by war, sabotage, or God or a combination thereof pursuant to N.J. STAT. § 58:10-23.11g.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Equitable Allocation)

Pursuant to CERCLA, 42 U.S.C. § 9613(f)(1), this Court is requested to consider such equitable factors as it deems appropriate in resolving Congoleum's Cross-claims.  BIW is informed and believes and thereon alleges that upon reviewing such equitable factors, this Court will determine that BIW bears no responsibility for any response costs.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Third Parties)

The damages suffered by Congoleum, if any, proximately resulted from the negligence, breach of conduct, or other fault or misconduct of parties, persons, and/or entities other than BIW, and the liability of BIW, if any, must be limited in direct proportion to the percentage of fault actually attributable to BIW.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Allocation/Contribution)

The damages suffered by Congoleum, if any, proximately resulted from the negligence and/or tortious and/or wrongful conduct of parties, persons, and/or entities other than BIW.  BIW is therefore entitled to an allocation and/or contribution of damages according to the percentage of fault of each other such party.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Setoff or Recoupment)

To the extent Congoleum has received or hereafter receives any of the requested relief from a person or entity other than BIW, including an insurer, any recovery against BIW should be barred or reduced accordingly.

## NINTEENTH AFFIRMATIVE DEFENSE

### (Superseding or Intervening Independent Cause)

Any and all wrongful acts alleged in the Cross-claim, including any and all violations, losses, injuries, or damages alleged therein, were the result of superseding or intervening causes arising from acts or omissions of individuals and/or entities that BIW neither controlled, or had the legal right to control.  Therefore, any and all alleged violations, losses, injuries, or damages were not proximately caused by any act, omission, or other conduct of BIW.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Compliance with Laws)

All conduct and activities of BIW conformed to all statutes, regulations and industry standards, according to the state of knowledge existing at the times of the conduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Other Defenses)

BIW reserves the right to amend its answer to raise additional affirmative defenses as they become available or apparent to it through discovery in this matter or otherwise.

## JURY DEMAND

BIW demands a trial by jury on all issues so triable.

Dated:  October 8, 2018                    Respectfully submitted,

                                           *s/ George C. Jones*
                                           Thomas R. Curtin
                                           George C. Jones
                                           MCELROY, DEUTSCH, MULVANEY
                                            & CARPENTER LLP
                                           1300 Mount Kemble Avenue
                                           P.O. Box 2075
                                           Morristown, NJ 07962-2075
                                           (973) 993-8100
                                           tcurtin@mdmc-law.com
                                           gjones@mdmc-law.com

                                           Michael A. Doornweerd (*pro hac vice*)
                                           Wade A. Thomson (*pro hac vice*)
                                           JENNER & BLOCK LLP
                                           353 N. Clark Street
                                           Chicago, IL 60654
                                           (312) 222-9350
                                           mdoornweerd@jenner.com
                                           wthomson@jenner.com

                                           *Attorneys for Defendant*
                                           *Bath Iron Works Corporation*