# McElroy, Deutsch, Mulvaney & Carpenter, LLP
**ATTORNEYS AT LAW**

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

GEORGE C. JONES
Direct Dial: (973) 401-7145
gjones@mdmc-law.com

February 11, 2019

**<u>VIA ECF</u>**

Honorable James B. Clark, III
United States Magistrate Judge
Martin Luther King, Jr. Federal Building
 and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:   *DVL, Inc. et al. v. Congoleum Corp. et al.*
              <u>Civil Action No. 17-4261 (KM) (JBC)</u>

Dear Judge Clark:

     We write this letter on behalf of all parties in advance of the February 13, 10:00 a.m. telephonic status conference.  Undersigned counsel will initiate the call on February 13 for all parties.

     <u>Status on Discovery</u>

     All parties' ESI productions will be completed by February 15, 2019.  Several hundred thousand documents have been produced.  The parties have agreed on a March 15, 2019, deadline for the mutual exchange of privilege logs for ESI.

     Due to the historic and complex nature of some of the issues in this matter (including activities and transactions going back to the mid-1900s), the parties continue to review a very large number of off-site hard-copy records from parties and third-parties.  There are also some outstanding issues relating to third-party subpoenas, and disputes concerning certain claims of privilege/confidentiality.  If the parties cannot resolve these issues on or before May 3, 2019, the parties will raise them with the Court.

     No depositions have been taken, although the parties have been discussing the number of depositions needed and where there may be overlap.  The parties will continue to work cooperatively to schedule depositions.

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Hon. James B. Clark, III, U.S.M.J.
February 11, 2019
Page 2

Items to Address with Court on February 13, 2019

1. **Schedule.** The parties previewed for the Court during the November 14, 2018 status conference the likely need to extend the existing March 29, 2019 fact discovery cut-off (and the sequenced deadlines thereafter, as they were initially set in the July 2, 2018 Order, ECF 61). The Court indicated during the last status conference that it would entertain reasonable requests to extend fact discovery deadlines, but wanted to wait to hear from the parties on the status of ESI. Now that the parties have completed ESI productions, the parties believe an extension of six months to complete fact discovery is reasonable and necessary in light of the complexities of this matter and the amount of discovery still needed. A six month extension of fact discovery would result in the following amendments to the existing discovery schedule:

|  | **Current Deadline (per ECF 61)** | **Parties' proposed Deadline** |
|---|---|---|
| Fact discovery | 3/29/2019 | 9/29/2019 |
| Parties shall raise unresolved discovery disputes relating to materials produced through February 15, 2019, and privilege logs provided on March 15 2019 | N/A[1] | 5/3/2019 |
| Affirmative expert reports | 5/31/2019 | 11/31/2019 |
| Responding expert reports | 7/31/2019 | 1/31/2020 |
| Expert discovery | 9/30/2019 | 3/31/2020 |

2. **Depositions**. Per the original scheduling order in this matter (ECF 42), the parties are limited to ten depositions each. During several meet and confers among the parties going back to summer 2018, the parties discussed the 10 deposition limit per party, including the possibility that more than 10 depositions may be needed. The parties' positions are currently as follows:

> a. *BIW*: this case is essentially two matters in one. First, this case presents the significant issue of which defendant has responsibility for historical liabilities stemming from Kearny, New Jersey. This question involves corporate transactions from the 1980s and before, which involve third-parties, and

---

[1] The parties previously raised the issue of deadlines for disputes with the Court by letter dated October 18, 2018, and discussed the same during the November 14, 2018 status conference. The Court indicated that the parties had no specific deadline for raising issues relating to ESI, subpoena responses, or privilege logs not yet provided, and that the issue could be revisited during the February 13, 2019 status conference.

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Hon. James B. Clark, III, U.S.M.J.
February 11, 2019
Page 3

representations made in historical documents over decades (including Congoleum's bankruptcy), which involve different third-parties. Second, this case presents the question of which party or parties, is responsible for the specific alleged environmental damage to the DVL property. These two matters are distinct in many ways and have distinct discovery requirements. Indeed, according to BIW's memorialization of a previous meet and confer (which Congoleum did not dispute), "Congoleum suggested that the parties increase the deposition limit from 10 to 15." (S. Futernick 6/5/18 email.) Accordingly, BIW seeks leave to take up to 20 depositions at this time, with the understanding that it will endeavor to reduce that number if possible and also reserving its rights to seek more if necessary. Given the alleged damages in this litigation and the potential implications of findings in this case, 20 depositions is proportional. The parties are working on scheduling depositions cooperatively and BIW submits that it will be most efficient if the parties know sooner rather than later whether they will be limited to 10 depositions.

b. *DVL*: While DVL does not envision needing as many depositions as BIW, it too believes that ten depositions will be insufficient and accordingly seeks leave to take up to 15 depositions. Like BIW, DVL will endeavor to reduce that number if it can.

c. *Congoleum*: As noted above, the original scheduling order (ECF 42) allows for 10 depositions, in accordance with Fed. R. Civ. Pro. 30(a)(2)(A)(i). BIW seeks leave of court to increase that limit to 20 per side. In Congoleum's view, any modification of the scheduling order beyond what is allowed by the Federal Rules is premature. The parties have not yet taken a single deposition (other than two de bene esse depositions in 2017), and the number of depositions that may be necessary is entirely speculative at this stage. The parties have not begun to discuss the names of potential witnesses and the scheduling of their depositions. Therefore, Congoleum believes that the better approach is to forgo any modification of the scheduling order's limit on depositions until the parties are further along in discovery, and any good cause for enlarging the 10 deposition limit has been established by the requesting party, or consented to by all other parties. See, e.g., Culp v. La Salle Univ., No. 08-1500, 2008 U.S. Dist. LEXIS 104342, at *9 (E.D. Pa. Dec. 24, 2008) ("If, after each side has completed five depositions, they have reason to believe that they need to take more than ten depositions, they should file a motion to this effect, showing good cause and specific names of the proposed deponents, and an offer of proof as to what they expect the deposition to show, and the length of time needed.") Congoleum does not believe that

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Hon. James B. Clark, III, U.S.M.J.
February 11, 2019
Page 4

        allowing the parties free rein to take 20 depositions is an efficient mechanism for advancing the case.

    Finally, the parties raise the related issue that, due to the fact that there are three parties, it is possible that some depositions may be cross-noticed and may need to be longer than seven hours.  The parties are working cooperatively on how to schedule and account for this, but wanted to advise the Court of this issue as it considers the request for extending deadlines.

    **Confidentiality Order**.  The Court previously entered a stipulated Discovery Confidentiality Order.  (ECF 50.)  The parties jointly request the entry of an Amendment to that Discovery Confidentiality Order, which is attached hereto as Exhibit A.

Respectfully yours,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

*/s/ George C. Jones*

GEORGE C. JONES

Attachment
cc:    All counsel (by ECF and e-mail)