# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DVL, INC. and DVL KEARNY HOLDINGS, LLC, | : : : | Civil Action No. 17-4261 (KM) (JBC) |
| Plaintiffs, | : : : |  |
| v. | : : : |  |
| CONGOLEUM CORPORATION and BATH IRON WORKS CORPORATION, | : : : : | **Motion Returnable: June 3, 2019**  **ORAL ARGUMENT REQUESTED** |
| Defendants. | : : |  |

---

## BATH IRON WORKS CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES TO CONGOLEUM CORPORATION'S CROSS-CLAIMS AND DEMAND FOR JURY TRIAL

---

Thomas R. Curtin
George C. Jones
McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey
(973) 993-8100

Michael A. Doornweerd (*pro hac vice*)
Wade A. Thomson (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350

*Attorneys for Defendant*
*Bath Iron Works Corporation*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................1

ARGUMENT ........................................................................................7

I.      Rule 15(a) Provides The Appropriate Standard, Which BIW Satisfies. .........7

II.     BIW Meets The "Good Cause" Standard Under Rule 16. ...........................12

III.    BIW's Amendment Should Be Permitted Given The Parties' Intent To Each Amend Their Respective Successorship Claims In This Matter..........14

CONCLUSION ....................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

C<small>ASES</small>

*Arizona v. California*,
  530 U.S. 392 (2000)..........................................................................................4

*Bechtel v. Robinson*,
  886 F.2d 644 (3d Cir. 1989) .............................................................................7

*Boileau v. Bethlehem Steel Corp.*,
  730 F.2d 929 (3d Cir. 1984) .............................................................................9

*Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*,
  148 F. App'x 82 (3d Cir. 2005) ........................................................................8

*Dole v. Arco Chem. Co.*,
  921 F.2d 484 (3d Cir. 1990) .............................................................................8

*Eastern Minerals & Chemicals Co. v. Mahan*,
  225 F.3d 330 (3d Cir. 2000) .............................................................................8

*Foman v. Davis*,
  371 U.S. 178 (1962)..........................................................................................7

*GlobespanVirata, Inc. v. Texas Instruments, Inc.*,
  No. CIV.A. 03-2854 (GEB), 2005 WL 1638136 (D.N.J. July 12,
  2005) .................................................................................................................8

*Grill v. Aversa*,
  No. 1:12-CV-120, 2014 WL 198805 (M.D. Pa. Jan. 15, 2014) .......................13

*Harding v. Jacoby & Meyers*,
  LLP, No. CV 14-5419 (JMV), 2018 WL 3377159 (D.N.J. July 11,
  2018) ...............................................................................................................13

*High 5 Games, LLC v. Marks*,
  No. CV 13-7161 (JMV), 2017 WL 349375 (D.N.J. Jan. 24, 2017) ..............6, 10

*In re L'Oreal Wrinkle Cream Mktg. Practices Litig.*,
  No. 2415, 2015 WL 5770202 (D.N.J. Sept. 30, 2015) ...................................6, 10

*In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig.*,
 No. 08–2177, 2012 WL 406905 (D.N.J. Feb.7, 2012) .......................................14

*Long v. Wilson*,
 393 F.3d 390 (3d Cir. 2004) ............................................................................6, 9

*Marinac v. Mondelez Int'l, Inc.*,
 No. CV 2:14-7606 (WJM), 2019 WL 1767345 (D.N.J. Apr. 22,
 2019) ..............................................................................................................8, 11

*Monroe v. City of Hoboken*,
 No. CIV.A. 11-2556 JLL, 2012 WL 1191177 (D.N.J. Apr. 10,
 2012) ..................................................................................................................14

*Mullin v. Balicki*,
 875 F.3d 140 (3d Cir. 2017) ................................................................................7

*Schreck v. Walmart*,
 No. 08–5729, 2009 WL 4800225 (D.N.J. Dec.8, 2009).....................................14

