

Camille V. Otero
Director
Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4509 Fax: 973-639-8321
cotero@gibbonslaw.com

November 4, 2019

Hon. James B. Clark, U.S.M.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re: **DVL, Inc., et al. v. Congoleum Corp. and Bath Iron Works Corp.**
       **Civil Action No. 17-4261 (KM) (JBC)**

Dear Judge Clark:

  This firm represents Congoleum Corporation ("Congoleum"). Please accept this letter as both the parties' joint letter on outstanding discovery issues as requested by the Court (ECF No. 136, para. 2) and the parties' joint status update. The Parties wish to discuss the following items with Your Honor at this week's telephonic status conference.

  **1.** **BIW's pending Motion to Compel Production.** Pursuant to the Court's direction, the parties have filed updated briefs (ECF 145, 147) regarding BIW's pending motion to compel, which was originally filed in June 2019 (ECF 120) following the filing of 5-page letters on this issue in February and March 2019 (ECF 90, 95), and a combined letter submission on April 9, 2019 (ECF 100) per the Court's order.

  **2.** **Dughi Hewit third-party subpoena.** On July 23, 2018, BIW issued a subpoena to the law firm of Dughi Hewit & Domalewski P.C. ("Dughi Hewit"), a law firm that has represented Congoleum in various matters. The parties have a dispute regarding compliance with that subpoena.

  <u>BIW:</u> As BIW has raised with the Court in the last two joint status letters in this case (*see* ECF 116 and 135), Congoleum has refused to review numerous boxes of Dughi Hewit documents while BIW's motion to compel remains pending (*see* ECF 120). After an inspection of Dughi Hewit documents ,BIW provided Congoleum with a list of 117 boxes identified for production on March 11, 2019. On April 9, 2019, Congoleum stated to the Court that it "has not yet undertaken the review of the [Dughi Hewit documents selected for production], and will not do so until the Court rules" on BIW's motion to compel, a position it did not raise with BIW or DVL prior to submitting to the Court. (*See* ECF Nos. 90, 100.) All of those documents will need to be reviewed and some will need to be produced in this matter, regardless of the outcome of the motion to compel. The September 25, 2019 deposition of Mr. Hewit raised additional issues about documents in Dughi Hewit's possession that will also need to be resolved along with the outstanding materials that Congoleum needs to review and produce from the Dughi Hewit files. BIW has sought documents from Dughi Hewit for over a year because it became apparent through discovery that Dughi Hewit is in possession of unique documents and knowledge that were unobtainable from other sources, and that some of those materials are not covered by any privilege

Hon. James B. Clarke, U.S.M.J.
November 4, 2019
Page 2

or Confidentiality Order.  Also, it is worth noting that Mr. Hewit had key, unprivileged communications with many third-parties, including the EPA concerning the Kearny, NJ property at issue here, and that Congoleum cross-noticed Mr. Hewit's deposition and elicited fact witness testimony from him.

      Congoleum:  For context, the Dughi Hewit firm has represented Congoleum for many years, and BIW's subpoena was extensively overbroad and burdensome.  In addition to the ESI and some documents produced on an expedited basis, Dughi Hewit provided BIW and DVL access to approximately 170 boxes of materials, of which the parties selected 115 for scanning and production.  Congoleum and DH&D did review and produce approximately 10% of the requested documents—*i.e.*, those which Congoleum could quickly discern that no protection against disclosure was warranted.  Remaining to be reviewed are over 13,000 documents comprising over 171,000 pages.  Congoleum believes that the vast majority of these remaining documents are likely protected from disclosure under the confidentiality and protective orders that are the subject of BIW's Motion to Compel (*see* ECF 120), or otherwise protected from disclosure as subject to the attorney-client privilege and/or work-product doctrine.  Congoleum maintains its position that it and Dughi Hewit should not have to review and log *thousands* of documents while BIW's Motion to Compel remains pending.  If BIW wins its motion and Congoleum and Dughi Hewit are so ordered, the materials deemed to be not protected under the Orders will be promptly reviewed and produced, to the extent responsive and not privileged.  However, if BIW's motion is denied, Congoleum and Dughi Hewit will not be required to log those thousands of documents beyond a general categorical log—which will obviate the need for a very costly attorney review.

