## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DVL, INC. and DVL KEARNY HOLDINGS, LLC, | Civil Action No. 2:17-cv-04261 (KM) (JBC) |
| Plaintiffs, | *Document filed electronically* |
| v. | |
| CONGOLEUM CORPORATION and BATH IRON WORKS CORPORATION, | **DEFENDANT CONGOLEUM CORPORATION'S AMENDED ANSWER TO BATH IRON WORKS CORPORATION'S AMENDED CROSSCLAIMS** |
| Defendants. | |

Defendant Congoleum Corporation (hereinafter, "Congoleum"), by and through its counsel, Gibbons P.C., by way of answer to the Crossclaims of Defendant Bath Iron Works Corporation ("BIW"), says:

## <u>Introduction</u>

1.      Denied.

2.      Admitted.

3.      Congoleum is without sufficient knowledge or information to admit or deny the first sentence of Paragraph 3 and leaves BIW to its proofs; Congoleum denies the remaining allegations in Paragraph 3.

4.      Congoleum admits the first sentence of Paragraph 4 and denies the remaining allegations in Paragraph 4.

5.      Denied.

6.      Denied.

7.      The allegations in Paragraph 7 constitute legal conclusions to which no response is required, and Congoleum therefore neither admits nor denies same.  Congoleum denies that it is the real party-in-interest and denies that it is otherwise liable to BIW for indemnification and/or contribution relating to the alleged environmental condition on the Kearny Property or the 60-Acre Property.

## Parties

8.      Congoleum is without knowledge or information sufficient to admit or deny the allegations of Paragraph 8 and therefore leaves BIW to its proofs.

9.      Denied, except that Congoleum admits that it is a Delaware corporation that maintains an office in Mercerville, New Jersey.

## Jurisdiction and Venue

10.      The allegations in Paragraph 10 constitute legal conclusions to which no response is required, and Congoleum therefore neither admits nor denies same.

11.      The allegations in Paragraph 11 constitute legal conclusions to which no response is required, and Congoleum therefore neither admits nor denies same.

## Factual Background

12.      Denied.

13.      Denied.

14.      Congoleum denies the first sentence of Paragraph 14 and is without knowledge or information sufficient to admit or deny the remainder of the allegations in Paragraph 14 and leaves BIW to its proofs.

15.      Denied.

16.      Denied.

17.     To the extent that the allegations of Paragraph 17 seek to paraphrase or characterize the contents of the 1986 Merger Agreement, the document speaks for itself and Congoleum denies the allegations as they are inconsistent with that document.

18.     To the extent that the allegations of Paragraph 18 seek to paraphrase or characterize the contents of the 1986 Merger Agreement, the document speaks for itself and Congoleum denies the allegations to the extent that they are inconsistent with that document.

19.     To the extent that the allegations of Paragraph 19 seek to paraphrase or characterize the contents of the 1986 Merger Agreement, the document speaks for itself and Congoleum denies the allegations to the extent that they are inconsistent with that document.

20.     To the extent that the allegations of Paragraph 20 seek to paraphrase or characterize the contents of the 1986 Merger Agreement, the document speaks for itself and Congoleum denies the allegations to the extent that they are inconsistent with that document.

21.     Denied.

22.     Congoleum denies the first sentence of Paragraph 22.  As to the remaining allegations in Paragraph 22, to the extent the allegations seek to paraphrase or characterize the contents of Mr. Feist's declaration, the document speaks for itself and Congoleum denies the allegations to the extent that they are inconsistent with that document.

23.     To the extent that the allegations of Paragraph 23 seek to paraphrase or characterize the contents of the bankruptcy court's June 7, 2010 Order, the document speaks for itself and Congoleum denies the allegations to the extent that they are inconsistent with that document.

24.     To the extent that the allegations of Paragraph 24 seek to paraphrase or characterize the contents of the Century Settlement, the document speaks for itself and Congoleum denies the allegations to the extent that they are inconsistent with that document.

