Ralph J. Marra
Thomas R. Calcagni
Eric T. Kanefsky
CALCAGNI & KANEFSKY, LLC
1085 Raymond Blvd.
14th Floor
Newark, NJ 07102
(862) 397-1796

Michael A. Doornweerd (*pro hac vice*)
Wade A. Thomson (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350

*Attorneys for Defendant*
*Bath Iron Works Corporation*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DVL, INC. and DVL KEARNY HOLDINGS, LLC, | : : : | Civil Action No. 17-4261 (KM) (JBC) |
| Plaintiffs, | : : | **BATH IRON WORKS** |
| v. | : : : | **CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO CONGOLEUM CORPORATION'S** |
| CONGOLEUM CORPORATION and BATH IRON WORKS CORPORATION, | : : : | **AMENDED CROSS-CLAIMS AND DEMAND FOR JURY TRIAL** |
| Defendants. | : : | |

## BATH IRON WORKS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO CONGOLEUM CORPORATION'S AMENDED CROSS-CLAIMS AND DEMAND FOR JURY TRIAL

Defendant Bath Iron Works Corporation ("BIW"), by way of answer to the Cross-Claims

of Congoleum Corporation ("Congoleum"), states as follows:

## JURISDICTION

1.      Congoleum's crossclaim forms part of the same case or controversy as Plaintiffs' claims and, consequently, this Court has jurisdiction over Congoleum's crossclaim pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**  The allegations contained in Paragraph 1 constitute legal conclusions to which no response is required, and BIW therefore neither admits nor denies same.  To the extent a response is required, BIW denies the allegations of Paragraph 1.

## PARTIES

2.      Congoleum is a corporation formed under the laws of the State of Delaware with its principal place of business at 3500 Quakerbridge Road, P.O. Box 3127, Mercerville, New Jersey 08619-0127.

**ANSWER:**  On information and belief, admitted.

3.      On information and belief, BIW is a corporation formed under the laws of the State of Maine with its principal place of business at 700 Washington Street, Bath, Maine 04530.

**ANSWER:**  On information and belief, admitted.

## INTRODUCTION

4.      This Crossclaim is an action for a declaratory judgment that BIW is the real party-in-interest regarding responsibility for the 60-acre site located in Kearny, NJ[1]—i.e., the entire 60-acre property formerly owned by Congoleum-Nairn Inc. (the "Kearny Property")—which includes the 8-acre portion, located at 160-194 Passaic Avenue in Kearny, NJ and currently known as Block 15, Lot 7.01 (the "DVL Parcel"),[2] which is the subject of Plaintiffs' claims against Congoleum and BIW; and that Congoleum bears no responsibility for the alleged environmental conditions at the Kearny Property; and for contribution and indemnification from BIW for any damages or costs of suit incurred by Congoleum as a result of Plaintiffs' claims in this action, in addition to contribution and indemnification for all known and unknown past, present, and future environmental liabilities associated with the Kearny Property, including, but not limited to, any and all liabilities related to any alleged environmental conditions at or emanating from the Kearny Property.

---

[1] *See Occidental Chem. Corp. v. 21st Century Fox Am., Inc. et al.*, No. 2:18-cv-11273-MCA-JAD (D.N.J.).

[2] We understand that Congoleum's Answer to Plaintiffs' Amended Complaint, Affirmative Defenses, and Counterclaims sections above (pages 1 through 27) refer to 160-194 Passaic Avenue as "the Property," and that is to retain consistency with DVL-related responses. Congoleum's Crossclaims section, however, will refer to the entire 60-acre site formerly owned by Congoleum-Nairn Inc. as "the Kearny Property" and will refer to 160-194 Passaic Ave as "the DVL Parcel" for purposes of this section and to maintain consistency with BIW's Amended Crossclaims.

**ANSWER:** BIW admits that Congoleum purports to bring its Cross-Claims for declaratory judgment, contribution, and indemnification; however, BIW denies that it is the real party-in-interest regarding responsibility for the Kearny Property and denies that it owes contribution or indemnification to Congoleum. Any remaining allegations contained in Paragraph 4, including those in footnotes 1 and 2, are denied.

