UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DVL, INC. AND DVL KEARNY HOLDINGS, LLC : : Plaintiffs/Counterclaim : Defendants : v. : : CONGOLEUM CORPORATION and BATH : IRON WORKS CORPORATION, : Defendants/Counterclaim : Plaintiffs : : | Civil Action No. 2:17-cv-04261 (KM) JBC) **PLAINTIFFS' RESPONSE TO COUNTERCLAIM OF DEFENDANT CONGOLEUM CORPORATION** |

Plaintiffs, DVL, Inc. ("DVLI") and DVL Kearny Holdings, LLC ("DVLK") (together "Plaintiffs" or "DVL"), by and through their attorneys, Zarwin Baum DeVito Kaplan Schaer & Toddy P.C., hereby respond to the Counterclaim of defendant, Congoleum Corporation ("Congoleum"), asserted in Congoleum's Answer to Plaintiffs' Amended Complaint, and state as follows:

## JURISDICTION

1.  The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

## PARTIES

2.  Plaintiffs are without knowledge or information sufficient to admit or deny the allegations of this Paragraph , and therefore deny same.

3.  Admitted.

## INTRODUCTION

4. Admitted.

5. The allegations contained in Paragraph 1 constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

6. Denied.

7. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

## FACTUAL BACKGROUND

8. Admitted.

9. Plaintiffs are without knowledge or information sufficient to admit or deny the allegations of this Paragraph, and therefore deny same.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

## COUNT I

### DECLARATORY JUDGMENT PURSUANT TO CERCLA § 113(g)(2)

22. Plaintiffs repeat the responses of the preceding Paragraphs as if fully restated at length herein.

23. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

24. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

*WHEREFORE*, Plaintiffs demand:

a) Dismissal of Congoleum's Counterclaim with prejudice;

b) Reimbursement of all litigation costs and fees, including reasonable attorneys' fees; and

c) Such other relief as the Court may deem just and appropriate.

## COUNT II

### CONTRIBUTION PURSUANT TO CERCLA § 113

25. Plaintiffs repeat the responses of the preceding Paragraphs as if fully restated at length herein.

26. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

27. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

28. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

29. Denied.

30. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

31. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

32. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

33. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

*WHEREFORE*, Plaintiffs demand:

a) Dismissal of Congoleum's Counterclaim with prejudice;

b) Reimbursement of all litigation costs and fees, including reasonable attorneys' fees; and

c) Such other relief as the Court may deem just and appropriate.

## COUNT III

### CONTRIBUTION PURSUANT TO THE NEW JERSEY SPILL COMPENSATION & CONTROL ACT

34. Plaintiffs repeat the responses of the preceding Paragraphs as if fully restated at length herein.

35. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

36. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

37. Denied.

38. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

39. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same. To the extent the allegations are factual in nature, they are denied.

40. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

41. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

42. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

*WHEREFORE*, Plaintiffs demand:

a) Dismissal of Congoleum's Counterclaim with prejudice;

b) Reimbursement of all litigation costs and fees, including reasonable attorneys' fees; and

c) Such other relief as the Court may deem just and appropriate.

## COUNT IV

### CONTRIBUTION

43. Plaintiffs repeat the responses of the preceding Paragraphs as if fully restated at length herein.

44. The allegations contained in this Paragraph constitute legal conclusions to which no response is required, and Plaintiffs therefore neither admit nor deny same.

*WHEREFORE*, Plaintiffs demand:

a) Dismissal of Congoleum's Counterclaim with prejudice;

b) Reimbursement of all litigation costs and fees, including reasonable attorneys' fees; and

c) Such other relief as the Court may deem just and appropriate.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Congoleum's Counterclaim fails to state claims upon which relief may be granted and therefore should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

### (Compliance with Law)

Plaintiffs complied with all applicable rules and regulations.

## THIRD AFFIRMATIVE DEFENSE

### (Frivolous Litigation)

Congoleum's Counterclaim is frivolous and is filed merely to harass Plaintiffs and seek financial gain from a "deep pockets" party.

