

Ralph J. Marra, Jr., Senior Counsel
862.208.1819   rmarra@ck-litigation.com

April 3, 2020

**VIA ECF**

Honorable James B. Clark, III
United States Magistrate Judge
King Fed. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:    *DVL, Inc., et al. v. Congoleum Corporation, et al.*
            **Civil Action No. 2:17-cv-4261-KM-JBC**

Dear Magistrate Judge Clark:

    This firm, along with Jenner & Block LLP, represents defendant Bath Iron Works Corporation ("BIW") in the above-referenced matter. We respectfully submit this letter, pursuant to the Court's judicial preferences, to request leave to file a motion to strike Congoleum Corporation's ("Congoleum") expert witness, David Bronner (the "Bronner Report", Marra Decl. Ex. 1), which contains inadmissible legal opinion and conclusions, and to extend time to respond pending the outcome of this motion to strike. Plaintiffs DVL Inc. and DVL Kearny Holdings LLC (collectively "DVL") do not oppose BIW's motion.

    The claims between Congoleum and BIW boil down to a contract interpretation dispute over which party is responsible for historical environmental liabilities stemming from flooring operations in Kearny, New Jersey. To advance its contract interpretation, Congoleum added another lawyer to its team, Mr. Bronner. But instead of just adding Mr. Bronner as co-counsel to its pleadings and having him draft Congoleum's legal arguments, Congoleum has sought to dress up Mr. Bronner's arguments as expert opinion. The Bronner Report, however, is replete with inadmissible legal conclusions, including Mr. Bronner's legal interpretations of the contractual documents at the crux of the successorship dispute in this action. It is axiomatic that experts may not provide legal opinions and/or conclusions and, as such, nearly every circuit, including the Third Circuit, excludes such expert testimony. Indeed, the S.D.N.Y. excluded Mr. Bronner's opinions in a different matter where he also attempted to provide legal advocacy issue in the guise of expert opinion. As contract interpretation is a matter of law, experts may not usurp the role of the court offering their interpretation and legal conclusion. The Bronner Report does exactly that and should be stricken.

    By submitting this Motion, BIW is *not* seeking to extend the existing expert discovery schedule for any of the several other experts who have submitted reports among the parties in this case, and there is no reason why the parties should not move forward on that existing schedule for

ck-litigation.com
862.397.1796
862.902.5458
One Newark Center
1085 Raymond Blvd., 14th Floor
Newark, NJ 07102
*Preferred Mailing Address*
85 Broad Street
Suite 17031
New York, NY 10004

those experts.[1]  However, if the Court were to deny BIW's Motion to Strike the Bronner Report, BIW is seeking an extension of time to file a responsive expert report to the Bronner Report. BIW believes this is the best use of resources for all involved because the alternative—responding with a competing legal expert report now to what BIW believes are impermissible legal opinions, then having two lawyers deposed over their legal opinions, and then bringing a motion to strike later— would be wasteful for all parties involved.  Additionally, this Court would ultimately need to address the issues raised in BIW's Motion to Strike at some point, so addressing them now does not add to the Court's overall load, which BIW appreciates is strained.  In fact, addressing this Motion now could very likely reduce the amount of work for the Court because, if BIW is correct about its arguments, there will be less expert reports in this matter and thus likely less motions down the road.

Prior to filing this motion, BIW met and conferred with Congoleum, but Congoleum refused to withdraw the Bronner Report or provide any legal support other than pointing to one of the cases BIW had cited to Congoleum.

## **ARGUMENT**

Legal conclusions, including contract interpretation, are not permissible expert opinions. Federal Rules of Evidence 702 and 704 permit expert testimony regarding factual matters – not legal opinions.  *See* Fed. R. Civ. Evid. 702, 704, Advisory Committee Notes to Rule 704 (explaining that experts may not testify to legal conclusions).  *See, e.g., United States v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991) (the district court must limit expert testimony so as to not allow experts to opine on "what the law required" or "testify as to the governing law."); *Berckeley Inv. Group Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006) ("an expert witness is prohibited from rendering a legal opinion"). This prohibition on experts testifying as to their own legal conclusions is "so well established that it is often deemed a basic premise or assumption of evidence law—a kind of axiomatic principle."  *Casper v. SMG*, 389 F.Supp.2d 618, 621 (D.N.J. 2005) (internal quotation omitted).

