

Eitan D. Blanc
Member PA & NJ BAR
Direct Dial-267-765-7341
Fax – 267-765-9689
edblanc@zarwin.com

November 3, 2020

**VIA ECF**
Hon. James B. Clark, U.S.M.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

> **Re:** **DVL, Inc. and DVL Kearny Holdings, LLC v. Congoleum Corporation and Bath Iron Works Corporation; U.S. District Court, District of New Jersey, Civil Action No. 2:17-cv-04261**

Dear Judge Clark:

As Your Honor knows, I represent the Plaintiffs ("DVL") in the above-captioned litigation. Previously, Your Honor stayed discovery in this matter against both the bankrupt debtor, Congoleum Corporation ("Congoleum"), and non-debtor, Bath Iron Works Corporation ("BIW"), pending a ruling by the bankruptcy court on DVL's renewed motion to lift the automatic stay (which is applicable only to Congoleum and not to BIW). (ECF No. 194).[1]  DVL was content to await the bankruptcy court's decision on its motion for stay relief before asking this Court to lift the discovery stay as to both Congoleum and BIW (if the stay relief motion were granted by the bankruptcy court) or as to BIW alone (if the stay relief motion were denied).  However, rapidly developing occurrences in Congoleum's bankruptcy, designed to strip DVL of its constitutional right to have the District Court adjudicate its claims against BIW, compel DVL to write this letter now to request that the pending stay of discovery be immediately lifted as to BIW **only** so that DVL's claims against BIW can proceed where they belong, before this Court.

After three years of hotly contested litigation in the District Court regarding successorship issues, BIW has recently reached an agreement with Congoleum's estate in which BIW plans to purchase from the estate a factual finding as to successor liability which it then hopes to utilize to impede or foreclose DVL's claims in this lawsuit. Specifically, subject to bankruptcy court approval, BIW and Congoleum have reached an unseemly "settlement" pursuant to which BIW

---

[1] DVL's Renewed Motion for Relief from the Automatic Stay is set for a hearing on November 10th in the bankruptcy court.

ONE COMMERCE SQUARE | 2005 MARKET STREET | 16TH FLOOR | PHILADELPHIA, PA 19103 | 215.569.2800 | FAX 215.569.1606 | WWW.ZARWIN.COM

**NEW JERSEY OFFICES:** JERSEY CITY | MT. LAUREL | **DELAWARE OFFICE:** WILMINGTON



will pay Congoleum's estate $1 Million and forego its $14.8 million proof of claim.[2] The trade-off for BIW's largesse is Congoleum's willingness to lay down its sword and, in a dramatic change of position after three years of vigorously claiming otherwise, all but concede that it, and not BIW, is the successor to the liabilities at issue in this lawsuit. BIW and Congoleum hope to accomplish this through a summary settlement approval proceeding in which BIW will seek favorable findings on the successorship issue from the bankruptcy court, unopposed by Congoleum, which it then hopes to utilize as a res judicata bar to the claims asserted by DVL in this lawsuit. *See* Exhibit "A" at pp. 17:7-18:8.[3]

If Congoleum and BIW successfully conclude this sham process, BIW, through transparent artifice, will effectively have bought a judgment insulating itself from DVL's nearly $20 million claim for the paltry purchase price of $1 million. DVL in turn will have been unconscionably stripped of its right to have the District Court and a jury decide the successorship issue, which is the only forum constitutionally permitted to adjudicate that issue. DVL will make its objections known to the bankruptcy court once Congoleum files its motion to approve settlement and a return date is set and, hopefully, the bankruptcy court will see this ploy for what it is. But until then, there is no reason why the stay of discovery against BIW in this case should not be lifted, so that DVL's action against BIW can proceed in the proper forum and this Court can resume active management over the matter.[4]

---

[2] The "settlement" terms were read into the record at a recent bankruptcy hearing, and are attached hereto as Exhibit "A."

[3] Apparently uncomfortable with what is occurring in the bankruptcy court, Gibbons, P.C. requested leave to withdraw as counsel for Congoleum in the pending adversary proceeding filed by BIW. Congoleum requested Gibbons' assistance in preparing the settlement motion, but as Gibbons noted in its withdrawal motion, "Gibbons' continued representation of [Congoleum] in the Adversary Proceeding in support of the proposed settlement would be materially limited under the applicable rules of professional conduct, and Gibbons is therefore compelled to withdraw as special environmental counsel to Debtor in the Adversary Proceeding." *See* Application for Withdrawal, attached hereto as Exhibit "B." The Bankruptcy Court approved Gibbons' Withdrawal. *See In re Congoleum Corporation*, 20-18488-MBK, Dkt. No. 396.

[4] Of note, regardless of how the contractual successor liability issue subject to the long fight between Congoleum and BIW is resolved, DVL has independent direct claims against BIW that will proceed forward. Under Section 107(e)(1) of CERCLA, 42 U.S.C. § 9607(e)(1), which incorporates federal common law, a liable party cannot divest itself of CERCLA liability by attempting to transfer that liability to another party. *See Occidental Chemical Corporation v. 21st Century Fox America, et al.*, Civil Action No. 18-11273 (D. N.J. September 11, 2020); *United States v. General Battery Corp.*, 423 F.3d 294, 297-98 (3d Cir. 2005). Undisputed corporate history indicates BIW is the successor by merger to the entity holding the historic environmental liabilities for the property in question. Therefore, even if BIW is right that Congoleum assumed those liabilities by contract, the fact remains that BIW is still fully liable to DVL (along with Congoleum) under Section 107(e)(1).

