

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201-489-3000   201-489-1536  fax

New York
—
Delaware
—
Maryland
—
Texas
—
Florida

Warren A. Usatine
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6233
Writer's Direct Fax: 201.678.6233
Writer's E-Mail: WUsatine@coleschotz.com

November 3, 2020

<u>**Via ECF**</u>

Hon. James B. Clark, U.S.M.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ  07101

> Re:   **DVL, Inc. and DVL Kearny Holdings, LLC v. Congoleum Corporation and Bath Iron Works Corporation; U.S. District Court, District of New Jersey, Civil Action No. 2:17-cv-04261**

Dear Judge Clark:

My firm represents Congoleum Corporation, a party in the above-referenced action and the debtor in a chapter 11 proceeding pending in the United States Bankruptcy Court for the District of New Jersey.  This letter responds to the letter of DVL's counsel dated November 3, 2020.

While DVL makes reference to "developing occurrences" in Congoleum's chapter 11 proceeding, it apparently has conveniently forgotten that the very chapter 11 proceeding to which DVL makes reference precludes the submission of its letter to Your Honor.  As the Court noted at the very outset of our client's chapter 11 proceeding, Congoleum's bankruptcy filing effected an automatic stay over the litigation pending before Your Honor.  The only activity that was permitted - an unsuccessful settlement conference – proceeded by the express authority granted by an order of the Bankruptcy Court allowing limited relief from the automatic stay for that purpose.

DVL also makes reference to the settlement reached between Congoleum and Bath Iron Works Corporation, calling it "unconscionabl[e]" and a "ploy."  Rest assured, DVL, like every other interested party in the Congoleum chapter 11 case, will be served with the motion seeking to approve that settlement and will have the right to be heard.  Indeed, DVL's letter expressly states its intention to object to the settlement in the Bankruptcy Court, which is the proper forum to hear those issues.

61003/0001-21602902v1

Cole Schotz P.C.

Hon. James B. Clark, U.S.M.J.
November 3, 2020
Page 2

Finally, the Court should be aware that DVL has moved in the Bankruptcy Court for relief from the automatic stay to allow the above-referenced action to proceed in its entirety, including with regard to DVL's alleged claims against Congoleum. That motion, however, is still pending and is hotly contested by Congoleum and other parties. If DVL's motion is granted by the Bankruptcy Court, I am certain DVL will so notify this Court immediately. Until that time, however, the action remains stayed and therefore Congoleum respectfully suggests that the conference DVL requests is not proper and should not take place.

Respectfully yours,

*/s/ Warren A. Usatine*

Warren A. Usatine

cc:     All counsel of record, via ECF

WAU:cdc

61003/0001-21602902v1