

Ralph J. Marra, Jr., Senior Counsel
862.208.1819   rmarra@ck-litigation.com

November 4, 2020

**VIA ECF**

Honorable James B. Clark, III
United States Magistrate Judge
King Fed. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   ***DVL, Inc., et al. v. Congoleum Corporation and Bath Iron Works Corporation,***
   ***Civil Action No. 2:17-cv-4261-KM-JBC***

Dear Magistrate Judge Clark:

This firm, along with Jenner & Block LLP, represents defendant Bath Iron Works Corporation ("BIW") in the above-referenced matter. We respectfully submit this letter in response to Plaintiffs DVL Inc. and DVL Kearny Holdings LLC (collectively "DVL") request that the Court lift the automatic stay ("DVL Letter," Dkt. No. 195). Prior to filing their letter, DVL did not meet and confer with BIW or Congoleum Corporation ("Congoleum").

BIW agrees with Congoleum's response, Dkt. No. 196, and writes to address several other mischaracterizations found in DVL's Letter. First, by its letter, DVL seeks to circumvent the Bankruptcy Code, which automatically stays all other proceedings that involve a debtor. This Court has already denied DVL's request to lift the stay and DVL has a separate motion to lift the stay pending in the bankruptcy court. There is no compelling reason to lift the stay prior to the bankruptcy court's determination.

Second, despite its assertion, the automatic stay is not applicable to only Congoleum. *See* 11 U.S.C. § 362. DVL cites this Court's Order, Dkt. No. 194, for that proposition, however, this Court never made this assertion and the Bankruptcy Code is clear: the district court proceeding is automatically stayed.

Third, DVL asserts that it needs the stay lifted – at least as to BIW – because of the pending settlement agreement reached between BIW and Congoleum in Congoleum's bankruptcy proceeding. DVL alleges that BIW "plans to purchase . . . a factual finding as to successor liability which it then hopes to utilize to impede or foreclose DVL's claims in this lawsuit." (DVL Letter at 1.) This is a flagrant mischaracterization of the settlement reached between BIW and Congoleum, as DVL knows. In any event, DVL does not explain why DVL needs to immediately proceed with expert discovery that has been dormant for months – there simply is no urgency to restart that expert discovery in the district court.

ck-litigation.com
862.397.1796
862.902.5458
One Newark Center
1085 Raymond Blvd., 14th Floor
Newark, NJ 07102
*Preferred Mailing Address*
85 Broad Street
Suite 17031
New York, NY 10004

  As background, on August 6, 2020, BIW filed a one-count adversary complaint against Congoleum seeking a declaration that the confirmation order entered in Congoleum's first chapter 11 case relieved BIW of all "responsibility for the liabilities of the Congoleum Flooring Business" including environmental liabilities. BIW sought this declaration because, despite the seemingly straightforward nature of that finding, since the finding was entered, Congoleum and others have argued that the finding did not apply to environmental liabilities. The interpretation of this prior order in Congoleum's previous bankruptcy case is something the bankruptcy court is very well equipped to do. Following the filing of the adversary proceeding, BIW and Congoleum resolved their dispute. Congoleum announced the proposed settlement at its October 13, 2020 hearing on its sale motion in the bankruptcy court, and read the terms of this agreement into the record. The parties expect to submit their finalized agreement to the bankruptcy court in the next few days, after which a hearing on the settlement will be held. DVL's rights are safeguarded by this process. It has the right and the ability to object at the settlement hearing if it so chooses. *See In re Infiltrator Sys., Inc.*, No. 3:98CV1534 RNC, 1998 WL 1574648, at *4-5 (D. Conn. Nov. 6, 1998).

  Finally, DVL claims that Congoleum and BIW's settlement agreement – in a wholly separate action seeking entirely different relief than this lawsuit – is a "sham" that strips DVL of its constitutional rights to be heard at trial. (DVL Letter at 2.) Leaving aside DVL's bombastic claims, a settlement agreement in no way infringes upon DVL's constitutional rights. As explained above, DVL has the right to object at the settlement hearing. Accordingly, BIW respectfully asks that the Court deny DVL's request to lift the stay prior to the bankruptcy court's determination.

  Thank you for Your Honor's attention to this submission.

Very truly yours,

*/s/ Ralph J. Marra, Jr.*

Ralph J. Marra Jr., Senior Counsel


cc: All Counsel of Record (via ECF)