UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JAMES B. CLARK, III
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
50 WALNUT STREET, ROOM 2060
NEWARK, NJ 07101
973-776-7700

May 18, 2021

## LETTER ORDER

Re:     DVL, Inc., et al. v. Congoleum Corporation
        Civil Action No. 17-4261 (KM)

Dear Counsel:

Presently pending before the Court is a joint letter from Defendant Bath Iron Works Corporation ("BIW") and Plaintiffs DVL Inc. and DVL Kearny Holdings LLC (collectively "DVL") regarding their Electronically Stored Information ("ESI") dispute [ECF No. 204]. For the reasons set forth below, BIW's request that DVL produce responsive documents from the two-word search hitting on 356 documents is **GRANTED**.

The Court writes primarily for the parties who are familiar with the factual and procedural history in this case. BIW requests that fact discovery in this matter be reopened for the limited purpose of DVL producing responsive documents from a two-word[1] search hitting on 356 documents within DVL's already collected ESI. ECF No. 204 at p. 1. BIW claims that this request is highly relevant to the issue of whether or not DVL had notice of Congoleum Corporation's ("Congoleum") first bankruptcy proceeding, which BIW argues DVL has now[2] made a critical issue. *Id.* at pp.1-2. BIW argues that this notice issue is important for establishing BIW's position that the Bankruptcy Court's

---

[1] The search terms are "Bankr*" and "chapter 11" for the years 2003-2010. ECF No. 204 at p. 2.
[2] BIW states that during Congoleum's second bankruptcy proceeding in December 2020, DVL's President, Alan Casnoff, asserted that DVL did not have knowledge of Congoleum's first bankruptcy proceeding. ECF No. 204 at p. 2.

1

2010 Confirmation Order is binding on DVL. *Id.* at p. 2. In opposition, DVL argues that any documents that might relate to the Congoleum bankruptcy would have been identified by earlier searches, so an additional search is unnecessary. *Id.* at pp. 3-4. Additionally, DVL argues that BIW's request is untimely and DVL would be burdened by having to incur additional costs. *Id.* at p. 4.

As BIW's discovery request is outside the deadlines set forth in the scheduling order, the Court considers: (1) the prejudice to the opposing party; (2) the ability of the opposing party to cure the prejudice; (3) the extent to which allowing the discovery would disrupt the order and efficiency of the proceedings; (4) bad faith or willfulness of the moving party in failing to comply with the Court's orders; and (5) the importance of the excluded evidence. *See ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012).

With respect to prejudice, the Court is not convinced that DVL will be prejudiced or unduly burdened by reviewing the 356 documents returned in the two-word search within DVL's already collected ESI. The Court also does not believe that the review process would disrupt the order and efficiency of these proceedings. The parties are still engaged in expert discovery and no parties have yet been given leave to file dispositive motions. While DVL claims that BIW's request is untimely, it has not asserted that BIW has engaged in bad faith or willfully failed to comply with this Court's orders.[3] Finally, in assessing the importance of the request, the Court finds that allowing the additional discovery is important for analyzing whether or not DVL had notice of Congoleum's first bankruptcy, which is key to resolving the issue of whether the Bankruptcy Court's 2010 Confirmation Order is binding on DVL.

---

[3] The Court also notes that BIW represents it did not learn of DVL's position with respect to notice of Congoleum's first bankruptcy until December 2020.

Accordingly, DVL shall review and produce responsive documents from the two-word search hitting on 356 documents within **fourteen (14) days** of this Order.

**IT IS SO ORDERED.**

   s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**