*Smith v. Honeywell Int'l, Inc.*,
 No. 10-CV-03345-ES-JAD, 2014 WL 301031 (D.N.J. Jan. 27,
 2014) ..................................................................................................................12

*Taylor v. Ambrifi*,
 No. 115CV03280NLHKMW, 2019 WL 1650082 (D.N.J. Apr. 17,
 2019) ....................................................................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15 ............................................................................................passim

Fed. R. Civ. P. 16 ............................................................................................passim

\* Exhibits D-N cited in this Reply Brief are attached to the Second Declaration of George C. Jones in Support of Motion for Leave to File Amended Pleading, submitted herewith.

Defendant Bath Iron Works Corporation ("BIW") respectfully submits this Reply in support of its Motion for Leave to Amend its Answer and Affirmative Defenses to Congoleum Corporation's Cross-Claims ("Motion").

## INTRODUCTION

Congoleum Corporation ("Congoleum") seeks to deny BIW leave to add the affirmative defenses of collateral estoppel and bad faith because Congoleum has no credible response to those defenses, which apply here, because Congoleum has asserted for the past 20-plus years, to courts and federal agencies alike, that it is the successor to the Congoleum companies that operated a resilient flooring factory in Kearny, New Jersey.  Now, having obtained the benefits of taking that position, Congoleum attempts to assert the opposite factual position and claim that BIW is the successor to the former Congoleum factory in Kearny.  *Compare* Ex. D at CONG_0340510-11 (a 2002 pleading in which Congoleum alleges that "Congoleum *is the successor* to Congoleum-Nairn, Inc. and Congoleum Industries, Inc. as well as successor to other corporations using the name Congoleum Corporation") *with* Ex. E at CONG_0264075 (a 2019 letter to the EPA in which Congoleum certifies that "Congoleum *is not the corporate successor* to any company. . . who owned or operated any manufacturing facilities on property in Kearny, New Jersey, including but not limited to . . . Congoleum Nairn, Inc., . . . [or] Congoleum Industries, Inc.[.]").") (emphasis added).

Congoleum's Opposition to BIW's Motion (ECF No. 104, "Opposition") does not show that Congoleum will be prejudiced in any way by the amendment, nor does it demonstrate that BIW has gained any unfair advantage by seeking to amend at this time.  Rather, Congoleum claims that BIW should have moved to add its two new affirmative defenses sooner, and it advances an overly rigid view of the Amended Scheduling Order (ECF. No. 61, the "Amended Scheduling Order") in this matter – ignoring the fact that discovery remains open for more than four months, and placing form over substance in a way that is contrary to federal pleading practice.

***BIW's Diligence.***  BIW was diligent in bringing its two new affirmative defenses, which are directed to Congoleum's claim that BIW is the successor to the liabilities of the Congoleum flooring business' former Kearny, New Jersey facility. The question of successorship is largely governed by a set of 1986 transaction documents (the "1986 Agreements") whereby the flooring business was spun-off from a common corporate parent.  During the period from 1986 to at least 2012, Congoleum's former CFO and Controller, Howard Feist, had a 2-volume bound set of the 1986 Agreements in his office, and was familiar with their content.  (Ex. F, Feist Dep. at 44:2-46:12.)  Also during that time, Mr. Feist was a primary liaison to Congoleum's outside law firm of Dughi Hewit.  (*Id*. at 40:21-41:2.)  As evidenced directly below, documents requested by BIW on April 16, 2018 (in BIW's First RFPs to Congoleum) and on July 23, 2018 (in BIW's third-party subpoena to Dughi

Hewit), but produced to BIW after the deadline to amend pleadings, evidence Congoleum's prior representations that *it is* the successor to the Kearny facility and/or the Congoleum flooring business.