      DVL:  DVL agrees with BIW's positions stated above.

**3.**      **Assertions of privilege at Hewit deposition**.  On September 25, 2019, BIW and DVL deposed long-time Congoleum attorney, Russell Hewit.  BIW and DVL each contend that various assertions of privilege were improper.  The parties have preliminarily conferred on this issue, and may do so again now that the final transcript has been received.  The parties agree that this issue is too complex to brief in this 7-page status letter, and request that the Court provide direction as to whether this dispute should be resolved via 5-page letter submissions (for which BIW and Congoleum will separately work out a proposed schedule), or by a formal motion.

      BIW:  BIW submits that it may make more sense, and potentially save resources, to brief this issue if necessary after BIW finally receives the other 90% of the Dughi Hewit documents Congoleum has not reviewed and produced. (See issue No. 2 above.)  BIW is concerned that Congoleum's overbroad assertions[1] are also being applied to Dughi Hewit and Congoleum's privilege review of Dughi Hewit's documents responsive to BIW's subpoena.)

---

[1] For example, Congoleum refused to allow Mr. Hewit to answer questions about the fact of when he first became aware of the 1986 transaction at the heart of the parties' dispute, the fact of when he first saw the 1986 transaction documents, and whether his firm has possession of the transaction documents.

Hon. James B. Clarke, U.S.M.J.
November 4, 2019
Page 3

      Congoleum: The timing of when this issue is resolved is entirely up to BIW, as it is BIW that has raised the dispute about allegedly improper privilege assertions. If BIW wishes to wait to raise this issue until after the Court resolves the Motion to Compel, Congoleum has no objection.

      **4.** **Century third-party subpoena.** In 2018, BIW subpoenaed Century Indemnity Company ("Century") (who was on the other side of the settlement agreement with Congoleum in 2006 that has been the subject of much briefing before this Court). BIW and Century have only one remaining category of documents at issue (Century's communications with Dughi Hewit and Congoleum concerning this lawsuit). Assuming Dughi Hewit agrees to provide the outstanding materials concerning Century (see No. 2, above), BIW will not need to compel anything from Century.

      **5.** **DVL's Request to Re-Depose Witnesses**. On August 29, 2019, DVL served a Notice and Subpoena for the deposition of Tony Piacente, a former employee of Congoleum. Mr. Piacente was previously subpoenaed by Congoleum and deposed, *de bene esse*, on September 13, 2017, prior to the exchange of any discovery in this action. DVL also requested to re-depose Congoleum's 30(b)(6) witnesses, Messrs. Sapienza and Pearson, and Congoleum employee Jim Monyak. Those depositions were taken between May and July of 2019.

      DVL: DVL seeks to re-depose Mr. Piacente because in October 2018, Mr. Piacente signed an affidavit for Congoleum as part of its submission in the Lower Passaic OU2 Allocation, which contains admissions of PCB usage by Congoleum in Kearny, NJ. Those admissions contradict Mr. Piacente's prior sworn testimony, both in his *de bene esse* deposition and in a sworn affidavit provided to DVL before this litigation was commenced. Those admissions also contradict positions argued by Congoleum throughout this litigation. Mr. Piacente, who is 91 years old and, according to Congoleum, in poor health, is the sole available source of knowledge relating to the admitted PCB usage. DVL also seeks to re-depose Mr. Monyak and Congoleum's 30(b)(6) witnesses because Congoleum withheld the 2018 affidavit, as well as two of its April 2019 OU2 allocation submissions discussing the PCB usage, until August 15, 2019, after those depositions had concluded. DVL accordingly was deprived of any ability to question Congoleum's witnesses regarding the affidavit, OU2 submissions, and the admitted PCB usage. DVL's requests to re-depose the witnesses were addressed by five-page letters to Your Honor's chambers on September 16, 2019 (by DVL, requesting leave) and September 18, 2019 (by Congoleum, in opposition). At the Court's direction, DVL and Congoleum subsequently met and conferred. DVL offered to compromise by only re-deposing Mr. Piacente and foregoing the remaining depositions if Congoleum agreed to adopt Mr. Piacente's testimony. Congoleum did not accept the compromise and believes DVL should not be allowed to re-depose any of the witnesses. Given the complexity of the matter, DVL requests that this Court either decide this matter upon the prior five-page submissions and oral argument, or instruct DVL to file a formal Motion.