25.     Denied.

26.     Denied.

27.     To the extent that the allegations of Paragraph 27 seek to paraphrase or characterize the contents of Congoleum's Responses to BIW's Requests for Admission, specifically Congoleum's Response to Request for Admission #6, the document speaks for itself, and Congoleum denies any allegation inconsistent with its Responses to BIW's Requests for Admission.  By way of further response, Congoleum states that BIW misstates Congoleum's response to Request for Admission #6, which stated that "in light of its ongoing review of the relevant and applicable corporate history, Congoleum presently lacks knowledge or information sufficient to admit or deny this request and therefore denies same."

28.     To the extent that Paragraph 28 purports to allege facts in DVL's complaint, no response is required, and Congoleum leaves BIW to its proofs.

29.     Congoleum admits that it filed a third-party complaint against BIW on October 6, 2017 and denies the remaining allegations in Paragraph 29 as the third-party complaint speaks for itself.

30.     Congoleum admits that DVL filed an amended complaint on October 26, 2017 and denies the remaining allegations in Paragraph 30.

31.     Admit.

32.     Denied.

33.     Congoleum denies the first sentence of Paragraph 33 and is without knowledge or information sufficient to admit or deny the remainder of the allegations in Paragraph 33 and leaves BIW to its proofs.

34.     Congoleum admits that BIW filed a third-party complaint against Congoleum in the Occidental Lawsuit on September 24, 2019 and denies the remaining allegations in Paragraph 34.

## CLAIM 1:  BREACH OF CONTRACT – DUTY TO DEFEND AND INDEMNIFY

35.     Congoleum repeats and incorporates its responses to the allegations of Paragraphs 1 through 34 as if set forth at length herein.

36.     The allegations contained in Paragraph 36 constitute legal conclusions to which no response is required, and Congoleum therefore neither admits nor denies same and leaves BIW to its proofs.

37.     Denied.

38.     The allegations contained in Paragraph 38 constitute legal conclusions to which no response is required, and Congoleum leaves BIW to its proofs.  To the extent that the allegations of Paragraph 38 seek to paraphrase or characterize the contents of the 1986 Merger Agreement, the document speaks for itself and Congoleum denies the allegations to the extent that they are inconsistent with that document.

39.     Denied.

40.     Denied.

41.     Denied.

## CLAIM 2:  BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

42.     Congoleum repeats and incorporates its responses to the allegations of Paragraphs 1 through 41 as if set forth at length herein.

43.     The allegations contained in Paragraph 43 constitute legal conclusions to which no response is required, and Congoleum therefore neither admits nor denies same and leaves BIW to its proofs.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

## CLAIM 3:  COMMON LAW INDEMNIFICATION

48.     Congoleum repeats and incorporates its responses to the allegations of Paragraphs 1 through 47 as if set forth at length herein.

49.     Denied.

50.     Denied.

51.     To the extent that Paragraph 51 purports to allege facts in DVL's complaint, no response is required, and Congoleum leaves BIW to its proofs.

52.     Denied.

53.     Denied.

## CLAIM 4:  CONTRIBUTION UNDER CERCLA

54.     Congoleum repeats and incorporates its responses to the allegations of Paragraphs 1 through 53 as if set forth at length herein.

55.     The allegations contained in Paragraph 55 constitute legal conclusions to which no response is required.

56.     The allegations contained in Paragraph 56 constitute legal conclusions to which no response is required.

57.     The allegations contained in Paragraph 57 constitute legal conclusions to which no response is required.

58.     To the extent that Paragraph 58 purports to allege facts in DVL's complaint, no response is required, and Congoleum leaves BIW to its proofs.

59.     Denied.

60.     The allegations contained in Paragraph 60 constitute legal conclusions to which no response is required, and Congoleum leaves BIW to its proofs.