5.      If Plaintiffs are successful in recovering any damages or costs from Congoleum related to the DVL Parcel under any statutory or common law theory, then Congoleum shall seek contribution in full from BIW. Congoleum shall similarly seek contribution in full from BIW related to any and all past, present, and future (known and unknown) environmental conditions at or emanating from the Kearny Property, including, but not limited to, the Diamond Alkali Superfund Site. And Congoleum shall similarly seek contribution in full from BIW related to any and all past, present, and future (known and unknown) environmental conditions at or emanating from the Kearny Property that are the subject of the action entitled Occidental Chemical Corp. v. 21st Century Fox America, Inc. et al., No. 2:18-cv-11273-MCA-JAD (D.N.J.) (the "Occidental Lawsuit"), or any similar future environmental action.

**ANSWER:** BIW admits that Congoleum purports to seek contribution from BIW; however, BIW denies that it owes any contribution to Congoleum in the event that DVL, or any other party, is successful in recovering damages or costs from Congoleum. Any remaining allegations contained in Paragraph 5 are denied.

6.      On June 6, 2017, Plaintiffs filed the instant action against Congoleum seeking recovery of costs allegedly incurred by Plaintiffs in performing certain alleged environmental investigation and remediation activities at 160-194 Passaic Avenue (Block 15, Lot 7.01) in Kearny, New Jersey, a portion of a former industrial facility (i.e., the DVL Parcel) that Plaintiffs allege was contaminated by Congoleum many decades ago, prior to Plaintiffs' purchase of the DVL Parcel in approximately 1960.

**ANSWER:** Admitted. Answering further, BIW clarifies that the DVL Parcel for which DVL purportedly seeks the recovery of costs for alleged investigation and remediation activities is located at 160-194 Passaic Avenue (Block 15, Lot 7.01) in Kearny, New Jersey (the "DVL Parcel").

7.      The entity now known as Congoleum Corporation and identified by Plaintiffs in their Complaint was created in 1986. This relatively new entity is wholly separate and distinct

3

from the entities with the same or similar names that owned and/or operated the DVL Parcel prior to Plaintiffs' purchase in 1960.

**ANSWER:** BIW admits that, through a series of corporate transactions, the resilient flooring business of Congoleum's predecessor was spun off to a separately incorporated entity in 1986 (the "1986 Corporate Restructuring"), and became the entity that is now known as Congoleum Corporation, the entity identified by DVL in their Complaint. The remaining allegations contained in Paragraph 7 are denied.

8. Congoleum did not own the DVL Parcel or conduct any historic operations on the DVL Parcel, and at no point did Congoleum assume any environmental liabilities related to the DVL Parcel or any environmental conditions that may be associated with the DVL Parcel, including any alleged environmental conditions at or emanating from any portion of the Kearny Property as a whole.

**ANSWER:** Denied.

9. As a result, Congoleum is not a proper defendant in this matter.

**ANSWER:** The allegations contained in Paragraph 9 constitute legal conclusions to which no response is required, and BIW therefore neither admits nor denies same. To the extent a response is required, BIW denies the allegations contained in Paragraph 9.

10. As set forth herein, liabilities associated with the Kearny Property's ownership or historic operations at the Kearny Property, including any liabilities that may result from any alleged environmental conditions at or emanating from the DVL Parcel, were wholly assumed by BIW following a series of corporate transactions detailed herein.

**ANSWER:** Denied.

11. Accordingly, by way of this Crossclaim, Congoleum seeks a declaratory judgment, indemnification, and contribution from BIW for any and all claims alleged by Plaintiffs; and a declaratory judgment, indemnification, and contribution from BIW that as the corporate successor to Congoleum Industries, Inc., BIW is liable for any and all liabilities relating to the environmental conditions at or emanating from the entire 60-acre Kearny Property in addition to its subpart, the 8-acre DVL Parcel—which will necessarily include, but shall not be limited to, the Diamond Alkali Superfund Site and the Occidental Lawsuit.

**ANSWER:** BIW admits that Congoleum purports to bring its Cross-Claims for declaratory judgment, contribution, and indemnification; however, BIW denies that BIW is the

real party-in-interest regarding any responsibility for the 60-acre Kearny Property, including the

8-acre DVL Parcel, and denies that it owes contribution or indemnification to Congoleum.  Any

remaining allegations contained in Paragraph 11 are denied.

## FACTUAL BACKGROUND

12.    In 1924, a then-existing entity known as Congoleum Corporation ("1911 Congoleum") merged with Nairn Linoleum Company, which owned land in Kearny, New Jersey, including the DVL Parcel now owned by Plaintiffs that is the subject of this action[3].