## FOURTH AFFIRMATIVE DEFENSE

### (Improperly Named Defendant)

Plaintiffs are not proper defendants in any action alleging violation of the laws referenced in the Counterclaim and, therefore, the Counterclaim in this action must be dismissed.

### FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Congoleum's claims for relief are barred by the Doctrine of Unclean Hands.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Congoleum's claims are barred by reason of its failure to reasonably mitigate its damages.

### SEVENTH AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

Congoleum assumed the risks inherent in the activities engaged in by Congoleum and, therefore, the Counterclaim in this action must be dismissed.

### EIGHTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

All rights which Congoleum herein may have had with respect to the subject matter of this litigation were waived by its own acts and wrongful conduct.

### NINTH AFFIRMATIVE DEFENSE
### (Malicious Prosecution)

Congoleum has intentionally, willfully and maliciously instituted the within action for purposes of coercing and compelling some settlement to which Congoleum is not entitled to and, therefore, the Counterclaim in this action should be dismissed.

### TENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Congoleum's claims are barred by applicable statutes of limitations, statutes of repose, or other applicable limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Congoleum's claims are barred by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Bad Faith)

Congoleum's claims have been instituted in bad faith and solely for the purpose of seeking an unfair and unsubstantiated settlement.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Congoleum should be estopped from bringing the above-captioned matter due to Congoleum's own prior wrongful, negligent and inappropriate acts and conduct with regard to the subject matter and, therefore, the Counterclaim in this action should be dismissed.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Other Defenses)

Plaintiffs reserve the right to interpose such other separate defenses as continuing investigation discovery may indicate.

Respectfully submitted,

ZARWIN BAUM DeVITO KAPLAN
SCHAER & TODDY P.C.

By: */s/ Eitan D. Blanc*
    Anthony R. Twardowski, Esquire
    Eitan D. Blanc, Esquire
    Zarwin Baum DeVito Kaplan Schaer Toddy, P.C.
    1818 Market Street, 13th Floor
    Philadelphia, PA  19103
    Phone: (215) 569-2800
    Fax: (215) 569-1606
    ***Attorneys for Plaintiffs, DVL, Inc. and***

Dated: December 27, 2019    ***DVL Kearny Holdings, LLC***

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DVL, INC. AND DVL KEARNY HOLDINGS, LLC : <br> Plaintiffs/Counterclaim Defendants : <br> v. : <br> CONGOLEUM CORPORATION and BATH IRON WORKS CORPORATION : <br> Defendants/Counterclaim Plaintiffs : | Civil Action No. 2:17-cv-04261 (KM) JBC <br><br> **CERTIFICATE OF SERVICE** |

I, Eitan D. Blanc, Esquire, do hereby certify that on the date set forth below, I did cause to be served upon counsel listed below, a true and correct copy of Plaintiffs' Response to Counterclaim of Defendant Congoleum Corporation by ECF, as follows:

Camille V. Otero, Esquire
Kevin W. Weber, Esquire
Jordan Asch, Esquire
Gibbons P.C.
One Gateway Center
Newark, NJ  07102
Attorneys for Congoleum Corporation

Ralph J. Marra
Thomas R. Calcagni
Eric T. Kanefsky
CALCAGNI & KANEFSKY, LLC
1085 Raymond Boulevard, 14th Floor
Newark, NJ  07102
    and
Wade Thompson, Esquire
Sarah Futernick, Esquire
Catherine Steege, Esquire
John VanDeventer, Esquire
Michael Doornweerd, Esquire
Jenner & Block, LLP
353 N. Clark Street
Chicago, IL 60654
Attorneys for Bath Iron Works Corporation

ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.

BY:   */s/  Eitan D. Blanc*
       EITAN D. BLANC, ESQUIRE
       Attorney I.D. No. 023462007
       1818 Market Street, 13th Floor
       Philadelphia, PA  19103
       215-569-2800 – Phone
       215-569-1606 – Fax
       Attorney for Plaintiffs
       DVL, Inc. and DVL Kearny Holdings, LLC

Dated:  December 27, 2019