Courts exclude such testimony "because it would usurp the District Court's pivotal role in explaining the law to the jury." *Berckeley,* 455 F.3d at 217.  *See also United States v. Caputo*, 517 F.3d 935, 942 (7th Cir. 2008) ("The only legal expert in a federal courtroom is the judge."); *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) (although an expert "may opine on an issue of fact," an expert "may not give testimony stating ultimate legal conclusions based on those facts.").  This district follows that precedent, holding that expert reports that provide legal conclusions and opinions **must** be struck. *See Toscano v. Case*, No. CIV.A. 11-4121 FSH, 2013 WL 5333206, at *8 (D.N.J. Sept. 20, 2013) (citing *AT & T Corp. v. JMC Telecom, Inc.*, 470 F.3d 525, 534 (3d Cir. 2006)) ("an expert cannot testify as to ultimate legal conclusions, as to do so would improperly invade the province of the court and the jury.").

---

[1]  Per the Court's March 24, 2020 Standing Order, the deadline to submit responsive expert reports has been extended from April 24, 2020 to June 8, 2020.

### A. Contract Interpretation Is Impermissible For Expert Testimony Because It Is The Duty Of The Court To Interpret Contracts.

Congoleum clearly commissioned the Bronner Report for its cherry-picked interpretation of the 1986 transactional documents at the heart of this litigation; however, contract interpretation is the duty of the court, not an expert witness. *See, e.g., Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*, 619 F.2d 1001, 1011 (3d Cir. 1980) ("It is the role of the judge to consider the words of the contract, the alternative meaning suggested by counsel, and the nature of the objective evidence to be offered in support of that meaning."); *L.P.P.R., Inc. v. Keller Crescent Corp.*, 532 F. App'x 268, 275 (3d Cir. 2013) (explaining it was an error for the district court to instruct the jury to "interpret [the Contract]" because "that is a role that should have been played by the Court itself, not the jury.").

Accordingly, in cases involving the disputed meaning of contract provisions, courts consistently exclude expert testimony that seeks to interpret those provisions. For instance, *Media Sport & Arts s.r.l. v. Kinney Shoe Corp.*, centered on a dispute over the interpretation of an agreement for marketing rights, the court excluded an expert to the extent he would testify regarding the contract negotiations and offer "legal opinions as to the meaning of the contract terms at issue." No. 95 CIV. 3901 (PKL), 1999 WL 946354, at *2 (S.D.N.Y. Oct. 19, 1999). The court explained that this testimony impermissibly invaded the province of the jury and, despite being "couched in terms of industry practices," the expert "still may not, under any circumstances, opine on the ultimate legal issue in the case." *Id*. In addition, this court noted that the expert had no personal knowledge of the facts at issue and his testimony should not take the place of individuals who actually negotiated the deal. *Id*.; *see also Casper,* 389 F.Supp.2d at 620-22; *Adani Exports Ltd. v. AMCI (Exp.) Corp.*, No. 2:05-CV-0304, 2008 WL 4925647, at *5 (W.D. Pa. Nov. 14, 2008) (excluding the expert report because the expert was not qualified, but explaining that it would also have excluded even if the expert was qualified because "contract interpretation is not the function of an expert.").