ONE COMMERCE SQUARE |2005 MARKET STREET |16TH FLOOR |PHILADELPHIA, PA 19103 | 215.569.2800 | FAX 215.569.1606 | WWW.ZARWIN.COM

NEW JERSEY OFFICES: JERSEY CITY |MT. LAUREL | DELAWARE OFFICE: WILMINGTON



ATTORNEYS AT LAW

      If the Court would like to conference this matter, we of course will make ourselves available at Your Honor's convenience.

                Respectfully,

                /s/ Eitan D. Blanc
                Eitan D. Blanc
                Anthony R. Twardowski

Cc: All counsel of record, via ECF.

ONE COMMERCE SQUARE | 2005 MARKET STREET | 16TH FLOOR | PHILADELPHIA, PA 19103 | 215.569.2800 | FAX 215.569.1606 | WWW.ZARWIN.COM

NEW JERSEY OFFICES: JERSEY CITY | MT. LAUREL | DELAWARE OFFICE: WILMINGTON

# EXHIBIT "A"

1          In addition, the Committee waives challenges to liens

2  and waives D&O claims.  And the noteholders have agreed to

3  waive any deficiency claims.

4          So that's the essential terms of the settlement, much

5  of which has been baked into the proposed sale order, and will

6  also be incorporated into a liquidating plan.

7          THE COURT:  All right.  Thank you, Mr. Prol.  Mr.

8  Usatine, do you wish to continue?

9          MR. USATINE:  Yes.  Yes, thank you, Your Honor.  So

10 as Your Honor noted on the record, we have received three

11 formal objections.  One of them is by Bath Iron Works, and I'm

12 pleased to report that one has been resolved consensually, with

13 Your Honor's assistance, which we thank you for.  The objection

14 of BIW, which is Docket Number 366, is being withdrawn as part

15 of a settlement construct that I will place on the record now

16 with the Court's permission.

17         THE COURT:  Okay.

18         MR. USATINE:  It's a ten-point term sheet that has

19 been agreed to, and I'm going to read it verbatim so there's no

20 confusion.

21         Number one, is BIW withdraws its sale objection.

22         Number two, the sale order will contain modified

23 language that BIW has accepted that preserves BIW's rights in

24 the Liberty policies.

25         Number three, Congoleum withdraws without prejudice

17

1   the motion to withdraw the reference in the adversary

2   proceeding.  Congoleum's pending motion to dismiss the

3   adversary is held in abeyance pending disposition of the

4   settlement motion described below.  Congoleum will not refile

5   the motion to withdraw the reference in the adversary

6   proceeding unless the Court denies the settlement motion.

7           Number four, Congoleum files a Rule 9019 settlement

8   motion in the bankruptcy case on notice pursuant to the Federal

9   Rules of Bankruptcy Procedure and by publication.

10          Congoleum agrees to support the settlement, although

11  in the motion Congoleum will state that it believes it would

12  prevail on the merits and its reasons therefore, but

13  acknowledges a risk that it might not prevail and that this

14  risk along with other settlement factors has caused it to agree

15  to the settlement.

16          Number five, the settlement agreement will provide

17  that BIW will submit proof of the findings it seeks at the

18  settlement hearing.

19          Number six, BIW proves up the declarations it seeks

20  in the adversary proceeding at the settlement hearing, and the

21  Court issues its ruling.  If the Court cannot make the

22  findings, the settlement agreement is null and void.  Assuming

23  the Court accepts BIW's prove up of the declarations, the order

24  approving the settlement, with findings, would expressly state

25  that the findings are entitled to res judicata and issue

1  preclusive effect.

2          Number seven, assuming the Court enters the

3  settlement order with findings, Congoleum would include these

4  findings in the proposed confirmation order.

5          Number eight, once the confirmation order is entered

6  with the findings and the plan is effective, BIW pays the

7  estate $1 million and withdraws its $14.8 million proof of

8  claim.

9          Number nine, Congoleum and BIW dismiss with prejudice

10  all claims against each other in any pending action, including

11  the DL and Occidental cases.  Congoleum agrees it will not

12  assert in any present or future litigation that BIW is a

13  successor to Congoleum's flooring business or responsible for

14  liabilities arising out of Congoleum's operations.

15          And, Number ten,, BIW and Congoleum exchange mutual

16  general releases upon approval of the settlement that cover all

17  affiliates, officers, directors, employees, equity owners,

18  agents, attorneys, and representatives.

19          I think I've stated that all correctly, but will

20  yield the floor to Mr. Stolz or Ms. Steege to the extent they

21  want to supplement or correct anything I said.

22          THE COURT:  All right, Ms. Steege?

23          MS. STEEGE:  Your Honor, this is Ms. Steege, and what

24  Mr. Usatine read was correct and that is our term sheet.

25          THE COURT:  Thank you very much.  Mr. Stolz, anything