For example, on April 25, 2019 – just two weeks before BIW filed its Motion (and only six days before BIW sought Congoleum's consent to amend), Congoleum produced a May 7, 2001 letter from Dughi Hewit to the Department of the United States Navy representing to the government that "Congoleum Corporation is the successor-in-interest to Congoleum-Nairn, Inc." in order to obtain certain insurance records relating to the predecessor companies.   (Ex. G at CONG_0272063.) Similarly, on March 26, 2019, Congoleum produced an August 15, 2003 letter to the United States Environmental Protection Agency ("EPA") whereby Congoleum refers the EPA to an attached "Corporate History of Congoleum Corporation," which states:  "*This '1986' Congoleum Corporation…is a successor only to the resilient floor product operations.*" (Ex. H at CONG_0009101 (emphasis added).)[1]

Further, on May 15, 2019, *after* the filing of BIW's Motion, Congoleum produced its 2002 Amended Answer from insurance coverage litigation in New

---

[1] While BIW had the response in late 2018, BIW could not determine when the response was sent, who sent the response, or who received the response without the cover letter.  After Congoleum refused to answer whether it even had the cover letter, BIW ultimately sought it from Congoleum's outside counsel at Dughi Hewit.  BIW received the cover letter (Ex. H at DH&D-BIW-026594) five months after it initially requested it, and months after the amendment deadline.

Jersey Superior Court (Docket No. MID-L-8908-01 (N.J. Super. Ct.), the "Coverage Action"). (*See* Ex. D.) It had been responsive to BIW's initial document request served April 16, 2018. In it, Congoleum alleges that *"Congoleum is the successor to the Congoleum-Nairn, Inc. and Congoleum Industries, Inc. as well as successor to other corporations using the name Congoleum Corporation and is entitled to all the rights and benefits of the insurance contracts issued . . . to such Congoleum predecessors."* (*Id.* ¶¶ 6, 29, 36, Appendix A (emphasis added).)[2] Congoleum settled that matter, which ended in a dismissal with prejudice, signed by the judge. *See* Coverage Action, Dkt. No. MID-L-8908-01 (February 17, 2005) (stipulating to dismissal with prejudice).[3]

On April 16, 2018, BIW served Congoleum with a Request to Admit ("RFA") the truth and accuracy of statements made by Congoleum's former CFO, Mr. Feist, in a declaration he submitted to a federal court in 2006, which stated "Congoleum is the successor in interest to the entity Congoleum-Nairn, Inc." (Ex. I, Congoleum's

---

[2] Although BIW separately discovered a similar document during its own fact investigation prior to the recent production from Congoleum (but after the October 2018 deadline), *see* Motion at 6, it still demonstrates Congoleum only now producing documents that go to the crux of dispute.

[3] Congoleum should be precluded from asserting the opposite now. *See e.g., Arizona v. California,* 530 U.S. 392, 414 (2000) (issue prelusion is appropriate for settlements where "parties intend their agreement to have such an effect"); *Taylor v. Ambrifi*, No. 115CV03280NLHKMW, 2019 WL 1650082, at *5 (D.N.J. Apr. 17, 2019) (stating issue preclusion concepts "includes dismissals with prejudice as a result of a settlement.") (internal citation omitted)).

Responses to RFAs 4, 6.)  Congoleum denied BIW's RFAs on May 31, 2018.  (*Id.*)
Then, just last week at his deposition, Mr. Feist admitted that his statements to the
court in 2006, which were contained in BIW's RFAs, were true and accurate.  (*See*
ECF No. 103-1 at 11; Ex. F at 63:11-64:8, 181:7-182:7, 183:14-22; 184:10-18.)