Hon. James B. Clarke, U.S.M.J.
November 4, 2019
Page 4

Congoleum: Mr. Piacente was already deposed in this matter and counsel for DVL was present at that deposition and asked him numerous questions under oath. Specifically, DVL's counsel had the opportunity to question Mr. Piacente about the topics on which DVL now contends it wants to further examine Mr. Piacente—the presence of PCBs at the Kearny Property—and in fact did so. Prior to that 2017 deposition, Mr. Piacente provided an affidavit of his knowledge relevant to this lawsuit, in which Mr. Piacente rejected DVL's unsubstantiated claims that Congoleum's "decades of manufacturing" of flooring products on the DVL parcel of the larger Kearny facility resulted in the PCB contamination at issue. Mr. Piacente's later, 2018 affidavit was prepared for a separate purpose in connection with the OU2 Allocation proceedings. Importantly, the 2018 affidavit in no way contradicts any prior statement that Mr. Piacente previously made. The lone statement with which DVL expresses concern from the 2018 affidavit refers to a *single* trial run involving PCBs that took place in a building that is *not* located on the DVL Parcel, but rather in a building never owned or operated by DVL. As laid out in more detail in Congoleum's September 18, 2019 five-page submission on this issue, DVL simply has no basis to subject Mr. Piacente—who is 91 years old—to a second deposition. Similarly, DVL has no basis to subject Congoleum's 30(b)(6) witnesses Mr. Sapienza and Mr. Pearson, or Mr. Monyak (who is not a 30(b)(6) witness) to a second deposition based on the supposed proposition that Mr. Piacente's 2018 affidavit offers new information for which DVL would like another bite at the apple. DVL's request to re-depose each of these witnesses is without merit and can be denied without further inquiry. If the Court deems it necessary to further entertain DVL's request, it should allow the parties to be fully heard via a formal motion.

BIW: BIW agrees with Congoleum.

**6.     DVL's Requests for Admission Served on August 30, 2019.** On August 30, 2019, DVL served on Congoleum and BIW separate sets of Requests for Admission ("RFAs"). BIW responded to the RFAs with a reservation to withdraw its responses if the Court concluded that the RFAs were untimely. Congoleum did not respond to the RFAs.

Congoleum: DVL's RFAs are out of time, and Congoleum should not have to respond to them. The deadline for fact discovery is September 29, 2019. Under the Federal Rules of Civil Procedure, "[w]ritten discovery is not timely unless the response to that discovery would be due before the discovery deadline," and "[t]he responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline." *McMillan v. J.P. Morgan Chase Bank, N.A.*, 2017 WL 373447, at *1 (M.D. La. Jan. 25, 2017). Here, responses for DVL's RFAs would be due Monday September 30, 2019—after the fact discovery end date—as the thirty day response time lands on the preceding weekend. Therefore, Congoleum is not required to respond to these untimely requests. If the Court requires a separate letter on this issue, or a formal motion to quash, Congoleum will file it promptly.

DVL: DVL believes Congoleum should answer DVL's timely requests for admissions. The discovery end date in this matter is Sunday, September 29, 2019 (ECF No. 89). DVL

Hon. James B. Clarke, U.S.M.J.
November 4, 2019
Page 5

accordingly believed and still does that discovery due on September 29, 2019 is timely. The case cited by Congoleum directly references a Middle District of Louisiana local rule which states discovery is untimely if the response date is not before the deadline. The District of New Jersey has no such local rule. The requests for admissions are therefore timely and Congoleum should respond. If the Court disagrees, then DVL's misunderstanding is excusable, and good cause exists to extend the deadline for one day to September 30, 2019 pursuant to Fed R. Civ. P. 6(b)(1)(A).