61.     Denied.

62.     The allegations contained in Paragraph 62 constitute legal conclusions to which no response is required, and Congoleum leaves BIW to its proofs.

63.     Denied.

## CLAIM 5:  DECLARATORY JUDGMENT UNDER CERCLA

64.     Congoleum repeats and incorporates its responses to the allegations of Paragraphs 1 through 63 as if set forth at length herein.

65.     The allegations contained in Paragraph 65 constitute legal conclusions to which no response is required, and Congoleum leaves BIW to its proofs.

66.     Denied.

## CLAIM 6:  CONTRIBUTION UNDER THE NEW JERSEY SPILL COMPENSATION AND CONTROL ACT

67.     Congoleum repeats and incorporates its responses to the allegations of Paragraphs 1 through 66 as if set forth at length herein.

68.     Denied.

69.     The allegations contained in Paragraph 69 constitute legal conclusions to which no response is required.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

## CLAIM 7:  CONTRIBUTION UNDER THE NEW JERSEY JOINT TORTFEASERS CONTRIBUTION LAW

75.     Congoleum repeats and incorporates its responses to the allegations of Paragraphs 1 through 74 as if set forth at length herein.

76.     Denied.

77.     The allegations contained in Paragraph 77 constitute legal conclusions to which no response is required.

78.     Denied.

79.     Denied.

80.     Denied.

## CLAIM 8:  CONTRIBUTION UNDER THE NEW JERSEY COMPARATIVE NEGLIGENCE ACT

81.     Congoleum repeats and incorporates its responses to the allegations of Paragraphs 1 through 80 as if set forth at length herein.

82.     Denied.

83.     The allegations contained in Paragraph 83 constitute legal conclusions to which no response is required.

84.     Denied.

85.     Denied.

86.     Denied.

## **CLAIM 9:  CONTRIBUTION UNDER UNJUST ENRICHMENT**

87.     Congoleum repeats and incorporates its responses to the allegations of Paragraphs

1 through 86 as if set forth at length herein.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.


**WHEREFORE**, Congoleum demands judgement in its favor as follows:

a)     Dismissal of BIW's Crossclaims in full and with prejudice;

b)     For reasonable attorneys' fees and costs; and

c)     Any other relief the Court may deem equitable and just.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

BIW's Crossclaims fail to state claims upon which relief may be granted and therefore should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

### (Compliance with Law)

Congoleum complied with all applicable rules and regulations.

## THIRD AFFIRMATIVE DEFENSE

### (Improperly Named Defendant)

Congoleum is not a proper defendant in any action alleging violation of the laws referenced in the Complaint and therefore, the Complaint in this action must be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

BIW's claims for relief are barred by the Doctrine of Unclean Hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

BIW's claims are barred by reason of their failure to reasonably mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

All rights, which BIW herein may have had with respect to the subject matter of this litigation, were waived by their own acts and wrongful conduct.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

BIW's claims are barred by applicable statutes of limitations, statutes of repose, or other applicable limitations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

BIW's claims are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Bad Faith)

BIW's claims have been instituted in bad faith and solely for the purpose of seeking an unfair and unsubstantiated settlement.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

BIW should be estopped from bringing the above-captioned matter due to BIW's own prior wrongful, negligent, and inappropriate acts and conduct with regard to the subject matter and, accordingly, the Crossclaims against Congoleum in this matter should be dismissed.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Other Defenses)

Congoleum reserves the right to interpose such other separate defenses as continuing investigation discovery may indicate.

Dated:  December 23, 2019              By:  s/ Camille V. Otero

                                      Camille V. Otero, Esq.
                                      Kevin W. Weber, Esq.
                                      **GIBBONS P.C.**
                                      One Gateway Center
                                      Newark, New Jersey 07102
                                      Phone: (973) 596-4511
                                      Fax: (973) 639-8320
                                      cotero@gibbonslaw.com
                                      *Attorneys for Defendant*
                                      *Congoleum Corporation*