**ANSWER:**  On information and belief, admitted.

13.    Following the merger, the combined company became known as Congoleum- Nairn Inc. ("Congoleum-Nairn").

**ANSWER:**  On information and belief, admitted.

14.    Part of Congoleum-Nairn's business included the manufacture of resilient flooring materials (the "Resilient Flooring Operations").

**ANSWER:**    On information and belief, admitted.

15.    Congoleum-Nairn conducted the Resilient Flooring Operations at the DVL Parcel.

**ANSWER:**    On information and belief, admitted.

16.    Congoleum-Nairn sold the DVL Parcel to Plaintiffs predecessors-in-interest in or around 1959 and various portions of the larger 60-acre Kearny Property thereafter. Current Congoleum did own a small administrative building on the Kearny Property that had been previously owned by Bath-Congoleum, but that administrative building was never used for manufacturing. Current Congoleum used that building for administrative purposes only from April 18, 1986 until that property was sold on March 18, 1987.

**ANSWER:**    On information and belief, admitted that Congoleum-Nairn sold the DVL

Parcel to DVL's predecessors-in-interest in or around 1959 and various portions of the larger 60-

acre Kearny Property thereafter.  Answering further, on information and belief, current Congoleum

owned a building on the Kearny Property that was used for research and development and other

---

[3] DVL recently sold the DVL Parcel to an unrelated party, but DVL remains as Plaintiffs in this litigation.

things.  BIW lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 16, and therefore denies same.

17.     In 1968, Congoleum-Nairn was merged with and into Bath Industries, Inc. and the surviving entity was renamed Congoleum Corporation ("1968 Congoleum").

**ANSWER:**  BIW admits that in 1968 Congoleum-Nairn was merged with and into Bath Industries, Inc. and, through several corporate transactions, Bath Industries, Inc. subsequently changed its name to Congoleum Corporation.  Any remaining allegations contained in Paragraph 17 are denied.

18.     1968 Congoleum was involved in a series of transactions between 1980 and 1984 that involved several other corporate entities, including entities affiliated with BIW.

**ANSWER:**  The allegations contained in Paragraph 18 are vague and ambiguous such that BIW lacks knowledge or information sufficient to admit or deny same.  Accordingly, BIW denies the allegations contained in Paragraph 18.

19.     During the aforementioned transactions, liabilities related to the Resilient Flooring Operations, including historic operations at the Kearny Property, were ultimately transferred to a new Congoleum Corporation ("1984 Congoleum").

**ANSWER:**  The allegations contained in Paragraph 19 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW is without knowledge or information sufficient to admit or deny the allegations of Paragraph 19, and therefore denies same.

20.     Pursuant to a 1986 Amendment (the "Amendment") to a previous merger agreement, 1984 Congoleum transferred the Resilient Flooring Operations to a newly-formed entity known as Resilco, Inc. ("Resilco").

**ANSWER:**     Admitted.     Answering further, BIW clarifies that "1984 Congoleum transferred the Resilient Flooring Operations to a newly-formed entity known as Resilco, Inc." pursuant to an Instrument of Assignment and Assumption dated April 18, 1986.

21.     Specifically, pursuant to an April 18, 1986 Instrument of Assignment and Assumption (the "Resilient Assignment"), 1984 Congoleum transferred to Resilco the "Transferred Assets," defined in the Resilient Assignment as "all of the rights, properties, assets,

and contracts of every kind, character and description, whether tangible or intangible whether real, personal, mixed or otherwise, and wheresoever situated [sic], belonging to [1984] Congoleum and which are utilized in the business conducted by its Resilient Floor Division on the date hereof to have and hold forever."

**ANSWER:** BIW admits that, pursuant to the April 18, 1986 Instrument of Assignment and Assumption, 1984 Congoleum transferred to Resilco the "Transferred Assets." BIW also admits that "Transferred Assets" is defined in the Instrument of Assignment and Assumption as "all of the rights, properties, assets, and contracts of every kind, character and description, whether tangible or intangible whether real, personal, mixed or otherwise, and wheresoever situated [sic], belonging to [1984] Congoleum and which are utilized in the business conducted by its Resilient Flooring Division on the date hereof." BIW denies that the definition of "Transferred Assets" includes "to have and to hold forever" and denies any and all characterizations of the April 18, 1986 Instrument of Assignment and Assumption, which speaks for itself.

22.    Pursuant to the Resilient Assignment, Resilco only assumed those assets utilized in the resilient flooring business (the "Business") on April 18, 1986.

**ANSWER:** Denied.

23.    The former manufacturing facilities at the Kearny Property, having been sold years prior to the April 18, 1986 Resilient Assignment, were not utilized in the Business as of that date.