Mr. Bronner's opinions regarding the purpose and meaning of certain contractual provisions, which are nothing more than his own biased interpretation of the 1986 transactional documents (i.e., additional lawyer advocacy), should be struck in this case just as they were in a similar situation. In 2009 and in 2012 (the re-trial), Bronner was excluded as an expert for providing a broad sweep of impermissible testimony, including opinions as to the "purpose and meaning" of contractual agreements at issue, which threatened to invade the province of the jury. *See United States v. Collins*, No. 07 CR 1170, 2009 WL 5698461, Dkt. No. 58, at (S.D.N.Y. April 27, 2009); Marra Decl. Ex 2, Collins Trial 1, June 16, 2009 Trial Tr. at 3023:22-3024:08; Marra Decl. Ex. 3, Collins Trial 2, November 5, 2012 Trial Tr. 134:24-135:6. Here, Congoleum is attempting to support its legal theory – specifically, its newfound legal reading of the 1986 transactional documents – via Mr. Bronner's "expert opinion" about his own drafting techniques and what he suggests was customary for transactions in the 1980s. Yet, in interpreting the transactional documents and providing legal conclusions, Mr. Bronner seeks to "usurp the District Court's pivotal role in explaining the law to the jury." *See Berckeley,* 455 F.3d at 217. "When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making the decision, but rather attempts to substitute the expert's judgement for the jury's. When this occurs, the expert acts outside of his limited role of providing the groundwork in the form of an opinion

to enable the jury to makes its own informed determination." *United States v. Duncan*, 42 F.2d 97, 101 (2d Cir. 1994).



(Marra Decl. Ex. 1, Bronner Report at 16, emphasis added.) (*Id*.) It is hard to imagine clearer examples of legal opinion/contract interpretation. Mr. Bronner is providing opinions on "the legal determination that this Court may be asked to make in a later stage of this litigation." *See Casper* 389 F. Supp. 2d at 622. While a party is free, "when the time comes," to make such legal arguments and offer such conclusions, "**he may not do so through the expert testimony**." *See id*. (emphasis added).

Conversely, courts do allow fact witnesses, including lawyers, to testify about deals when that person has personal knowledge of that deal. *See Blattman v. Siebel,* No. CV 15-530-GMS, 2017 WL 5953303, at *1 (D. Del. Dec. 1, 2017) (in a case alleging breach of contract, *inter alia*, the court allowed that the designation of its outside counsel, explaining that an attorney may testify as a percipient witness about the facts of the deal); Fed. R. Evid. 602, 701. For example, unlike Mr. Bronner, who was not involved in the 1986 transactions at all, Mr. Greg Milmoe – the former Skadden partner and primary draftsman of the deal – may properly testify about 1986 transactions. As *Media Sport* explained, an expert with no personal knowledge of the facts should not take the place of individuals who actually negotiated the deal. *See* 1999 WL 946354, at *2.

The law is clear: an expert is not permitted to interpret the contracts; this is the role of the court. *See, e.g., Brown Advisory,* 2016 WL 5661730, at *2; *Gallatin Fuels*, 410 F. Supp. 2d at 421. Among the impermissible legal conclusions in the Bronner Report (which will be detailed in further briefing) is the following:

Mr. Bronner's conclusions are "clearly [] conclusion[s] of law," and are the type of expert testimony that courts consistently exclude. *See, e.g., Casper*, 389 F. Supp. 2d at 620. In addition, Mr. Bronner's opinions (including about the subjective intent of the negotiations to the 1986 transactions) are improper speculation and also risk an unnecessary and wasteful mini-trial of lawyer testimony that should be excluded pursuant to Federal Rule of Evidence 403, as BIW would detail with the benefit of full-briefing.

## **CONCLUSION**

      Mr. Bronner's legal conclusions go to the heart of the contractual interpretation dispute between BIW and Congoleum. The Bronner Report usurps the duty of the Court to interpret the documents, and speculates as to the rationale behind the provisions included in the transactional documents. Accordingly, BIW respectfully requests that the Court grant it leave to file its motion to strike the Expert Report of David Bronner, and extend the time for BIW to respond to the Bronner Report pending the motion to strike. BIW submits that it would save resources to know what, if any, of Mr. Bronner's opinions will be viable (BIW submits none should be) before it has to engage another lawyer to respond to Bronner's legal opinions. Addressing BIW's motion to strike now will not add to the Court's docket in the long-run and very well may reduce the overall amount of motion practice on experts in this matter.

\*    \*    \*

Thank you for Your Honor's attention to this submission.

Respectfully submitted,

*/s/ Ralph Marra, Jr.*

Ralph Marra
Eric T. Kanefsky
Calcagni & Kanefsky LLP

Encl.

cc:    All Counsel of Record (via ECF)