      BIW was diligent in pursuing document discovery concerning Congoleum's
claim that it was the successor to the Congoleum flooring business' Kearny facility,
but relevant and responsive documents were belatedly produced to BIW and a
legitimate RFAs were baselessly denied.  Indeed, since the October 26, 2018
deadline to amend was set (ECF No. 61), over **one million** pages have been produced
to BIW in this matter, with Congoleum making four different productions over the
past three weeks alone.  As BIW was reviewing newly produced documents, and
revisiting its legal strategy in preparation for depositions, it promptly sought leave
to add the two new affirmative defenses for which there is evidence.  (*See* ECF No.
103-1 at 1.)  And the discovery material received since this Motion – much of which
should have been provided sooner – further supports the amendment.

      ***The Scheduling Order.***  In the Opposition, Congoleum takes an unreasonable
view of the Amended Scheduling Order.  (*See* ECF No. 61.)  "[I]n nearly every case,
the deadline for the amendment of pleadings should be near the close of fact
discovery," giving the parties the ability to amend as new facts are uncovered during
discovery so that cases can be decided on the merits rather than pleading

technicalities. *High 5 Games, LLC v. Marks*, No. CV 13-7161 (JMV), 2017 WL 349375, at *3 (D.N.J. Jan. 24, 2017); *see also In re L'Oreal Wrinkle Cream Mktg. Practices Litig.*, No. 2415, 2015 WL 5770202, at *2 (D.N.J. Sept. 30, 2015) ("The contemplation in preparing the original scheduling order was to have the amendment deadline close to the deadline for the close of discovery.").  While the first two scheduling orders in this case set the deadline to amend pleadings five to six months prior to the close of fact discovery, the operative scheduling order in the case contains no such amendment deadline.  (ECF Nos. 42, 61, 89.)[4] When BIW first requested consent from Congoleum for its amendment on April 19, 2019, more than five months still remained before the close of fact discovery on September 29, 2019 – within the range prescribed by the Court in its previous order.  Moreover, a trial date has yet to be set (*see* ECF No. 89 at 1) and BIW and Congoleum have just begun depositions.[5]  Under these circumstances, Congoleum's form-over-substance adherence to the amendment deadline in the Amended Scheduling Order is inconsistent with both Rules 15 and 16, and does not undermine the numerous bases that favor allowing the amendment.

---

[4] BIW was involved in proposed schedule revisions, and provides this information as background, not criticism of the Court.

[5] Congoleum states in its Opposition that depositions were underway at the time BIW filed its Motion, on May 10, 2019.  (*See* ECF No. 104 at 2, 8.)  First, BIW sought Congoleum's consent to amend its pleadings over two weeks *before* any depositions.  Second, the first deposition in this Action occurred on May 8, 2019, and was the deposition of *Plaintiff's* corporate representative, which is irrelevant.

## **ARGUMENT**

Motions to amend pleadings should be liberally granted and claims should be decided on the "merits" and not avoided on the basis of "mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181–82 (1962). *See also Long v. Wilson*, 393 F.3d 390, 400-01 (3d Cir. 2004) (explaining "rigid adherence to formalities and technicalities must give way before the policies underlying Rule 15."); *Bechtel v. Robinson*, 886 F.2d 644 (3d Cir. 1989) (same). The Supreme Court explained: "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman*, 71 U.S. at 181; *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017). Against this backdrop, BIW's amendment should be permitted under either Rule 15 or 16.

## I.    Rule 15(a) Provides The Appropriate Standard, Which BIW Satisfies.

Congoleum asserts that the Court should apply the Rule 16 standard to BIW's Motion, instead of the less stringent standards of Rule 15(a). (*See* ECF No. 104 at 3.) However, BIW's case law in support of the Rule 15(a) standard is more recent and more analogous. Specifically, BIW noted in its Motion that courts "sanction the use of the more liberal Rule 15 standard" when the parties are still in discovery, even where a scheduling order deadline has passed. (ECF No. 103-1 at 9 (*citing Marinac v. Mondelez Int'l, Inc.*, No. CV 2:14-7606 (WJM), 2019 WL 1767345, at *1-2

(D.N.J. Apr. 22, 2019) (granting the moving party's motion to amend its pleading, even though the court's scheduling order passed, because the parties were still "embroiled in the early stages of discovery.").)  Notably, Congoleum completely ignores *Marianc* in its Opposition.  The more analogous rationale underlying the decision from *Marinac* – decided just over one month ago – (and the related cases) should end this dispute in BIW's favor.