7. **BIW & Congoleum Responses to RFAs.** Congoleum and BIW have each responded to each other's two sets of Requests for Admission. The parties have exchanged letters asserting various objections, and thereafter served supplemental and/or amended responses to certain requests. The parties continue to exchange correspondence on these issues. The parties include this item in the joint status letter so as to alert the Court that future Court involvement may be necessary. We will advise the Court on November 7th as to the status of this dispute. To the extent Court involvement is necessary, Congoleum and BIW would agree to resolve this dispute by way of letter submissions to the Court with responses within fourteen (14) days. BIW and Congoleum would also agree to the Court setting a deadline for the parties to resolve this issue, or otherwise seek Court intervention.

8. **T.C. Garrod Deposition Issue.** On September 30, 2019, Congoleum filed a letter regarding an alleged waiver of work product protection that occurred at the deposition of T.C. Garrod. (ECF 140.) BIW responded by letter dated October 2, 2019. (ECF 142.) The parties conferred, but were unable to resolve this dispute. This dispute is ripe for the Court's resolution.

9. **Greg Milmoe Deposition Issue.** Congoleum and BIW are at odds regarding BIW's assertion of attorney client privilege and work product protection at the deposition of Skadden attorney Greg Milmoe, who represented Congoleum Industries, Inc. in a 1986 transaction that is relevant to the current dispute between Congoleum and BIW. Congolem contends that BIW—by noticing Mr. Milmoe's deposition and questioning him on his intent regarding certain transaction documents—put privileged information "at issue" and has therefore waived attorney client privilege and work product protection. BIW disputes this contention for various reasons, including that Congoleum itself affirmatively elicited "intent" evidence from various witnesses. BIW attempted to avoid burdening the Court with this issue by offering Congoleum production of *all* the privilege log documents Congoleum requested (without agreeing that there was a waiver or that another deposition of Mr. Milmoe was justified without additional cause shown from those additional documents), but Congoleum declined the offer. Congoleum and BIW believe that this issue is too complex to brief in this 7-page status letter. Congoleum requests leave to file a 5-page letter regarding this dispute no later than November 12, and for BIW to respond on or before November 26.

10. **Consolidation.** Presently pending before this Court is Congoleum's Motion to Consolidate this matter with the action captioned *Bath Iron Works Corporation v. Congoleum Corporation*, Case No. 2:19-cv-12517-KM-JBC (the "Transferred Action"). (ECF 115.) On

Hon. James B. Clarke, U.S.M.J.
November 4, 2019
Page 6

August 28, 2019, the Court in the Transferred Action granted a joint request by BIW and Congoleum to adjourn the initial conference pending BIW's filing of a third-party action in the matter captioned *Occidental Chemical Corp. v. 21st Century Fox America, et al.*, No. 2:18-cv-11273-MCA-JAD (the "Occidental Action"). BIW has now filed a Third-Party Complaint against Congoleum in the Occidental Action. BIW and Congoleum anticipate that they will be able to file a stipulation that their indemnification/successorship claims and defenses concerning both the DVL Property and the larger Kearny Property at issue in the Transferred Action and Occidental Action should be consolidated in this case (17-cv-04621). That agreed-upon consolidation would moot Congoleum's pending Motion to Consolidate cases 17-cv-04621 and 19-cv-12517 (ECF 115), as well as BIW's Motion to Amend its Crossclaims (ECF 114) and BIW's Motion to Amend its Answer & Affirmative Defenses (ECF 104). BIW and Congoleum would then stipulate to file amended crossclaims against each other, and answers thereto, in the DVL Action. BIW and Congoleum anticipate that this can be resolved in the next thirty (30) days.[2]