**ANSWER:** BIW is without knowledge or information sufficient to admit or deny the allegations of Paragraph 23, and therefore denies same.

24.    Pursuant to the Resilient Assignment, Resilco only assumed those liabilities "directly related to the [Resilient] Transferred Assets as of [April 18, 1986]."

**ANSWER:** Denied.

25.    Nearly three decades prior to April 18, 1986, the DVL Parcel at issue in this action had been sold to Plaintiffs' predecessor in title. Thus, the DVL Parcel was not a then-existing asset of the Business for which any related liabilities were assumed by Resilco on April 18, 1986.

**ANSWER:** BIW admits that "[n]early three decades prior to April 18, 1986, the DVL Parcel at issue in this action had been sold to Plaintiffs' predecessor in title." BIW denies that "the

DVL Parcel was not a then-existing asset of the Business for which any related liabilities were assumed by Resilco on April 18, 1986."

26.    After divesting the Business, the remainder of 1984 Congoleum's liabilities—including liability related to the historic ownership and operation of the Kearny Property—were transferred to Congoleum Industries, Inc. ("CII"), which was 1984 Congoleum's corporate parent.

**ANSWER:  Denied.**

27.    CII later changed its name to BIW Industries, Inc. and through a series of later transactions, was merged with and into BIW, taking with it any and all liabilities associated with the Kearny Property, including, but not limited to, the environmental condition of the Kearny Property.

**ANSWER:**  BIW admits that "CII later changed its name to BIW Industries, Inc. and through a series of later transactions, was merged with and into BIW."  The remaining allegations contained in Paragraph 27 are denied.

28.    On April 29, 1986, Resilco changed its name to Congoleum Corporation ("1986 Congoleum").

**ANSWER:**  On information and belief, admitted.

29.    1986 Congoleum then merged with Resilient Acquisition, Inc. on July 1, 1986, and Congoleum Corporation was the surviving entity. This 1986 entity is the Congoleum Corporation that has been identified in Plaintiffs' Complaint.

**ANSWER:**  On information and belief, admitted.

30.    As a result of the foregoing transactions, however, any claims, costs, or liabilities concerning the Kearny Property, or any environmental conditions at or emanating from the Kearny Property, are the responsibility of BIW as the proper successor-in-interest to 1984 Congoleum and CII. This includes all known and unknown past, present, and future environmental liabilities associated with the Kearny Property, including, but not limited to, any and all liabilities related to any alleged environmental conditions at or emanating from the Kearny Property.

**ANSWER:**  The allegations contained in Paragraph 30 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 30.

## COUNT I

### DECLARATORY JUDGMENT PURSUANT TO CERCLA

31.     Congoleum repeats the allegations of Paragraphs 1 through 30 as if fully restated at length herein.

**ANSWER:**  BIW repeats and incorporates its responses to the allegations of the above

paragraphs as if fully set forth herein.

32.     There exists a present and actual controversy between Congoleum and BIW concerning their respective rights and obligations in connection with response costs and contribution claims concerning the Kearny Property.

**ANSWER:**  Admitted.

33.     Congoleum is entitled to judgment under CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), and 28 U.S.C. §§ 2201 and 2202 against BIW declaring that BIW is the proper party-in-interest with respect to environmental claims arising from the Kearny Property and shall be liable to Congoleum for any and all costs and for contribution arising from the alleged contamination at or emanating from the Kearny Property, which judgment shall be binding in any subsequent action to recover further costs and/or contribution for environmental claims arising from the Kearny Property.

**ANSWER:**  The allegations contained in Paragraph 33 constitute legal conclusions to

which no response is required.  To the extent a response is required, BIW denies the allegations of

Paragraph 33.

### PRAYER FOR RELIEF

To the extent that Congoleum's prayer for relief requires an answer, BIW denies that

Congoleum is entitled to any relief.  BIW denies any remaining allegations contained in the prayer

for relief.

## COUNT II

### CONTRIBUTION PURSUANT TO CERCLA

34.     Congoleum repeats the allegations of Paragraphs 1 through 33 as if fully restated at length herein.

**ANSWER:**  BIW repeats and incorporates its responses to the allegations of the above paragraphs as if fully set forth herein.

35.    Pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f), "[a]ny person may seek contribution from any other person who is liable or potentially liable under [CERCLA § 107(a)] during any civil action under . . . [CERCLA § 107(a)]."