None of the cases cited by Congoleum to support Rule 16's applicability are analogous.  Here, the parties are in the midst of discovery and the party seeking leave to amend (BIW) is still receiving (and expecting additional) document productions from the non-moving party and numerous third parties.  Congoleum, however, fails to cite to any Rule 16 cases considering motions to amend where discovery remains open and active, missing the point of BIW's argument entirely.  *See, e.g., Dimensional Commc'ns, Inc. v. OZ Optics, Ltd*., 148 F. App'x 82 (3d Cir. 2005) (affirming denial of motion for leave to amend where moving party found to have a dilatory motive, with no discussion of whether discovery remained open); *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330 (3d Cir. 2000) (same); *GlobespanVirata, Inc. v. Texas Instruments, Inc*., No. CIV.A. 03-2854 (GEB), 2005 WL 1638136, (D.N.J. July 12, 2005) (relying on Rule 16 to deny a motion for leave to amend where discovery had already closed).

BIW easily satisfies the liberal standard for amending pleadings under Rule 15(a).  As even Congoleum's cited cases state, "prejudice is the touchstone for the denial of an amendment," (ECF No. 104 at 7), but Congoleum did not even attempt to demonstrate how it would be prejudiced by BIW's amendment, nor could it. Congoleum only states in passing – and *ipse dixit* – that it "would be prejudiced if BIW were allowed to amend its pleadings," but Congoleum provides *no explanation*. (ECF No. 104 at 5.)   "A mere claim of prejudice is not sufficient"; there must be some showing the party is "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the [] amendments been timely." *Dole v. Arco Chem. Co*., 921 F.2d 484, 488 (3d Cir. 1990).  Moreover, as explained in BIW's Motion, these affirmative defenses (1) do not stray far from the affirmative defenses BIW has already pled; and (2) can come as no surprise to Congoleum.  (ECF. No. 103-1 at 3.)  Congoleum did not even attempt to rebut those realities, nor could it.  Clearly, Congoleum faces no prejudice.

Instead, in asserting that BIW fails to meet the more liberal Rule 15 standard, Congoleum focuses on BIW's supposed "undue delay."  (ECF No. 104 at 8.)  But delay alone is an "insufficient ground to deny" a motion to amend, unless the delay unduly prejudices the non-moving party.  *See e.g., Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984) (district court erred in not permitting the amendment 10 years after original complaint when there was no prejudice

demonstrated); *High 5 Games, LLC v. Marks*, No. CV 13-7161 (JMV), 2017 WL 349375, at *3 (D.N.J. Jan. 24, 2017) (finding no prejudice where motion was brought "before document discovery was complete" and the delay was "insignificant when viewed through the prism of the case at large"). The Third Circuit explicitly held delay requires undue prejudice, because accepting the opposite "would certainly run counter to the well-established rule that amendments should be liberally allowed." *Long*, 393 F.3d at 401. In sum, "[t]he absence of prejudice renders any arguable delay materially irrelevant." *In re L'Oreal*, 2015 WL 5770202, at *4.