### 11. Schedule for filing of dispositive motions against Plaintiffs' claims.

Congoleum: On May 29, 2019, Congoleum filed a request for leave to file a dispositive motion. (ECF 112.) Plaintiffs opposed that request. (ECF 113.) BIW did not oppose Congoleum's request for leave. By Letter Order dated June 12, the Court denied Congoleum's request. Congoleum requests that the Court grant Congoleum leave to file a dispositive motion as to Plaintiff's claims at the conclusion of fact discovery. Congoleum's proposed motion is largely based on statute of limitations issues, and expert discovery will have no impact on the issues in this motion. Therefore, Congoleum does not believe that the filing of the motion should be delayed until after the March 2020 discovery end date, and requests leave to file its motion for summary judgment at this time. Proceeding in this manner will result in significantly narrowing the claims and issues, potentially leaving only DVL's Spill Act claim (which may eliminate this court's jurisdiction), and could foster settlement discussions, which would hopefully obviate the need for further motion practice or trial.

BIW: BIW agrees with Congoleum's position stated above.

DVL: The Court's procedure for requesting leave to file a summary judgment motion requires the parties to file a letter application following the close of all discovery, including expert discovery. DVL believes the parties should follow that procedure. First, Congoleum and BIW no doubt will each file cross motions for summary judgment at the conclusion of expert discovery as to who between them succeeded to the Kearny environmental liabilities. During a meet and confer, Congoleum admitted that, following expert discovery, it likely will file a second summary judgment motion against DVL. And DVL may also have grounds to move for summary judgment depending on what is revealed during expert discovery. Purely as a matter of judicial economy,

---

[2] BIW's motions to amend its affirmative defenses in this matter remain to be resolved. (*See* ECF Nos. 103, 104, 111, 114, 113, 127).

Hon. James B. Clarke, U.S.M.J.
November 4, 2019
Page 7

especially given the heavy case burdens the Court already is facing, it makes no sense to allow piecemeal filing of summary judgment motions as Congoleum suggests. This is particularly the case here, because DVL's Spill Act claim has no statute of limitations, so even if Congoleum was successful on all of DVL's remaining claims, the case nonetheless would proceed. What, then, is gained by departing from the Court's normal procedures? DVL submits, nothing. Second, Congoleum's proposed motion very likely will implicate expert testimony, both with respect to its statute of limitations arguments and its arguments regarding damages.

**12.** **Settlement discussions between the parties.** Counsel have had some preliminary settlement discussions. There are two distinct disputes—(i) DVL's "environmental" cost recovery claims, and (ii) a corporate successor issue between Congoleum and BIW that has broader implications. The settlement discussions as to these disputes are thus far proceeding separately.

Congoleum: As to DVL, while Congoleum is willing to negotiate in good faith, Congoleum believes that a negotiated settlement will be difficult to achieve until Congoleum's summary judgment motion on statute of limitations issues is re-filed, briefed, and resolved. (ECF 109.) As to BIW, counsel have had preliminary discussions regarding various mechanisms for resolving their dispute, and Congoleum looks forward to continuing those discussions with BIW.

BIW: As to DVL, while BIW is willing to negotiate in good faith, BIW agrees with Congoleum's position stated above: any settlement with DVL will be difficult to achieve until Congoleum's summary judgment motion on statute of limitations issues is re-filed, briefed, and resolved. (ECF 109.) As to Congoleum, BIW will not compromise the merits of the corporate successorship issue with Congoleum in a manner that would burden its Bath, Maine ship building operations with the future unknown legacy environmental costs of Congoleum's Kearny, N.J.-based flooring business. Accordingly, the discrete legal question of which entity is the successor to the historic Kearny environmental liabilities will have to be determined. That said, BIW has and will continue to engage in good faith discussions with Congoleum as to the most efficient means to have that issue adjudicated, including the possibility of binding alternative dispute resolution.

DVL: DVL has made a good faith, reduced settlement demand to the Defendants. To date, DVL has not received any response from the Defendants.

\* \* \*

We look forward to discussing these matters with Your Honor.

Respectfully submitted,
s/ Camille V. Otero
Director

cc: All Counsel of Record