**ANSWER:**  The allegations contained in Paragraph 35 purport to quote or characterize the law, to which no response is required, and BIW therefore neither admits nor denies same.

36.    Pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), liability attaches when: (a) the defendant is a potentially responsible party under CERLCA; (b) hazardous substances were disposed of at a facility; (c) there has been a release or threatened release of hazardous substances from the facility into the environment; and (d) the release or threatened release has required or will require the plaintiff to incur response costs.

**ANSWER:**  The allegations contained in Paragraph 36 purport to quote or characterize the law, to which no response is required, and BIW therefore neither admits nor denies same.

37.    Under CERCLA, potentially responsible parties include: (a) the current owner or operator or a facility; (b) any person who owned or operated the facility at the time of the disposal of a hazardous substance; (c) any person who arranged for the disposal or transport for disposal of hazardous substances at a facility; and (d) any person who accepts hazardous substances for transport to sites selected by said person.

**ANSWER:**  The allegations contained in Paragraph 37 purport to quote or characterize the law, to which no response is required, and BIW therefore neither admits nor denies same.

38.    As alleged by Plaintiffs, polychlorinated biphenyls ("PCBs"), polycyclic aromatic hydrocarbons ("PAHs"), tetrachloroethylene ("PCE"), trichloroethylene ("TCE"), and other hazardous substances as defined by CERCLA were either (1) disposed of or released at the DVL Parcel by Congoleum-Nairn or (2) disposed of or released during the time of Congoleum-Nairn's ownership or operation of the DVL Parcel.

**ANSWER:**  BIW admits that Plaintiffs allege that "[PCBs, PAHs, PCE, TCE], and other hazardous substances as defined by CERCLA were either (1) disposed of or released at the DVL Parcel by Congoleum-Nairn or (2) disposed of or released during the time of Congoleum-Nairn's ownership or operation of the DVL Parcel."  To the extent Paragraph 38 contains legal conclusions,

BIW denies the allegations.  BIW is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 38, and therefore denies same.

39.     BIW is the proper successor-in-interest to any and all liabilities that are associated with the Kearny Property and any environmental conditions on or emanating from the Kearny Property, including, but not limited to, the DVL Parcel, the Diamond Alkali Superfund Site, and the Occidental Lawsuit.

**ANSWER:**  The allegations contained in Paragraph 39 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 39.

40.     The Kearny Property is a "facility" as defined by CERCLA § 101(9), 42 U.S.C. § 9601(9).

**ANSWER:**  The allegations contained in Paragraph 40 constitute legal conclusions to which no response is required, and BIW therefore neither admits nor denies same.

41.     BIW is a potentially responsible party pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a); is liable for "response costs" within the meaning and scope of CERCLA §§ 101(25) and 107(a), 42 U.S.C. §§ 9601(25) and 9607(a), as to the 60-acre Kearny Property; and is liable under CERCLA § 113(f), 42 U.S.C. 9613(f), as to the DVL Parcel.

**ANSWER:**  The allegations contained in Paragraph 41 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 41.

42.     In the event that Congoleum is found liable in this action or is required to pay any portion of the costs allegedly incurred by Plaintiffs with regard to the investigation or remediation of hazardous substances at any portion of the Kearny Property, then Congoleum will have incurred necessary response costs consistent with the National Contingency Plan.

**ANSWER:**  The allegations contained in Paragraph 42 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 42.

43.     In the event that Congoleum is found liable in this action or is required to pay any portion of the costs allegedly incurred by Plaintiffs with regard to the investigation or remediation of hazardous substances at any portion of the Kearny Property, as the proper successor-in-interest

to any and all liabilities associated with the Kearny Property and any environmental conditions on or emanating from the Kearny Property, BIW is liable to Congoleum pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f)—or, in the alternative, CERCLA § 107(a), 42 U.S.C. § 9607(a)—for any and all response costs that Congoleum is ordered to pay.

**ANSWER:**  The allegations contained in Paragraph 43 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 43.

## PRAYER FOR RELIEF

To the extent that Congoleum's prayer for relief requires an answer, BIW denies that Congoleum is entitled to any relief.  BIW denies any remaining allegations contained in the prayer for relief.

## COUNT III

## CONTRIBUTION PURSUANT TO THE
## NEW JERSEY SPILL COMPENSATION & CONTROL ACT

44.    Congoleum repeats the allegations of Paragraphs 1 through 43 as if fully restated at length herein.

**ANSWER:**  BIW repeats and incorporates its responses to the allegations of the above paragraphs as if fully set forth herein.