As explained in its Motion, and as elaborated upon herein, BIW began to seek to amend its pleadings right before depositions started because that was when BIW was revisiting its legal and factual strategies (ECF No. 103-1 at 1, 5: "[i]n preparing for the first depositions . . . it became apparent to BIW that the additional affirmative defenses of collateral estoppel and bad faith should be asserted against Congoleum"), and this included the review of documents recently produced to BIW which support these additional affirmative defenses. (*See* ECF No. 103-1 at 10.) The ongoing assessment of a party's case strategy throughout the discovery process is an unremarkable reality of complex litigation. Congoleum's attempt to deprive

BIW of affirmative defenses (which do not prejudice it) over this reality is the type of "technicality" argument that the case law and rules reject.[6]

As described above, BIW and Congoleum each claim the other is the successor to the liabilities of the Congoleum flooring business' former Kearny, New Jersey facility.  Yet, Congoleum has produced documents in which it represented to federal agencies and courts alike that *it* was the successor.  (*See* Exs. D, G, H.)[7] Because these facts came out in discovery, after the deadline to amend, and support viable estoppel and bad faith defenses to Congoleum's claim that it is not the successor, BIW moved to amend.  Absent undue delay, bad faith, dilatory motive on the part of the moving party, undue prejudice to the non-moving party, or futility, leave to amend "should, as the rules require, be 'freely given.'" *Marinac*, 2019 WL 1767345, at *1.  Congoleum fails to provide support for any of these factors.

---

[6] Because BIW made plain in its Motion these reasons for seeking to amend now, Congoleum should not be granted leave for any further briefing.  Alternatively, if the Court believes it needs additional briefing, BIW may want to respond to whatever new arguments Congoleum raises.

[7] Congoleum has accused BIW of being overbearing in discovery.  But the determination of the successor to historic liabilities in Kearny has implications beyond this case, and Congoleum has a long history of disputes so it has a multitude more documents than BIW.  Having brought BIW into this lawsuit based on a position contrary to its positions in numerous fora, Congoleum cannot complain that BIW is being diligent (yet proportional) in searching for (and finding) such evidence.

## II.   BIW Meets The "Good Cause" Standard Under Rule 16.

Even if the Court were to analyze BIW's Motion under the Rule 16 good cause requirement, BIW would still meet its burden.  Contrary to Congoleum's assertions that "BIW plainly ignores" and "attempts to breeze past the 'good cause' standard of Rule 16," (*see* ECF No. 104 at 4), BIW did address, and does have, good cause under Rule 16.  For example, as BIW stated, "in preparing for the first depositions . . . it became apparent to BIW that the additional affirmative defenses . . . should be asserted against Congoleum."  (ECF No. 103-1 at 1.)  It was during this time that "Congoleum produced a variety of documents showing that Congoleum had stated . . . that it, not BIW, is successor-in-interest to Congoleum-Nairn. Inc."  (*Id*. at 6.)

Congoleum asserts the "focus of the 'good cause' inquiry under Rule 16 is not on the prejudice to Congoleum but rather on the 'diligence of the moving party.'" (ECF 104 at 5.)  As described above, BIW has attempted to discover documents diligently, yet Congoleum has delayed on many occasions, going so far as to give itself a stay on even reviewing a large amount of documents.  (*See* ECF No. 100 at 9-10 ("Congoleum has not yet undertaken the review of these documents, and will not do so until the Court rules on [BIW's pending motion to compel].")[8]

---

[8] While BIW has been diligent, Congoleum has missed several formal discovery deadlines, without explanation or seeking extension.  This occurred again last week. (*See e.g.,* Ex. J.)

A moving party demonstrates diligence when the party moves to amend after new evidence was revealed through discovery.  *See, e.g., Smith v. Honeywell Int'l, Inc.*, No. 10-CV-03345-ES-JAD, 2014 WL 301031, at *7 (D.N.J. Jan. 27, 2014) (granting a motion to amend explaining that the plaintiffs were diligent in obtaining discovery through subpoenas, wading through millions of documents during a rolling production, pointed to discovery disputes that delayed production of the materials, and ultimately moved to amend promptly after receiving and analyzing the materials); *Grill v. Aversa*, No. 1:12-CV-120, 2014 WL 198805, at *4 (M.D. Pa. Jan. 15, 2014) (granting a motion to add affirmative defenses after the scheduling order deadline because the defendants acted with due diligence upon discovery of such facts uncovered during the course of extensive discovery).  Congoleum is seeking to penalize BIW for the fact that it only recently produced materials that go to the crux of the very defenses BIW seeks to add.  Moreover, "the passage of time, by itself, does not preclude a finding of good cause."  *Harding v. Jacoby & Meyers*, LLP, No. CV 14-5419 (JMV), 2018 WL 3377159, at *4 (D.N.J. July 11, 2018) (relying on Rule 16 to grant a motion to amend after "recogniz[ing] that much time has passed since the old deadline to amend expired").