45.    The New Jersey Spill Compensation and Control Act (the "Spill Act") provides that: "any person who has discharged a hazardous substance, or is in any way responsible for any hazardous substance, shall be strictly liable, jointly and severally, without regard to fault, for all cleanup and removal costs no matter by whom incurred."  N.J.S.A. 58:10-23.11g(c)(1).

**ANSWER:**    The allegations contained in Paragraph 45 purport to quote or characterize the law, to which no response is required, and BIW therefore neither admits nor denies same.

46.    The Spill Act N.J.S.A. 59:10-23.11f(a)(1), provides a right of contribution to persons who incur cleanup and removal costs against those persons in any way responsible for the offending discharges of hazardous substances at a facility.

**ANSWER:**  The allegations contained in Paragraph 46 purport to quote or characterize the law, to which no response is required, and BIW therefore neither admits nor denies same.

47.     As alleged by Plaintiffs, PCBs, PAHs, PCE, TCE, petroleum, and other hazardous substances as defined by the Spill Act were either (1) discharged at the DVL Parcel by Congoleum-Nairn or (2) discharged during the time of Congoleum-Nairn's ownership or operation of the DVL Parcel.

**ANSWER:**  BIW admits that Plaintiffs allege that "PCBs, PAHs, PCE, TCE, petroleum, and other hazardous substances as defined by the Spill Act were either (l) discharged at the DVL Parcel by Congoleum- Nairn or (2) discharged during the time of Congoleum-Nairn's ownership or operation of the DVL Parcel."  To the extent Paragraph 47 contains legal conclusions, BIW denies them.  BIW is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 47, and therefore denies same.

48.     BIW is the successor-in-interest to any and all liabilities associated with the Kearny Property and any environmental conditions on or emanating from the Kearny Property, and as such, BIW is the proper successor-in-interest to any environmental conditions on or emanating from the DVL Parcel.

**ANSWER:**   Denied.

49.     The Kearny Property is a "facility" as defined in the Spill Act. N.J.S.A. 58:10-23.11b.

**ANSWER:**     The allegations contained in Paragraph 49 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 49.

50.     BIW is a person "in anyway responsible" within the meaning of the contribution provisions of the Spill Act, N.J.S.A. 59:10-23.11f(a)(1).

**ANSWER:**  The allegations contained in Paragraph 50 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 50.

51.     In the event that Congoleum is found liable in this action, or is required to pay any portion of the costs allegedly incurred by Plaintiffs with regard to the investigation or remediation of hazardous substances at the DVL Parcel, or is required to pay any portion of any costs with regard to the investigation or remediation of hazardous substances on or emanating from the Kearny Property, including, but not limited to, the Kearny Property, the Diamond Alkali Superfund

Site, and/or the Occidental Lawsuit, then Congoleum will have incurred cleanup and response costs pursuant to the Spill Act.

> **ANSWER:**   The allegations contained in Paragraph 51 constitute legal conclusions to which no response is required.   To the extent a response is required, BIW denies the allegations of Paragraph 51.

> 52.   In the event that Congoleum is found liable in this action or is required to pay any portion of the costs allegedly incurred by Plaintiffs with regard to the investigation or remediation of hazardous substances at the DVL Parcel, as the proper successor-in-interest to any and all liabilities associated with the Kearny Property and any environmental conditions on or emanating from the Kearny Property, BIW is accordingly liable to Congoleum pursuant to the Spill Act, for any and all response costs that Congoleum is ordered to pay as to any portion of any costs with regard to the investigation or remediation of hazardous substances on or emanating from the Kearny Property, including, but not limited to, the Kearny Property, the Diamond Alkali Superfund Site, and/or the Occidental Lawsuit.

> **ANSWER:**   Denied.

> 53.   As the proper successor-in-interest, BIW is also liable under the Spill Act for any and all future cleanup and response costs resulting from the discharge of hazardous substances associated with Congoleum-Nairn's historic operations at the Kearny Property.

> **ANSWER:**   Denied.

<u>**PRAYER FOR RELIEF**</u>

> To the extent that Congoleum's prayer for relief requires an answer, BIW denies that Congoleum is entitled to any relief. BIW denies any remaining allegations contained in the prayer for relief.

<u>**COUNT IV**</u>

**INDEMNIFICATION**

> 54.   Congoleum repeats the allegations of Paragraphs 1 through 53 as if fully restated at length herein.