Congoleum further states that BIW cannot satisfy the Rule 16 good cause requirement because BIW was in possession of the facts underlying its proposed amendment before the amendment deadline. (*See* ECF No. 104 at 3.)  The fact is

that BIW was reviewing recently produced documents and "revisiting case strategies in preparation for depositions." (*See* ECF No. 103-1 at 1, 5, 10.) Pointing back, with the benefit of hindsight, to some facts in a complex case with millions of pages of documents does not demonstrate that BIW lacks "good cause" by seeking to amend defenses *before* any depositions were taken. Moreover, even if Congoleum's argument were accepted that BIW accidentally "missed" these amended defenses earlier, that would also be sufficient "good cause" given that there is "no harm" to Congoleum and "no delay" in the proceedings. *See Monroe v. City of Hoboken*, No. CIV.A. 11-2556 JLL, 2012 WL 1191177, at *6 (D.N.J. Apr. 10, 2012) ("Courts have found good cause where there is simple inadvertence, no harm to defendants and no delay in the proceedings."); *Schreck v. Walmart*, No. 08–5729, 2009 WL 4800225, at *2 (D.N.J. Dec. 8, 2009) (good cause found where counsel failed to timely move to amend due to inadvertent mistake and the case would not be delayed, and "[m]ost important," would not cause prejudice); *In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig.*, No. 08–2177, 2012 WL 406905, at *5 (D.N.J. Feb. 7, 2012) (same). This is yet another reason the Court should focus on Congoleum's lack of prejudice.

## III.   BIW's Amendment Should Be Permitted Given The Parties' Intent To Each Amend Their Respective Successorship Claims In This Matter.

Finally, Congoleum's strident Opposition to BIW's Motion is inexplicable in light of Congoleum telling another federal court – months after the deadline for amending claims in this case – that it would *consent* to BIW bringing its related

successorship claims into this lawsuit.  Specifically, in February 2019, Congoleum moved to transfer to this Court a case filed by BIW in the district court of Maine ("Maine Action") claiming it related to the parties' successorship claims in this matter.  (*See* Exs. K, L, M, N; Ex. M at 7 n.4: Congoleum specifically represented that "should [the Maine Action] be transferred to the District of New Jersey, Congoleum would *consent* to amending the pleadings in the DVL Litigation.")  On May 14, the Maine court transferred the case here. (Ex. N.) BIW is in discussions with Congoleum to efficiently bring its claims (as well as Congoleum's revised claims, giving BIW the opportunity as matter or right to amend its defenses) before this Court.  Given these representations to another court, it should not be hard to find that any amendment to BIW's affirmative defenses will not prejudice Congoleum.  Accordingly, this Motion should be granted for this independent basis.

**<u>CONCLUSION</u>**

BIW respectfully requests that this Court grant BIW's Motion.

Dated:  May 10, 2019                    Respectfully submitted,

*/s/ George C. Jones*
Thomas R. Curtin
George C. Jones
MCELROY, DEUTSCH, MULVANEY
 & CARPENTER LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
(973) 993-8100
tcurtin@mdmc-law.com

15

gjones@mdmc-law.com

Michael A. Doornweerd (*pro hac vice*)
Wade A. Thomson (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
mdoornweerd@jenner.com
wthomson@jenner.com

*Attorneys for Defendant*
*Bath Iron Works Corporation*