> **ANSWER:**  BIW repeats and incorporates its responses to the allegations of the above paragraphs as if fully set forth herein.

14

55.     Congoleum is a wholly separate legal entity, distinct from those entities with the same or similar names that owned and/or operated the Kearny Property prior to Plaintiffs' purchase in 1960.

**ANSWER:**  The allegations contained in Paragraph 55 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 55.

56.     Congoleum has no legal connection to liabilities related to the historic ownership or operation of the Kearny Property.

**ANSWER:**  The allegations contained in Paragraph 56 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 56.

57.     As a result of a series of transactions culminating in 1986, any alleged environmental liabilities associated with the ownership of the Kearny Property or historic operations thereon were expressly assumed by CII.

**ANSWER:**  The allegations contained in Paragraph 57 constitute legal conclusions to which no response is required.  To the extent a response is required, BIW denies the allegations of Paragraph 57.

58.     CII later changed its name to BIW Industries, Inc. and through a series of later transactions, was merged with and into BIW, taking with it any and all liabilities associated with the Kearny Property and any historic operations conducted thereon.

**ANSWER:**  BIW admits that "CII later changed its name to BIW Industries, Inc. and through a series of later transactions, was merged with and into BIW."  The remaining allegations contained in Paragraph 58 are denied.

59.     BIW is therefore the successor-in-interest to any and all liabilities associated with the Kearny Property and any environmental conditions on or emanating from the Kearny Property.

**ANSWER:**  Denied.

60.     Without admitting any liability, and while denying all claims by Plaintiffs for any damages alleged in this action, Congoleum asserts that if any liability should be found against it, BIW is obligated to indemnify, defend and save harmless Congoleum against all claims asserted

against Congoleum by Plaintiffs on the basis of contract and common law indemnification, including for any and all damages, attorneys' fees, costs and other fees chargeable.

**ANSWER:** The allegations contained in Paragraph 60 constitute legal conclusions to which no response is required. To the extent a response is required, BIW denies the allegations of Paragraph 60.

## PRAYER FOR RELIEF

To the extent that Congoleum's prayer for relief requires an answer, BIW denies that Congoleum is entitled to any relief. BIW denies any remaining allegations contained in the prayer for relief.

## COUNT V

### CONTRIBUTION

61.     Congoleum repeats the allegations of Paragraphs 1 through 60 as if fully restated at length herein.

**ANSWER:** BIW repeats and incorporates its responses to the allegations of the above paragraphs as if fully set forth herein.

62.     Without admitting any liability, and while denying all claims by Plaintiffs for any damages alleged in this action, Congoleum asserts that if any liability should be found against it, Congoleum is entitled to and hereby demands contribution under all applicable laws, including, but not limited to, the common law, the New Jersey Joint Tortfeasor's Act, N.J.S.A. 2A:53A-1, et seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq., with respect to any damages which may be assessed against Congoleum in favor of Plaintiffs.

**ANSWER:** The allegations contained in Paragraph 62 constitute legal conclusions to which no response is required. To the extent a response is required, BIW denies the allegations of Paragraph 62.

**PRAYER FOR RELIEF**

To the extent that Congoleum's prayer for relief requires an answer, BIW denies that Congoleum is entitled to any relief. BIW denies any remaining allegations contained in the prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Congoleum's Cross-claims fail to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Improperly Named Defendant)**

BIW is not a proper defendant in any action arising from the conduct referenced in the Cross-claims.

### THIRD AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Congoleum's claims for relief are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

Congoleum's claims are barred by reason of their failure to reasonably mitigate their damages.

### FIFTH AFFIRMATIVE DEFENSE

**(Assumption of the Risk)**

Congoleum assumed the risks inherent in the activities engaged in by Congoleum.

### SIXTH AFFIRMATIVE DEFENSE

**(Comparative Fault)**

Congoleum is barred from recovery to the extent that the percentage of fault attributable to its own acts and wrongful conduct exceeds the fault, if any, of BIW.

## SEVENTH AFFIRMATIVE DEFENSE

### (Wrongful Conduct)

Congoleum's recovery is limited to the extent its own acts and wrongful conduct contributed to cause the damages which it seeks to recover.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Congoleum's claims are barred by applicable statutes of limitations, statutes of repose, or other applicable limitations.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

Congoleum's claims are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

Congoleum's claims are barred by judicial estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

Congoleum's claims are barred by res judicata.

## TWELFTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

Congoleum's claims are barred by equitable estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (CERCLA § 107(b) Defenses)

The release or threat of release of hazardous substances at the 60-acre Kearny Property, if any, was caused solely by an act of God, an act of war, or an act or omission of third parties as set forth in 42 U.S.C. § 9607(b).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (New Jersey Spill Act Defenses)

BIW is not liable for any cleanup or removal costs under the New Jersey Spill Act because the discharge of hazardous substances was caused solely by war, sabotage, or God or a combination thereof pursuant to N.J. STAT. § 58:10-23.11g.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Equitable Allocation)

Pursuant to CERCLA, 42 U.S.C. § 9613(f)(1), this Court is requested to consider such equitable factors as it deems appropriate in resolving Congoleum's Cross-claims.  BIW is informed and believes and thereon alleges that upon reviewing such equitable factors, this Court will determine that BIW bears no responsibility for any response costs.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Third Parties)

The damages suffered by Congoleum, if any, proximately resulted from the negligence, breach of conduct, or other fault or misconduct of parties, persons, and/or entities other than BIW, and the liability of BIW, if any, must be limited in direct proportion to the percentage of fault actually attributable to BIW.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Allocation/Contribution)

The damages suffered by Congoleum, if any, proximately resulted from the negligence and/or tortious and/or wrongful conduct of parties, persons, and/or entities other than BIW.  BIW is therefore entitled to an allocation and/or contribution of damages according to the percentage of fault of each other such party.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Setoff or Recoupment)

To the extent Congoleum has received or hereafter receives any of the requested relief from a person or entity other than BIW, including an insurer, any recovery against BIW should be barred or reduced accordingly.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Superseding or Intervening Independent Cause)

Any and all wrongful acts alleged in the Cross-claim, including any and all violations, losses, injuries, or damages alleged therein, were the result of superseding or intervening causes arising from acts or omissions of individuals and/or entities that BIW neither controlled, or had the legal right to control.  Therefore, any and all alleged violations, losses, injuries, or damages were not proximately caused by any act, omission, or other conduct of BIW.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Compliance with Laws)

All conduct and activities of BIW conformed to all statutes, regulations and industry standards, according to the state of knowledge existing at the times of the conduct.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Bad Faith)**

Congoleum's claims have been instituted in bad faith and solely for the purpose of seeking an unfair and unsubstantiated settlement.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Collateral Estoppel)**

Congoleum's claims are barred by collateral estoppel.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Contractual Release)**

Congoleum's claims are barred pursuant to the 1986 Corporate Restructuring transaction agreements, which released BIW from any future, known or unknown, claims

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Ripeness/Failure to Allege Statutory Prerequisites)**

Congoleum's claims are barred, in whole or in part, because Congoleum not only failed to allege, but cannot yet allege, the requisite information for its claims, including, but not limited to the following claims:

- Count I: Declaratory Judgment Pursuant to CERCLA § 113(g)(2), which is dependent on the party seeking declaratory judgment having a valid CERCLA cost recovery or contribution claim.

- Count II: Contribution Pursuant to CERCLA § 113, which can only be sought "during or following any civil action under [CERCLA section 106 or 107]" or after "an administrative or judicially approved settlement." 42 U.S.C. §§ 9613(f)(1) and (f)(3)(B).

- Count III: Contribution Pursuant to the New Jersey Spill Compensation & Control Act, which can only be sought after a party "cleans up and removes a discharge of a hazardous substance." N.J. Stat. 58:10-23.11f(a)(2).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

Congoleum's claims are barred by the doctrine of waiver.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Other Defenses)

BIW reserves the right to amend its answer to raise additional affirmative defenses as they become available or apparent to it through discovery in this matter or otherwise.

## JURY DEMAND

BIW demands a trial by jury on all issues so triable.


Dated:  December 23, 2019                    Respectfully submitted,


                                             */s/ Ralph J. Marra*
                                             Ralph J. Marra
                                             Thomas R. Calcagni
                                             Eric T. Kanefsky
                                             CALCAGNI & KANEFSKY, LLC
                                             1085 Raymond Blvd.
                                             14th Floor
                                             Newark, NJ 07102
                                             (862) 397-1796

                                             Michael A. Doornweerd (*pro hac vice*)
                                             Wade A. Thomson (*pro hac vice*)
                                             JENNER & BLOCK LLP
                                             353 N. Clark Street
                                             Chicago, IL 60654
                                             (312) 222-9350

                                             *Attorneys for Defendant*
                                             *Bath Iron Works Corporation*